ROB BONTA, State Bar No. 202668
Attorney General of California
ALICIA A. BOWER, State Bar No. 287799
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY, State Bar No. 322952
KORI V. SALAS, State Bar No. 281545
Deputy Attorneys General
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7321
Fax: (916) 324-5205
E-mail: Kori.Salas@doj.ca.gov
*Attorneys for Defendants State of California and California Department of Corrections and Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br>Plaintiff,<br>**v.**<br>**STATE OF CALIFORNIA, et al.,**<br>Defendants. | **Case No.: _________________________**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(a) AND 1331 (FEDERAL QUESTION); AND DEMAND FOR JURY TRIAL** |

**TO THE COURT CLERK AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, under 28 U.S.C. §§ 1446, 1441(a), and 1331, Defendants California Department of Corrections and Rehabilitation (CDCR) and State of California remove to this Court the civil action *Alcala v. State of California*, Case No. 25CV010069, proceeding in the Superior Court of the State of California, County of Sacramento. Removal is based on the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 on the grounds below.

/ / /

/ / /

/ / /

**PARTIES**

Plaintiff Eva Alcala is the mother of decedent Christopher Leong, who was incarcerated at California State Prison, Sacramento (CSP-SAC). (Ex. 37 (Pl.'s Compl.) ¶ 14.) Defendants are CDCR and the State of California. (*Id*. ¶¶ 16,17.) No other non-Doe defendants have been identified or served with the summons and complaint in this case.

**PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

Alcala filed her Complaint in this action in the Sacramento County Superior Court on March 5, 2026, in the matter *Alcala v. State of California, et al*., Case No. 25CV010069. (See Ex. 37.) Defendants CDCR and State of California were served with a copy of this complaint on March 13, 2026, and March 16, 2026, respectively. (*Id*. ¶¶ 29, 30.) Alcala's Complaint asserts: (1) battery against CDCR, the State, and Does 1-50; (2) negligence against CDCR, the State, and Does 1-50; (3) failure to summon medical care against CDCR, the State, and Does 1-50; (4) violation of the Bane Act against CDCR, the State, and Does 1-50; (5) Eighth Amendment excessive force under 42 U.S.C. § 1983 against Does 1-50; and (6) Eighth Amendment medical deliberate indifference under 42 U.S.C. § 1983 against Does 1-50. (*Id*. ¶¶ 47-110.) The Complaint also asserts and requests declaratory relief, wrongful death, and a survival action for CDCR, the State, and Does 1-50. (*Id.* ¶¶ 111-134.).

Alcala alleges in her complaint that she is the successor-in-interest to Christopher Leong, an incarcerated person who died while in custody at CSP-SAC on April 12, 2024. (*Id.* ¶ 1.) Alcala claims that Leong's death was caused by sudden cardiac arrest while restrained and that Leong's death was the result of Defendants' restraint techniques and failure to provide emergency care to Leong. (*Id*. ¶ 2-7.)

Prior to the filing of the complaint, this matter proceeded under California Government Code section 946.6 in state court under the same number (Case No. 25CV010069) as a petition for relief from the Government Claims Act. (Cal. Gov't Code § 900 et eq.)() On April 24, 2025, under California Government Code section 946.6, Alcala filed a Petition for an Order Relieving Plaintiff from the Government Claims Requirement. (Ex 1.) The petition attached a proposed complaint that Alcala stated she intended to file if the superior court granted the petition. (*Id* at p.

16.) The proposed complaint did not assert any federal claims. (*See id.*) On February 23, 2026, the Court issued a minute order granting Alcala's petition for relief. (Ex. 35.)

True and correct copies of all process, pleadings, and orders filed in Sacramento County Superior Court in *Alcala v. State of California*, Case No. 25CV010069, including the above-referenced pleadings and filings, are attached as Exhibits 1–41. *See* 28 U.S.C. § 1446(a).

## GROUNDS FOR REMOVAL

### I. JURISDICTION

This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This civil action asserts federal constitutional claims under 42 U.S.C. § 1983; therefore, this Court has original, federal-question jurisdiction. 28 U.S.C. § 1331. Specifically, Plaintiff Alcala asserts Eighth Amendment claims for excessive force and deliberate indifference to medical needs. (Ex. 37 ¶¶ 88-110.). The federal court has original jurisdiction over these federal claims. *See* 28 U.S.C. § 1331.

Additionally, this Court has supplemental jurisdiction over "all over claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Alcala's action also asserts California state law tort causes of action for battery, negligence, failure to summon medical care, violation of the Bane Act, and asserts and requests declaratory relief, wrongful death, and a survival action. (Ex. 37 ¶¶ 47-87, 111-134.). These state law claims arise out of the same controversy at issue in Alcala's federal claims—they both center on the death of Leong on April 12, 2024, and CDCR's handling of and response to the events that occurred during this incident; therefore, this Court has supplemental jurisdiction over such claims, to the extent such claims are cognizable. 28 U.S.C. § 1367(a).

### II. VENUE

Venue for this action is proper in the United States District Court for the Eastern District of California. Under 28 U.S.C. § 1391(b)(2), venue is proper where a substantial part of the events giving rise to the claim occurred in the Eastern District. *See* 28 U.S.C. §§ 1446(a), 84(b), 1391(b)(2). Here, Plaintiff Eva Alcala filed her Complaint in the Superior Court of California,

County of Sacramento, and alleged that the events giving rise to the complaint took place in Sacramento County. (Ex. 37 ¶ 13.) The Eastern District of California has jurisdiction over cases in Sacramento county, therefore the Eastern District of California is the proper venue. 28 U.S.C. § 84(b).

## III. TIMELINESS OF REMOVAL

The present Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after the defendant receives the initial pleading. Here, Defendants California Department of Corrections and Rehabilitation and State of California received the Complaint in this action via email on March 3, 2026, and removed on March 30, 2026, which is within the thirty-days allowed for removal, and therefore timely. *See* 28 U.S.C. § 1446(b).

## IV. CONSENT OF ALL PROPERLY SERVED DEFENDANTS

This action is removable based on original jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a). The only two Defendants that Alcala has properly served are the State of California and CDCR. (See Exs. 41,42.) The State of California and CDCR jointly file this notice of removal and consent to the removal of this case to federal court. *See* 28 U.S.C § 1446(b)(2)(A).

## NOTICE TO PLAINTIFF AND STATE COURT

In compliance with 28 U.S.C. § 1446(d), Defendants concurrently provide written notice of this removal to counsel for Plaintiff Alcala and provide a copy of this Notice of Removal with the clerk of the Sacramento County Superior Court.

/ / /

/ / /

/ / /

**REQUEST FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendants State of California and CDCR demand this action be tried by and before a jury.

Dated: March 30, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN GEORGELY
Deputy Attorney General

***/s/Kori V. Salas***
KORI V. SALAS
Deputy Attorney General
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

SA2025605490
39745981.docx

Table of Exhibits

Notice of Removal
*Alcala v. State of California et al.*,Case No. __________________ (E.D. Cal.)

| Exhibit Number | Description | Filing Date |
|---|---|---|
| 1 | Petition for Relief (Complaint attached as exhibit E) | 4/24/2025 |
| 2 | Proposed Order | 4/24/2025 |
| 3 | Civil Case Cover Sheet | 4/24/2025 |
| 4 | Notice of Hearing on Petition | 12/10/2025 |
| 5 | Ex Parte to Advance Hearing | 12/12/2025 |
| 6 | Declaration in Support of Ex Parte | 12/12/2025 |
| 7 | POS to OLA | 12/16/2025 |
| 8 | POS to State of California | 12/16/2025 |
| 9 | Supplemental Declaration | 12/19/2025 |
| 10 | Ex Parte Proposed Order to Advance | 12/26/2025 |
| 11 | Defendants Ex Parte to Continue Hearing | 2/13/2026 |
| 12 | Defendants Proposed Order | 2/13/2026 |
| 13 | Defendants Proposed Order Granting Ex Parte to Continue Hearing | 2/13/2026 |
| 14 | Defendants POS Ex Parte and Proposed Orders | 2/13/2026 |
| 15 | Notice of Remote Appearance | 2/13/2026 |
| 16 | POS Order Granting Advancement of Hearing | 2/13/2026 |
| 17 | Defendants Opposition to Petition | 2/13/2026 |
| 18 | Declaration of J. Chastain in Support | 2/13/2026 |
| 19 | POS Opposition and Declaration | 2/13/2026 |
| 20 | Opposition to Defendants Ex Parte | 2/13/2026 |
| 21 | Plaintiff's Reply in Support | 2/13/2026 |
| 22 | Defendants Revised Ex Parte to Continue | 2/17/2026 |
| 23 | Defendants POS | 2/17/2026 |
| 24 | Proposed Order to Continue Hearing | 2/17/2026 |
| 25 | Proposed Order to Extend Deadline | 2/17/2026 |
| 26 | Minute Order Ex Parte Proceedings | 2/18/2026 |
| 27 | Opposition to Defendants Ex Parte to Continue | 2/20/2026 |
| 28 | Defendants Ex Parte to Extend Nunc Pro Tunc | 2/20/2026 |
| 29 | Defendants Decl of Service Via Email and Mail | 2/20/2026 |
| 30 | Defendants Decl in Support of Ex Parte | 2/20/2026 |
| 31 | Proposed Order to Extend Nunc | 2/20/2026 |
| 32 | Defendants' Memo of P&A | 2/20/2026 |

Table of Exhibits

Notice of Removal
*Alcala v. State of California et al.*,Case No. ___________________ (E.D. Cal.)

| **Exhibit Number** | **Description** | **Filing Date** |
|---|---|---|
| 33 | Defendants Declaration of Notice | 2/20/2026 |
| 34 | Tentative Ruling | 2/20/2026 |
| 35 | Minute Order Ex Parte Proceedings | 2/23/2026 |
| 36 | Minute Order Petition | 2/23/2026 |
| 37 | Complaint | 3/5/2026 |
| 38 | Summons | 3/5/2026 |
| 39 | Notice of Case Assignment and CMC | 3/5/2026 |
| 40 | Clerk's Certificate of Mailing | 3/5/2026 |
| 41 | POS of Summons to State of California | 3/16/2026 |
| 42 | POS of Summons to CDCR | 3/16/2026 |

# EXHIBIT 1

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
04/24/2025
By: P. Vue Deputy

Christopher N. Movafagh Esq., (SBN: #303979)
Vincent E. Chiaverini Esq., (SBN: #349164)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased, Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1 through 50, inclusive,<br><br>Defendant(s). | **Case No.:** 25CV010069<br><br>**PETITION FOR ORDER RELIEVING PLAINTIFF FROM GOVERNMENT CLAIMS REQUIREMENT (GOVERNMENT CODE § 946.6)**<br><br>**[Filed concurrently with Complaint, Declaration of Eva Alcala, and Supporting Exhibits]** |

**TO THE HONORABLE COURT:**

Petitioner EVA ALCALA, by and through her attorneys of record, respectfully petitions this Court for an order relieving her from the claim presentation requirement of Government Code § 945.4, pursuant to Government Code § 946.6. In support of this Petition, Petitioner alleges as follows:

1. Petitioner is the natural mother and successor-in-interest to CHRISTOPHER LEONG, deceased. She seeks to bring a civil action for wrongful death and other statutory and tort claims against the STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CORRECTIONS AND

REHABILITATION (CDCR), and DOES 1 through 50, arising from the in-custody death of Mr. Leong on April 12, 2024.

2. On or about September 26, 2024, Petitioner, without legal counsel, submitted a handwritten Government Claim to the Government Claims Program, Office of Risk and Insurance Management, County of Sacramento. Although the claim expressed her intent to pursue redress, it was incomplete and did not satisfy the statutory requirements of Government Code §§ 910–913.

3. On or about February 12, 2025, after obtaining legal counsel, Petitioner submitted a formal Government Claim to the State of California through her attorneys at Mova Law Group, APLC, fully identifying the incident, legal theories, and requested damages.

4. The February 12, 2025 claim was submitted after the six-month statutory deadline, but within a reasonable time considering the totality of the circumstances.

5. Petitioner respectfully requests relief under Government Code § 946.6 on the following grounds: a. Petitioner acted in good faith and was unrepresented when she submitted her initial claim; b. The delay was the result of excusable neglect, and not willful or dilatory conduct; c. The public entity suffered no prejudice as a result of the delay; d. The formal claim was submitted within a reasonable time under the statute; e. Denial of this petition would result in substantial injustice to a grieving mother seeking answers and accountability.

6. This Petition is filed concurrently with the following documents:

   - The Proposed Complaint;
   - The Declaration of Eva Alcala (pursuant to Code of Civil Procedure § 377.32);
   - The Declaration of Counsel describing the timeline and basis for excusable neglect;
   - True and correct copies of both the September 26, 2024 and February 12, 2025 Government Claim forms.

**WHEREFORE, Petitioner respectfully requests that this Court:**

1. Grant this Petition pursuant to Government Code § 946.6;
2. Relieve Petitioner from the claim presentation requirement under Government Code § 945.4;
3. Deem the proposed Complaint, attached hereto as Exhibit E, as filed upon granting of this Petition; or in the alternative, permit Petitioner to file the Complaint promptly thereafter without further procedural objection;
4. Grant such other and further relief as the Court deems just and proper.

Dated: April 24, 2025

**Mova Law Group, APLC**

By: Christopher Movafagh
Christopher N. Movafagh, Esq.
Vincent E. Chiaverini, Esq.
Attorneys for Petitioner
EVA ALCALA

# EXHIBIT A

**MOVA LAW GROUP , APLC**

3262 Rosecrans Street
SAN DIEGO, CALIFORNIA 92110

TELEPHONE: (858) 333 -4999
FACSIMILE: (858) 333 - 4055

April 24, 2025

***Matter: EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased, Plaintiff, vs. STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1–50, inclusive***

***Exhibit A***

***Declaration of Eva Alcala Successor-in-Interest***

***(Code Civ. Proc. § 377.32)***

I, EVA ALCALA, declare as follows:

1. I am the natural mother of CHRISTOPHER LEONG, deceased, and am over the age of 18.
2. No proceeding is pending in California for the administration of the decedent's estate.
3. I am the successor-in-interest to the decedent, as defined in Code of Civil Procedure § 377.11, and succeed to the decedent's interest in this action or proceeding.
4. I am authorized to act on behalf of the decedent's estate.
5. There is no other person who has a superior right to commence this action or proceeding.
6. The facts stated in the complaint are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 24, 2025, at Sacramento, California.

/s/ Eva Alcala

EVA ALCALA
Declarant

# EXHIBIT B

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

**CLAIMANT INFORMATION**

| LAST NAME | FIRST NAME | | MIDDLE INITIAL |
|---|---|---|---|
| ALCALA | EVA & all successors in interest | | M |
| INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable): INMATE: CHRISTOPHER LEONG, deceased | BUSINESS NAME(if applicable) | | |
| TELEPHONE NUMBER: 858-333-4999 | EMAIL ADDRESS: c/o chris@movalegal.com & admin@movalegal.com | | |
| MAILING ADDRESS: c/o 3262 Rosecrans Street | CITY: San Diego | STATE: CA | ZIP: 92110 |
| IS THE CLAIMANT UNDER 18 YEARS OF AGE? ☐ Yes ☒ No | INSURED NAME(Insurance Company Subrogation) | | |
| IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM? ☐ Yes ☒ No | EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME(if applicable) | |

**ATTORNEY OR REPRESENTATIVE INFORMATION**

| LAST NAME | FIRST NAME | | MIDDLEINITIAL |
|---|---|---|---|
| MOVAFAGH | CHRISTOPHER | | N |
| TELEPHONE NUMBER: 858-333-4999 | EMAIL ADDRESS: admin@movalegal.com/chris@movalegal.com | | |
| MAILING ADDRESS: 3262 Rosecrans Street | CITY: San Diego | STATE: CA | ZIP: 92110 |

**CLAIM INFORMATION**

| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THECLAIM IS FILED | DATE OF INCIDENT |
|---|---|
| California Department of Corrections & Rehabilitation (CDCR) | 04/12/2024 |

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

Eva Alcala & the successors in interest believed that the claim form attached was sufficient.

| DOLLAR AMOUNT OF CLAIM | CIVIL CASE TYPE(Required, if amount is more than $10,000) |
|---|---|
| TBD | ☐ Limited ($25,000 or less) ☒ Non-Limited (over $25,000) |

DOLLAR AMOUNT EXPLANATION

CALLS FOR EXPERT CONCLUSION; THIS IS A WRONGFUL DEATH CASE

INCIDENT LOCATION

FOLSOM STATE PRISON

SPECIFIC DAMAGE OR INJURY DESCRIPTION

Wrongful death of Christopher Leong who died due to suffocation at the hands of prison personnel.
The damages include battery, negligence and survivor claims; violation of Bane Act Section 52.1.

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY

Suffocation & death of Christopher Leong due to actions taken by prison personnel.

Battery, negligence and survivor claims; violation of Bane Action Section 52.1.

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY

The prison personnel used excessive force in the incident that gives rise to the wrongful death of Christopher Leong.

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

## AUTOMOBILE CLAIM INFORMATION

| | | |
|---|---|---|
| DOES THE CLAIM INVOLVE A STATE VEHICLE?<br>☐ Yes ☒ No | VEHICLE LICENSE NUMBER(if known) | STATE DRIVER NAME (if known) |
| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER?<br>☐ Yes ☒ No | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
| HAVE YOU RECEIVEDAN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY?<br>☐ Yes ☒ No | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE(if any) |

## NOTICE AND SIGNATURE

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| Christopher Movafagh | Christopher Movafagh, Atty for Claimant | 02/10/2025 |

## INSTRUCTIONS

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O.Box 989052, MS414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

## Department of General Services Privacy Notice on Information Collection

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections1798.17&1798.24and the Federal Privacy Act (Public Law93-579).

The Department of General Services(DGS),Office of Risk and Insurance Management (ORIM),is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state The information provided will/may be disclosed to a person,or to another agency where the transfer is necessary for the transferee-agency to perform its constitutional or statutory duties,and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested toDGS,or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS Is subject to the limitations in the Information Practices Act of 1977and state policy (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the DGS PrivacyPolicy.

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access,contact:

**DGSORIM**
**Public Records Officer**
**707 3rd St., West Sacramento,CA 95605**
**(916) 376-5300**

Notice to the listed et al.

May file in person, or mail form to: Clerk, Board of Supervisors, 700 H Street, Rm. 2450, Sacramento, CA 95814
Please keep one (1) copy for your records - Print/Type Only

# CLAIM AGAINST THE COUNTY OF SACRAMENTO

CLAIM NUMBER (Dept. Use ONLY)

1. Claimant's Name: ALCALA (Last) EVA (First) M (M.I.) 2. Date of Birth: 6·26·70

3. Claimant's Address: 5005 H Parkway (Street (or P.O. Box)) Sacramento (City) Ca (State) 95823 (Zip Code)

4. Address Where Correspondence Should Be Sent (if different from above)

Name:

Street (or P.O. Box) City State Zip Code

5. Phone Number: 916-719 1214 (Home) Work Other

6. E-mail address

7. Amount of Claim $ unlimited Civil Tort: Wrongful Death; Govt Corruption etc. T.B.P. in 9th Ct East District.

Board of Supervisors Stamp

8. Itemized List of Claimed Expenses / Damages (should equal Line 7)

| ITEM | DOLLAR AMOUNT |
|---|---|
| Folsom St. Prison | $ |
| SAC Co. DA Office | $ |
| CA. D.O.C.R., Sac Sheriffs Dept. Sac Police dept. | $ |
| TOTAL CLAIM | $ et al... |

(Please attach any estimates* and/or receipts to your claim)
*1 estimate if repairs are less than $1,000
*2 estimates if repairs are more than $1,000

Do Not Write In This Space

9. Date of Accident / Incident / Loss: April 12, 2024

10. Location of Accident / Incident / Loss: Folsom State Prison 300 Prison Road

11. Provide your description of how the Accident / Incident / Loss Occurred: @ Folsom St Prison: Correctional Officers began videorecording a C.O. in cell of Christopher Jon Leong: for an unknown reason: he was told to leave his cell, was handcuffed as he sat on a chair, then slammed to floor, held by an ilegal hold suffocating him to death then beat by 10 C.O's.

12. Describe Damage / Injury / Losses being claimed (including prospective Damage / Injury / Losses to the extent it is known at the time of claim filing)
Death occurred of aforementioned victim Christopher Jon Leong. Murdered, using ilegal holds, then suffocated by being pinned to floor causing death by C.O. unprovoked while handcuffed.

13. Name(s) of Public Employee(s) Involved: T.B.A. later upon completion of all investigations.

14. Are you receiving Medicare, or will you be receiving Medicare in the next 3 years? ☐ YES or NO ☒

Section 72 of the Penal Code states: "Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in the state prison, or by a fine not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine."

15. Signature of Claimant/Representative: Eva Alcala et al. DATE Sept 26. 2024

Revised: 1/24

You must present your claim within the time prescribed by Govt. Code Section 911.2.

[redacted]

02/10/2025 MON 16:36 FAX 001/001

# EXHIBIT C

Notice to the listed et al.

May file in person, or mail form to: Clerk, Board of Supervisors, 700 H Street, Rm. 2450, Sacramento, CA 95814
Please keep one (1) copy for your records - Print/Type Only

CLAIM NUMBER (Dept. Use ONLY)

# CLAIM AGAINST THE COUNTY OF SACRAMENTO

1. Claimant's Name ALCALA (Last) EVA (First) M (M.I.) 2. Date of Birth 6·26·70

3. Claimant's Address
5005 H Parkway (Street (or P.O. Box)) Sacramento (City) Ca (State) 95823 (Zip Code)

4. Address Where Correspondence Should Be Sent (if different from above)
Name:

Street (or P.O. Box) City State Zip Code

5. Phone Number 916-719 1214 (Home) Work Other

6. E-mail address

7. Amount of Claim $ unlimited Civil Tort: Wrongful Death; Govt Corruption etc. T.B.P in 9th Ct East District.

Board of Supervisors Stamp

8. Itemized List of Claimed Expenses / Damages (should equal Line 7)

| ITEM | DOLLAR AMOUNT |
|---|---|
| Folsom St. Prison | $ |
| SAC Co. DA Office | $ |
| CA. B.O.P., Sac Sheriffs Dept, Sac Police dep't, | $ |
| (Please attach any estimates* and/or receipts to your claim) TOTAL CLAIM | $ et al... |

*1 estimate if repairs are less than $1,000
*2 estimates if repairs are more than $1,000

Do Not Write In This Space

9. Date of Accident / Incident / Loss: April 12, 2024

10. Location of Accident / Incident / Loss: Folsom State Prison 300 Prison Road

11. Provide your description of how the Accident / Incident / Loss Occurred: @ Folsom St Prison: Correctional Officers began videorecording a C.O. in cell of Christopher Jon Leong: for an unknown reason: he was told to leave his cell, was handcuffed as he sat on a chair, then slammed to floor, held by an ilegal hold suffocating him to death then beat by 10 C.O's.

12. Describe Damage / Injury / Losses being claimed (including prospective Damage / Injury / Losses to the extent it is known at the time of claim filing)
Death occurred of aforementioned victim Christopher Jon Leong. Murdered, using ilegal holds, then suffocated by Being pinned to floor causing death by C.O. unprovoked while handcuffed.

13. Name(s) of Public Employee(s) Involved: T.B.A. later upon completion of all investigations.

14. Are you receiving Medicare, or will you be receiving Medicare in the next 3 years? ☐ YES or NO ☒

Section 72 of the Penal Code states: "Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in the state prison, or by a fine not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine."

15. Signature of Claimant/Representative: Eva Alcala et al. DATE Sept 26. 2024

Revised: 1/24

You must present your claim within the time prescribed by Govt. Code Section 911.2.

[redacted]

02/10/2025 MON 16:36 FAX

# EXHIBIT D

Christopher N. Movafagh Esq., (SBN: #303979)
Vincent E. Chiaverini Esq., (SBN: #349164)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased, Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1–50, inclusive,<br><br>Defendant(s). | **Case No.:**<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF PETITION FOR RELIEF (Government Code § 946.6)** |

**I, CHRISTOPHER N. MOVAFAGH, declare:**

1. I am an attorney licensed to practice law in the State of California and am counsel of record for Petitioner EVA ALCALA in connection with the proposed complaint arising from the in-custody death of her son, CHRISTOPHER LEONG.
2. On or about January 19, 2025, Ms. Alcala contacted our office regarding her son's death, which occurred on April 12, 2024, while he was in the custody of the California Department of Corrections and Rehabilitation (CDCR).
3. Upon reviewing the case, I learned that Ms. Alcala had submitted the government claim. I requested that she provide my office with a copy of the same, which revealed that the claim to

the County of Sacramento was submitted on or about September 26, 2024.. The copy of the claim form was provided to our office on February 10, 2025. That claim was submitted in good faith but did not satisfy the formal legal requirements of Government Code §§ 910 et seq.

4. Our office prepared and submitted a formal Government Claim to the State of California on her behalf on February 12, 2025, which detailed the factual basis and legal theories of her claims, including allegations of excessive force, medical neglect, and wrongful death.

5. This formal claim was submitted after the statutory six-month deadline due to Ms. Alcala's unrepresented status, emotional distress, and delay in locating legal representation.

6. After retaining our firm, Ms. Alcala acted diligently. We worked swiftly to prepare her claim, and we are now seeking leave of court to file the proposed complaint to preserve her right to redress.

7. No prejudice has been shown or is likely to arise from the short delay in formal submission. The County Claim clearly listed to the State and CDCR and thus they were placed on notice by her September 2024 filing and were fully informed by the detailed February 2025 submission.

8. Based on my review and professional judgment, the delay in compliance was the result of excusable neglect, and Plaintiff has at all times acted in good faith. Relief under Government Code § 946.6 is warranted to avoid substantial injustice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of April, 2025, at San Diego, California.

Dated: April 24, 2025

**Mova Law Group, APLC**

By: Christopher Movafagh

Christopher N. Movafagh, Esq.
Vincent E. Chiaverini, Esq.
Attorneys for Petitioner
EVA ALCALA

# EXHIBIT E

Christopher N. Movafagh Esq., (SBN: #303979)
Vincent E. Chiaverini Esq., (SBN: #349164)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased, Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1 through50, inclusive,<br><br>Defendant(s). | **Case No.:**<br><br>**COMPLAINT:**<br>**1. Battery (Wrongful Death and Survival)**<br>**2. Negligence (Wrongful Death and Survival)**<br>**3. Failure to Summon Medical Care (Gov. Code § 845.6)**<br>**4. Violation of Cal. Civil Code § 52.1 (Bane Act)**<br>**5. Declaratory Relief (CCP § 1060)**<br>**6. Wrongful Death (CCP § 377.60)**<br>**7. Survival Action (CCP § 377.30)**<br><br>**[DAMAGES SOUGHT EXCEED $35,000]**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased, Plaintiff by and through her attorney of record complains and alleges as follows:

## I. INTRODUCTION

1. This is a civil rights and state tort action arising from the in-custody death of CHRISTOPHER LEONG, a 5'5" unarmed man who died on April 12, 2024, while in the custody of the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION at California State Prison, Sacramento.

2. Plaintiff is informed and believes, and on that basis alleges, that Mr. Leong exhibited visible signs of medical distress prior to his death. These signs were known or should have been known to Defendants, who failed to take reasonable steps to provide emergency care or protect his safety.

3. According to CDCR's own public statement, Mr. Leong was involved in a use-of-force incident during which he was pinned to the ground and became unresponsive.

4. Ten officers allegedly suffered only "minor injuries," yet Mr. Leong died on scene shortly after being restrained.

5. Mr. Leong's death was preventable. The force used was excessive and disproportionate. The failure to promptly summon medical attention violated clearly established duties owed to those in custody.

6. Despite requests from Plaintiff and her attorneys, Defendants have refused to release the autopsy report or disclose basic facts regarding Mr. Leong's final moments. This refusal obstructs justice and deprives Plaintiff of the opportunity to fully investigate and redress her son's death.

7. Through this action, Plaintiff seeks to vindicate her son's constitutional and statutory rights, to obtain declaratory relief compelling the release of the autopsy report, and to hold accountable those responsible for Christopher Leong's death.

## II. JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to Article VI, Section 10 of the California Constitution.

9. The amount in controversy exceeds the jurisdictional minimum of this Court.

10. Venue is proper in the County of Sacramento under Code of Civil Procedure § 395(a) because all acts, omissions, injuries, and damages giving rise to this Complaint occurred within Sacramento County.

## III. PARTIES

11. Plaintiff EVA ALCALA is, and at all relevant times was, an individual residing in the State of California. She is the natural mother of decedent CHRISTOPHER LEONG, and brings this action individually and as successor-in-interest pursuant to California Code of Civil Procedure §§ 377.30 and 377.60.

12. Decedent CHRISTOPHER LEONG was, at all relevant times, an individual incarcerated in the custody of the California Department of Corrections and Rehabilitation at California State Prison, Sacramento (CSP-SAC).

13. Defendant STATE OF CALIFORNIA is a public entity existing under the laws of the State of California, and is legally responsible for the policies, practices, supervision, training, acts, omissions, and liabilities of its employees, including those employed by CDCR.

14. Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR) is a department of the State of California, responsible for the custody and care of incarcerated individuals, including decedent Christopher Leong, and for supervising, training, and disciplining correctional officers and staff.

15. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the DOE Defendants was an employee, agent, representative, or contractor of CDCR and the State of California, and at all relevant times was acting within the course and scope of such agency or employment.

## IV. GOVERNMENT CLAIM COMPLIANCE

16. On or about September 26, 2024, Plaintiff EVA ALCALA, acting in good faith and without legal assistance, submitted a handwritten government claim form to the County of Sacramento Government Claims Program, Office of Risk and Insurance Management, regarding the in-custody death of her son, CHRISTOPHER LEONG. Although the submission was informal and substantively incomplete, it described the death and expressed Plaintiff's intent to pursue justice.

17. On or about February 12, 2025, Plaintiff, through her attorneys at Mova Law Group, APLC, submitted a formal Government Claim to the State of California, after receiving a copy of the claim form submitted by Plaintiff on February 10, 2025, properly identifying the incident date, location, legal claims, and potential damages. The formal claim alleged excessive force, failure to summon medical care, battery, negligence, survival damages, and violations of the Bane Act pursuant to California Civil Code § 52.1.

18. The claim submitted by Plaintiff's counsel on February 12, 2025, was submitted within two days of Plaintiff presenting the previously submitted claim to our office, and substantially complied with the requirements of Government Code §§ 910 et seq.

19. To the extent any issue is raised regarding Plaintiff's initial filing or timing, Plaintiff alleges substantial compliance, and in the alternative, reserves the right to seek relief under Government Code § 946.6.

## V. <u>FACTUAL ALLEGATIONS</u>

20. On or about April 12, 2024, CHRISTOPHER LEONG was an incarcerated individual at California State Prison, Sacramento (CSP-SAC), in the custody of the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR). He had been serving a sentence of life with the possibility of parole.

21. At all relevant times, Mr. Leong was unarmed, stood approximately 5'5" tall, and weighed approximately 140 pounds. He was classified as a general population inmate and was not under a mental health crisis watch or heightened security protocol at the time of the incident.

22. Plaintiff is informed and believes, and on that basis alleges, that prior to the use-of-force incident, Mr. Leong exhibited visible signs of medical and/or psychological distress.

23. These signs were witnessed by other incarcerated individuals and likely known to correctional staff.

24. The failure to assess or respond to his condition reflects a breach of CDCR's statutory and constitutional obligations to provide reasonable medical care to individuals in its custody.

25. At or around 6:55 p.m., correctional staff engaged with Mr. Leong in response to what CDCR described as a disturbance. CDCR claims Mr. Leong "charged at and struck" staff members.

26. However, Plaintiff is informed and believes, and on that basis alleges, that Mr. Leong posed no immediate threat of serious bodily injury or death to any staff member at the time the use of force was initiated.

27. Correctional staff proceeded to forcibly restrain Mr. Leong by pinning him to the ground. Plaintiff is informed and believes this involved placing Mr. Leong in a prone (face-down) position, using body weight pressure, physical compression, and mechanical restraints. These restraint tactics are

known within law enforcement and corrections as carrying a substantial risk of positional asphyxia, especially when applied to individuals in a state of medical distress.

28. Mr. Leong became unresponsive while restrained. Plaintiff is informed and believes that correctional staff failed to check his breathing or pulse for several minutes and delayed initiating medical aid. He was later pronounced dead at approximately 7:50 p.m. by Folsom Fire Department paramedics, roughly one hour after the incident began.

29. CDCR publicly reported that ten officers sustained only “minor injuries” during the incident. Plaintiff alleges that this significant mismatch between the officers’ injuries and Mr. Leong’s death demonstrates that the force applied was excessive, unnecessary, and not proportional to any actual threat.

30. Plaintiff is informed and believes that had appropriate restraint techniques been used and medical care timely summoned, Mr. Leong would not have died.

31. Mr. Leong’s death occurred while in CDCR’s exclusive custody and control, during a use-of-force incident initiated and executed by its officers.

32. The method and manner of force, as well as the failure to summon emergency medical care, directly and foreseeably caused Mr. Leong’s death.

33. These acts and omissions were done under color of law, in the course and scope of employment, and in violation of clearly established duties owed under the Eighth and Fourteenth Amendments, as well as California state law.

34. Since the incident, Defendants have refused to release the full autopsy report, investigative findings, or body-worn camera footage (if any exists), despite formal requests.

35. This withholding prevents Plaintiff from confirming the precise medical cause of death, assessing liability, and fully asserting her legal claims.

## VI. <u>FIRST CAUSE OF ACTION</u>

**Battery (Wrongful Death and Survival)**

**(Against ALL DEFENDANTS and DOES 1 through 50)**

36. Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

37. At all relevant times, Defendants owed a duty to refrain from using unreasonable, unnecessary, and excessive force upon individuals in their custody and control, including decedent CHRISTOPHER LEONG.

38. On or about April 12, 2024, correctional officers employed by CDCR, including but not limited to DOES 1 through50, used unreasonable and excessive force against Mr. Leong, including but not limited to pinning him in a prone position, applying body weight, and failing to de-escalate or adjust their actions despite his unresponsiveness and visible medical distress.

39. Plaintiff is informed and believes, and thereon alleges, that Mr. Leong posed no immediate threat of death or great bodily injury to anyone at the time of the use of force and was unarmed and restrained during the incident.

40. Defendants' actions constituted an offensive and harmful touching of Mr. Leong, without lawful justification or necessity. The force used was not privileged, was unreasonable under the circumstances, and was applied with conscious disregard for Mr. Leong's safety, health, and well-being.

41. As a direct and proximate result of the force used by Defendants, Mr. Leong sustained serious bodily harm, suffered pain and emotional distress, and ultimately died as a result of his injuries. Plaintiff, as successor-in-interest, seeks damages on his behalf pursuant to California Code of Civil Procedure § 377.30.

42. Additionally, Plaintiff EVA ALCALA, as Mr. Leong's mother and lawful heir, has suffered damages including loss of the love, companionship, support, and comfort of her son, and seeks recovery under California Code of Civil Procedure § 377.60.

43. The conduct of DOES 1though 50 was undertaken with reckless disregard for Mr. Leong's rights and safety and constitutes oppression, fraud, or malice under Civil Code § 3294, entitling Plaintiff to an award of punitive damages against those individual Defendants, subject to proof at trial.

44. Defendants STATE OF CALIFORNIA and CDCR are liable for the acts of their employees pursuant to Government Code § 815.2, as the actions of DOES 1 through 50 were undertaken within the course and scope of their employment

45. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## VII. SECOND CAUSE OF ACTION

**Negligence (Wrongful Death and Survival)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

46. Plaintiff realleges and incorporates by reference every allegation contained in this Complaint as though set forth herein in full.

47. At all relevant times, Defendants, and each of them, including DOES 1though 50, owed a duty of reasonable care to CHRISTOPHER LEONG, an individual in their custody, to ensure his safety, avoid the use of excessive or unreasonable force, provide adequate medical attention, and act in a manner that would not endanger his life or health.

48. Defendants breached this duty in numerous respects, including but not limited to: a. Failing to timely evaluate and respond to Mr. Leong's observable signs of medical or psychological distress prior to the incident; b. Employing restraint techniques known to pose a substantial risk of serious injury or death, including prone positioning and compressive force; c. Applying physical force disproportionate to any legitimate threat posed by Mr. Leong, who was unarmed and significantly smaller than the officers involved; d. Failing to monitor Mr. Leong's condition during and after restraint, despite observable signs of medical emergency; e. Delaying or failing to summon appropriate emergency medical care once Mr. Leong became unresponsive; f. Negligent hiring, training, supervision, and retention of personnel by CDCR and the State of California, which allowed these actions to occur.

49. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants acted with reckless disregard for Mr. Leong's safety and violated well-established correctional and medical standards for responding to medical crises and using restraint.

50. As a direct and proximate result of the aforementioned acts, omissions, and breaches of duty, Mr. Leong suffered physical injuries, emotional pain, and ultimately died. Plaintiff, as successor-in-interest under Code of Civil Procedure § 377.30, seeks survival damages for Mr. Leong's pre-death pain and suffering.

51. Additionally, Plaintiff EVA ALCALA, as the legal heir and mother of Mr. Leong, has suffered the wrongful death of her son, resulting in damages for the loss of his companionship, support, and affection, recoverable under Code of Civil Procedure § 377.60.

52. Defendants STATE OF CALIFORNIA and CDCR are vicariously liable under Government Code § 815.2 for the negligent acts and omissions of their employees, including DOES 1through 50, who were acting within the course and scope of their employment at all relevant times.

53. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## VIII. THIRD CAUSE OF ACTION

**Failure to Summon Medical Care (Gov. Code § 845.6)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

54. Plaintiff realleges and incorporates by reference every allegation contained in this Complaint as though set forth herein in full.

55. Pursuant to California Government Code § 845.6, public employees, including correctional officers, have a mandatory duty to summon medical care when they know or have reason to know that an individual in their custody is in need of immediate medical attention.

56. At all relevant times, Defendants, and each of them, including DOES 1through 50, were employees and agents of the STATE OF CALIFORNIA and CDCR, and were acting within the course and scope of their duties at California State Prison, Sacramento.

57. On or about April 12, 2024, CHRISTOPHER LEONG was in the custody and care of Defendants when he exhibited visible signs of medical and/or psychological distress, which were known or reasonably should have been known to Defendants prior to and during the incident in question.

58. Plaintiff is informed and believes, and thereon alleges, that during and after the use-of-force incident involving multiple officers, Mr. Leong became unresponsive and showed obvious signs of medical emergency, including loss of consciousness and cessation of breathing.

59. Despite these clear symptoms, Defendants failed to summon, provide, or permit timely emergency medical care for Mr. Leong.

60. Correctional personnel delayed activating a medical response or taking life-saving action until it was too late, and Mr. Leong was pronounced dead at the scene by paramedics.

61. The failure to timely summon medical attention constituted a breach of the statutory duty imposed by Government Code § 845.6. This failure was not a discretionary act, and no immunity applies.

62. As a direct and proximate result of Defendants' violation of their statutory duty, Mr. Leong suffered severe physical harm, loss of consciousness, pain, and ultimately death, entitling Plaintiff to survival damages pursuant to Code of Civil Procedure § 377.30.

63. In addition, Plaintiff EVA ALCALA, as Mr. Leong's mother and lawful heir, has suffered the wrongful death of her son, and seeks damages under Code of Civil Procedure § 377.60.

64. Defendant STATE OF CALIFORNIA is liable for the acts and omissions of its employees under Government Code § 815.2.

65. No statutory immunity shields the State or its agents from liability under Government Code § 845.6.

66. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## IX. <u>FOURTH CAUSE OF ACTION</u>

**Violation of the Bane Act (Cal. Civ. Code § 52.1)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

67. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

68. California Civil Code § 52.1 (the "Bane Act") prohibits any person, whether or not acting under color of law, from interfering by threats, intimidation, or coercion, or attempting to interfere by such means, with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States or the State of California.

69. At all relevant times, CHRISTOPHER LEONG had a clearly established right to be free from the use of excessive force and to receive necessary medical care while in custody under both the Eighth and Fourteenth Amendments to the United States Constitution and Article I of the California Constitution.

70. Plaintiff is informed and believes, and thereon alleges, that on or about April 12, 2024, Defendants, and each of them, intentionally and violently interfered with Mr. Leong's civil rights by: a. Applying excessive and unreasonable force, including prone restraint and body weight compression; b. Failing to summon or permit access to medical care when Mr. Leong was visibly in distress and became unresponsive; c. Continuing to restrain Mr. Leong despite obvious signs of medical crisis, resulting in his death.

71. Defendants' actions described above were coercive in nature and carried out with the specific intent to deprive Mr. Leong of his civil and constitutional rights, or with reckless disregard for those rights.

72. As a direct and proximate result of Defendants' conduct, Mr. Leong suffered unjustified pain, suffering, and death, and Plaintiff, as successor-in-interest, seeks survival damages pursuant to Code of Civil Procedure § 377.30.

73. Plaintiff EVA ALCALA has also suffered emotional and familial losses due to the wrongful death of her son and seeks damages pursuant to Code of Civil Procedure § 377.60.

74. Defendants continued applying force and failed to intervene or render aid despite clear signs of medical crisis, evincing a conscious disregard for human life. Their conduct went beyond mere negligence and rose to the level of oppression, malice, or recklessness within the meaning of Civil Code § 3294.

75. Defendants' conduct was malicious, oppressive, and carried out with conscious disregard for the rights and safety of Mr. Leong, justifying an award of punitive damages against individual Defendants pursuant to Civil Code § 3294.

76. Pursuant to Civil Code § 52.1(b) and § 52(a), Plaintiff is entitled to recover compensatory damages, punitive damages, and attorneys' fees and costs, including under Code of Civil Procedure § 1021.5.

77. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## X. FIFTH CAUSE OF ACTION

**Declaratory Relief (Code of Civ. Pro. § 1060)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

78. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

79. A real and immediate justiciable controversy exists between Plaintiff and Defendants concerning Plaintiff's right to obtain the autopsy report, investigative records, and related documents regarding the death of CHRISTOPHER LEONG while in the custody of the California Department of Corrections and Rehabilitation.

80. Plaintiff, through counsel, made written requests for the autopsy report to CDCR and the Sacramento County Coroner but received no response.

81. Plaintiff, as the natural mother and successor-in-interest to the decedent, has made multiple requests for the autopsy report and all official documents related to the cause and manner of her son's death. Despite these requests, Defendants have refused to release the autopsy and related findings.

82. Plaintiff is informed and believes, and on that basis alleges, that the State of California, CDCR, or the Sacramento County Coroner's Office continues to withhold these records without adequate justification and in violation of Plaintiff's rights under California law, due process principles, and open government standards.

83. Plaintiff requires access to the autopsy report and associated materials to: a. Determine the precise cause and manner of death; b. Fully evaluate the basis for Plaintiff's legal claims; c. Prepare this action with factual clarity and fairness; d. Hold accountable those who may have caused or contributed to Mr. Leong's death.

84. Plaintiff is entitled to a judicial declaration pursuant to Code of Civil Procedure § 1060 that: a. Plaintiff has a legal right to obtain the autopsy report and investigative findings concerning Mr. Leong's death; b. Defendants must promptly produce those records; and c. Defendants are not entitled to withhold such documents based on any valid privilege or exemption at this stage of proceedings.

85. A declaration of rights is necessary at this time to avoid further delay, prejudice, and injustice, and to resolve the controversy between the parties.

86. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## XI. SIXTH CAUSE OF ACTION

**Wrongful Death (Code of Civ. Pro. § 377.60)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

87. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

88. Pursuant to California Code of Civil Procedure § 377.60, Plaintiff EVA ALCALA, as the natural mother and legal heir of decedent CHRISTOPHER LEONG, brings this action for the wrongful death of her son caused by the negligent and wrongful acts and omissions of Defendants.

89. Plaintiff is informed and believes, and on that basis alleges, that on or about April 12, 2024, Defendants, and each of them, breached their duties of care to Mr. Leong by: a. Using excessive and dangerous physical force against him; b. Failing to summon emergency medical assistance in a timely manner despite obvious medical distress; c. Employing restraint methods known to carry a substantial risk of asphyxiation and death; and d. Failing to take reasonable steps to preserve his life while he was in their custody and control.

90. As a direct and proximate result of the acts and omissions of Defendants, Mr. Leong suffered injuries resulting in his death.

91. Plaintiff EVA ALCALA has suffered, and continues to suffer, loss of her son's love, companionship, comfort, society, support, and affection, and is entitled to damages for the wrongful death of her son pursuant to Code of Civil Procedure § 377.60.

92. Plaintiff also seeks recovery for funeral and burial expenses incurred as a result of Mr. Leong's death.

93. Defendants STATE OF CALIFORNIA and CDCR are vicariously liable for the actions of DOES 1 through 50 under Government Code § 815.2, as the wrongful acts were committed within the course and scope of employment.

94. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## XII. SEVENTH CAUSE OF ACTION

**Survival Action (Code of Civ. Pro. § 377.30)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

95. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

96. Pursuant to California Code of Civil Procedure § 377.30, Plaintiff EVA ALCALA brings this action as successor-in-interest to decedent CHRISTOPHER LEONG, seeking to recover the damages that Mr. Leong himself could have recovered had he survived the incident.

97. Plaintiff is informed and believes, and on that basis alleges, that before his death, Mr. Leong endured significant conscious pain, fear, suffering, emotional distress, and physical trauma as a result of the excessive force used by Defendants and their failure to timely summon or render medical aid.

98. The injuries suffered by Mr. Leong were caused directly and proximately by the negligent, reckless, and unlawful acts and omissions of Defendants, including but not limited to: a. Use of excessive, coercive, and unconstitutional force; b. Prone restraint with body weight despite visible distress; c. Delay or failure to summon immediate medical aid; d. Disregard for Mr. Leong's known and observable medical condition.

99. As a direct result of these acts and omissions, Mr. Leong experienced suffering and eventual death. Plaintiff, as his successor-in-interest, is entitled to survival damages, including:

100. Compensation for pre-death pain and suffering (pursuant to Code of Civil Procedure § 377.34, as amended by SB 447),

101. Economic damages suffered prior to death,

102. Punitive damages against individual Defendants whose conduct was malicious, oppressive, or in conscious disregard of decedent's rights.

103. Plaintiff EVA ALCALA has executed and filed the necessary declaration establishing her standing as Mr. Leong's successor-in-interest as required by Code of Civil Procedure § 377.32.

104. Defendants STATE OF CALIFORNIA and CDCR are vicariously liable for the acts and omissions of DOES 1–50 under Government Code § 815.2

105. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## XIII. DEMAND FOR JURY TRIAL

106. Pursuant to California Code of Civil Procedure § 631, Plaintiff hereby demands a trial by jury on all issues so triable.

## XIV. PRAYER FOR RELIEF

107. WHEREFORE, Plaintiff EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, respectfully prays for judgment against all Defendants, and each of them, as follows:

108. For general and special damages according to proof at trial, including:

109. Survival damages under CCP § 377.30;

110. Wrongful death damages under CCP § 377.60;

111. Funeral and burial expenses;

112. For punitive and exemplary damages against individual Defendants whose conduct was malicious, oppressive, or in reckless disregard for the rights and safety of the decedent, pursuant to Civil Code § 3294[1];

113. For declaratory relief declaring that Plaintiff has a right to the autopsy report and investigative materials related to Mr. Leong's death;

114. For attorneys' fees and costs of suit where authorized by law, including under Civil Code §§ 52, 52.1, and Code of Civil Procedure § 1021.5;

115. For such other and further relief as the Court deems just and proper.

Dated: April 24, 2025

**Mova Law Group, APLC**

By: *Christopher Movafagh*
Christopher N. Movafagh, Esq.
Vincent E. Chiaverini, Esq.
Attorneys for Plaintiff

[1] For punitive and exemplary damages against individual Defendants only, pursuant to Civil Code § 3294 and subject to Government Code § 818.

# EXHIBIT 2

Electronically Received 04/24/2025 03:47 PM

Christopher N. Movafagh Esq., (SBN: #303979)
Vincent E. Chiaverini Esq., (SBN: #349164)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased, Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED,

Plaintiff,

vs.

STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1 through 50, inclusive,

Defendant(s).

**Case No.:**

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED:

1. Petitioner's Petition for Relief under Government Code § 946.6 is GRANTED.
2. Petitioner is hereby relieved from the claim presentation requirement of Government Code § 945.4.
3. The Court further orders that the proposed Complaint, attached to the Petition as Exhibit E, shall be deemed filed as of the date this Order is signed. In the alternative, Petitioner may file the Complaint within ten (10) days of entry of this Order without further leave of court.
4. The Clerk is directed to assign a civil case number to this matter, if not already assigned, and ensure the Complaint is entered into the court's docket consistent with this Order.

IT IS SO ORDERED.

Dated: ____________________ ______________________________

JUDGE OF THE SUPERIOR COURT

# EXHIBIT 3

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Christopher Movafagh, Esq. (SBN: 303979)
Mova Law Group, APLC, 3262 Rosecrans Street, San Diego, CA 92110
TELEPHONE NO.: 858-333-4999 FAX NO.: 858-333-4055
EMAIL ADDRESS: chris@movalegal.com
ATTORNEY FOR *(Name):* Eva Alcala, Individually and as Successor-in-Interest to Christopher

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
04/24/2025
By: P. Vue Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9TH STREET, ROOM 102
MAILING ADDRESS:
CITY AND ZIP CODE: SACRAMENTO, CA 95814
BRANCH NAME: GORDER D. SCHABER COUNTY COURTHOUSE

CASE NAME:
Eva Alcalam et al. v. State of California, et al.

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV010069
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[x] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 24, 2025
Christopher N. Movafagh, Esq.
(TYPE OR PRINT NAME)

Christopher Movafagh
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET



**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# EXHIBIT 4

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
12/10/2025
By: P. Vue Deputy

Christopher N. Movafagh Esq., (SBN: #303979)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased, Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1 through 50, inclusive,<br><br>Defendant(s). | **Case No.: 25CV010069**<br><br>**NOTICE OF HEARING ON PETITION FOR ORDER RELIEVING PLAINTIFF FROM GOVERNMENT CLAIMS REQUIREMENT (GOVERNMENT CODE § 946.6)**<br><br>**Date: May 6. 2026**<br>**Time: 1:30 p.m.**<br>**Department: 25**<br>**Judge: Hon. Julie G. Yap**<br><br>**Date Filed: April 24, 2025**<br>**Trial Date: Not Yet Set**<br><br>**Res ID: 176253404162** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 6, 2026, at 1:30 p.m.., or as soon thereafter as the matter may be heard in Department S25 of the Sacramento County Superior Court, located at 720 9th Street, Sacramento, CA 95814, Plaintiff EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED will and hereby does move this Court for an order Relieving Plaintiff From Government Claims Requirement (Government Code section 946.6).

This motion is based on this Notice, and the previous file Petition for Order Plaintiff From Government Claims Requirement (Government Code section 946.6) the accompanying Memorandum

of Points and Authorities, the supporting Declaration, and the exhibits attached hereto, along with any oral argument presented at the hearing

Dated: December 10, 2025

**Mova Law Group, APLC**

By: *Christopher N. Movafagh*

Christopher N. Movafagh, Esq.
Amanda M. Jaeger, Esq.
Attorneys for Plaintiff

# EXHIBIT 5

Christopher N. Movafagh, Esq., (SBN: #303979)
Amanda M. Jaeger, Esq., (SBN: #338177)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for Plaintiff, EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
12/12/2025
By: M. Valledor Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED;<br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1-50, inclusive;<br><br>Defendant(s). | Case No.: 25CV010069<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO ADVANCE HEARING DATE ON PLAINTIFF'S PETITION FOR RELIEF FROM GOVERNMENT CLAIMS REQUIREMENT**<br><br>**Date: December 26, 2025**<br>**Time: 1:30 p.m.**<br>Department: 25<br>Judge: Hon. Julie G. Yap<br><br>Date Filed: April 24, 2025<br>Trial Date: Not yet set<br><br>Res ID: 526550362276 |

Plaintiff EVA ALCALA hereby submits the following points and authorities in support of her ex parte request to advance the hearing date on her Petition for Relief from Government Claims Requirement, currently set for May 6, 2026.

//

//

//

//

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff's cause of action arose while Mr. Christopher Leong, Plaintiff's son, was in custody with the California Department of Corrections and Rehabilitation, at their Sacramento facility. Tragically, on April 12, 2024, Mr. Leong was pinned down by Corrections officers, became unresponsive, and passed away. Plaintiff is informed and believes that this was a result of the actions of Corrections officers. Plaintiff began seeking recourse forthwith, and filed a formal claim with the City of Sacramento, which Plaintiff believed was the right entity. Importantly, Plaintiff addressed this claim to both the City, the State, and the California Department of Corrections. Plaintiff filed this form on September 26, 2024; within the six-month limitation.

After hearing nothing back from her original claim form, Plaintiff began seeking the assistance of counsel. Plaintiff retained counsel at the end of January, 2025. When Plaintiff sent a copy of the claim form Plaintiff had originally filed, Plaintiff's counsel realized the misfiling and, on February 12, 2025, immediately filed a claim form with the State of California. There has been no response to this claim form. Plaintiff's counsel then filed the Petition for Relief from Government Claims Requirement on April 24, 2025. When Plaintiff's Counsel filed this with this Courts, Plaintiff's counsel was initially informed that a hearing date would automatically be set. When none was set, Plaintiff's counsel followed up with the Court and learned that a hearing needed to be scheduled. The hearing on this petition is currently set for May 6, 2026.

Plaintiff has the option to either file in State or in Federal Court to pursue her claims. Plaintiff strongly wishes to pursue her claims in State court, which is why the Petition was filed as it was. Regardless of where Plaintiff files, there is a two year statute of limitations; Plaintiff must file her claim by April 11, 2026.

Plaintiff brings the instant ex parte application to advance the hearing date on the petition so as to have the matter heard by the Court in advance of the expiration of the Statute of Limitations. The ability of Plaintiff to pursue these causes of action hinges on the outcome of the petition hearing. Should the Court grant Plaintiff's petition, she will pursue her causes of action in State court. Should the Court deny Plaintiff's petition, she may still pursue the matter in Federal Court. However, it is

paramount that Plaintiff have the option on how to pursue her cause of action *in advance* of the April 11, 2026 expiration of the Statute of Limitations.

## II. THE COURT SHOULD ADVANCE THE HEARING DATE SO THAT PLAINTIFF HAS THE FULL OPTIONS TO PURSUE HER CLAIM

Section 128 of the *Code of Civil Procedure* provides that every court shall have the power to amend and control its process and orders make them conform to law and justice. Cal. Code Civ. Proc. § 128(a)(8). Based upon the authorities granted to the Court, coupled with the evident intent of the Courts that matters should be heard expeditiously and without undue delay, the Court has the authority and inherent power to advance the hearing on Defendants' petition for relief so that it may be heard and resolved in a meaningful way. Waiting until after Plaintiff's ability to file in Federal Court to hear the motion in this Court leaves Plaintiff only with the option of double filing, causing duplicitous conduct and taking space in both Federal and State court calendars, or abandoning her right to file in Federal Court altogether if her petition in this Court is denied. Plaintiff does not request that Defendants be given less than the required sixteen (16) days' notice of the hearing, merely requests that the hearing be scheduled far enough in advance of April 11, 2026 so that Plaintiff may receive a ruling on her petition and be given the requisite 30-days to file her Complaint in this Court, should her petition be granted. Plaintiff submits that good cause exists to advance the petition for relief from government claims requirement from May 6, 2026.

## III. CONCLUSION

Good cause exists to have the hearing date advanced so that the petition for relief from government claims requirement may be heard and ruled upon at least 30 days in advance of the April 11, 2026 expiration of the Statute of Limitations.

Dated: December 12, 2025

**Mova Law Group, APLC**

By: *Christopher N. Movafagh*
Christopher N. Movafagh, Esq.
Amanda M. Jaeger, Esq.
Attorneys for Plaintiff

# EXHIBIT 6

Christopher N. Movafagh, Esq., (SBN: #303979)
Amanda M. Jaeger, Esq., (SBN: #338177)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
12/12/2025
By: M. Valledor Deputy

Attorneys for Plaintiff, EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED;<br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1-50, inclusive;<br><br>Defendant(s). | Case No.: **25CV010069**<br><br>**DECLARATION OF CHRISTOPHER N. MOVAFAGH IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO ADVANCE HEARING DATE ON PLAINTIFF'S PETITION FOR RELIEF FROM GOVERNMENT CLAIM REQUIREMENT**<br><br>**Date: December 26, 2025**<br>**Time: 1:30 p.m.**<br>Department: 25<br>Judge: Hon. Julie G. Yap<br><br>Date Filed: April 24, 2025<br>Trial Date: Not yet set<br><br>Res ID: 526550362276 |

I, Christopher N. Movafagh, Esq. declare:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and am the owner and managing partner of the law firm Mova Law Group, attorney of record for Plaintiff EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased.

2. The matters set forth in this declaration are based on my own personal knowledge, and if called as a witness, I could and would competently testify to the matters discussed herein.

3. The incidents that lead to this cause of action occurred on April 12, 2024. On that evening, CHRISTOPHER LEONG, deceased, was cruelly pinned to the ground by *numerous* correctional officers. During this, Mr. Leong stopped breathing and became unresponsive. Ultimately, Mr. Leong tragically passed away as a direct result from the actions of the corrections officers.

4. Plaintiff filed her initial government claim form, addressing the Defendants in this lawsuit, with the City of Sacramento on September 26, 2024, within the six-month requirement.

5. Plaintiff's claim was ignored. Plaintiff then sought counsel, and retained our law firm in 2025. Upon receiving a copy of Plaintiff's filed claim form, my office filed a claim form with the State of California on February 12, 2025. This was less than thirty (30) days after Plaintiff retained my office.

6. My office filed the Petition for Relief from Government Claims Requirement on April 24, 2025, after the State of California failed to respond to our claim form.

7. When my office filed the Petition, my paralegal was told that a hearing would be scheduled by the Court.

8. When no hearing was automatically scheduled, my paralegal followed up and discovered that my office would have to reserve a hearing date. My paralegal did so, and received a hearing date of May 6, 2026.

9. If Plaintiff's petition is not heard until May 6, 2026, this will result in Plaintiff's options for pursuing her claim to be limited, if not expired, as the Statute of Limitations expires on April 11, 2026.

10. This Ex Parte motion is set for December 26, 2025 at 1:30 p.m. My office will serve notice on Defendants in advance of this hearing and will file an updated proof of service to demonstrate the required ex parte notice.

11. Given that advancing the May 6, 2026 hearing will still allow Defendants the statutory time to reply to the peading papers, it is not expected that Defendants will oppose this Ex Parte request.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on December 12, 2025 in San Diego, California.

Dated: December 12, 2025

**Mova Law Group, APLC**

By: Christopher N. Movafagh
Christopher N. Movafagh, Esq.
Amanda M. Jaeger, Esq.
Attorneys for Plaintiff

# EXHIBIT 7

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
CHRISTOPHER N. MOVAFAGH, ESQ. | SBN: SBN 303979
MOVA LAW GROUP, APLC
3262 ROSECRANS ST SAN DIEGO, CA 92110

TELEPHONE NO.: (858) 333-4999 | FAX NO. | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: PLAINTIFF:

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
12/16/2025
By: B. Delira Deputy

**SACRAMENTO SUPERIOR COURT**
STREET ADDRESS: 301 BICENTENNIAL CIRCLE
MAILING ADDRESS:
CITY AND ZIP CODE: SACRAMENTO, CA 95826
BRANCH NAME:

PLAINTIFF: EVA ALCALA
DEFENDANT: STATE OF CALIFORNIA, ET AL

CASE NUMBER: 25CV010069

# PROOF OF SERVICE

Ref. No. or File No.:

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**PLAINTIFF'S EX PARTE APPLICATION TO ADVANCE HEARING DATE ON PLAINTIFF'S PETITION FOR RELIEF FROM GOVERNMENT CLAIMS REQUIREMENTS; DECLARATION OF C MOVAFAGH IN SUPPORT; [PROPOSED] ORDER; NOTICE OF HEARING ON PETITION; PETITION FOR ORDER RELIEVING PLAINTIFF FROM GOVERNMENT CLAIMS REQUIREMENT; [PROPOSED] ORDER**

PARTY SERVED: **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR)**

PERSON SERVED: **SANDRA MORENO, LEGAL SECRETARY, OFFICE OF LEGAL AFFAIRS - AUTHORIZED TO ACCEPT**

DATE & TIME OF DELIVERY: **12/15/2025**
**3:26 PM**

ADDRESS, CITY, AND STATE: **10111 OLD PLACERVILLE ROAD SUITE 100**
**SACRAMENTO, CA 95827**

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

Fee for Service: $ 100.00
★ County: SACRAMENTO
Registration No.: 2012-45
Click Legal Service
2011 Silverado Street
San Marcos, CA 92078
(760) 652-9851

I declare under penalty of perjury under the laws of The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on December 16, 2025.

Signature: *Chastity Meyers*
CHASTITY V. MEYERS

# EXHIBIT 8

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| CHRISTOPHER N. MOVAFAGH, ESQ. \| SBN: SBN 303979<br>MOVA LAW GROUP, APLC<br>3262 ROSECRANS ST SAN DIEGO, CA 92110<br>TELEPHONE NO.: (858) 333-4999 \| FAX NO. \| E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): PLAINTIFF: | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sacramento<br>12/16/2025<br>By: B. Delira Deputy |
| SACRAMENTO SUPERIOR COURT<br>STREET ADDRESS: 301 BICENTENNIAL CIRCLE<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SACRAMENTO, CA 95826<br>BRANCH NAME: | |
| PLAINTIFF: EVA ALCALA<br>DEFENDANT: STATE OF CALIFORNIA, ET AL | CASE NUMBER:<br>25CV010069 |
| **PROOF OF SERVICE** | Ref. No. or File No.: |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**PLAINTIFF'S EX PARTE APPLICATION TO ADVANCE HEARING DATE ON PLAINTIFF'S PETITION FOR RELIEF FROM GOVERNMENT CLAIMS REQUIREMENTS; DECLARATION OF C MOVAFAGH IN SUPPORT; [PROPOSED] ORDER; NOTICE OF HEARING ON PETITION; PETITION FOR ORDER RELIEVING PLAINTIFF FROM GOVERNMENT CLAIMS REQUIREMENT; [PROPOSED] ORDER**

PARTY SERVED: **STATE OF CALIFORNIA**

PERSON SERVED: **ESQUIVEL "DOE", OFFICE OF THE ATTORNEY GENERAL - AUTHORIZED TO ACCEPT**

DATE & TIME OF DELIVERY: **12/15/2025**
**12:42 PM**

ADDRESS, CITY, AND STATE: **1300 I STREET**
**SACRAMENTO, CA 95814**

PHYSICAL DESCRIPTION:

| | | |
|---|---|---|
| **Age: 40'S** | **Weight: 300 LBS** | **Hair: BLACK** |
| **Sex: Male** | **Height: 6'** | **Eyes:** |
| **Skin: HISPANIC** | **Marks:** | |

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

Fee for Service: $ 95.00
★ County: SACRAMENTO
Registration No.: 2012-45
Click Legal Service
2011 Silverado Street
San Marcos, CA 92078
(760) 652-9851

I declare under penalty of perjury under the laws of The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on December 15, 2025.

Signature: Chastity Meyers
CHASTITY V. MEYERS



Doc ID: b3bb6faa6700c94af100d7423171f9f0a38ea33c

# EXHIBIT 9

Christopher N. Movafagh, Esq., (SBN: #303979)
Amanda M. Jaeger, Esq., (SBN: #338177)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
12/19/2025
By: H. Larson Deputy

Attorneys for Plaintiff, EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED;<br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1-50, inclusive;<br><br>Defendant(s). | Case No.: **25CV010069**<br><br>**SUPPLEMENTAL DECLARATION OF CHRISTOPHER N. MOVAFAGH IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO ADVANCE HEARING DATE ON PLAINTIFF'S PETITION FOR RELIEF FROM GOVERNMENT CLAIM REQUIREMENT**<br><br>**Date: December 26, 2025**<br>**Time: 1:30 p.m.**<br>Department: 25<br>Judge: Hon. Julie G. Yap<br><br>Date Filed: April 24, 2025<br>Trial Date: Not yet set |

I, Christopher N. Movafagh, Esq. declare:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and am the owner and managing partner of the law firm Mova Law Group, attorney of record for Plaintiff EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased.

2. The matters set forth in this declaration are based on my own personal knowledge, and if called as a witness, I could and would competently testify to the matters discussed herein.

3. Defendant the State of California was served with this motion on December 15, 2025. Proof was filed with this Court on December 16, 2025.

4. Defendant the California Department of Corrections was served on December 15, 2025. Proof was filed with this Court on December 16, 2025.

5. After the Notice of Hearing was served on Defendants the State of California and the California Department of Corrections, my office confirmed with R. Lawrence Bragg that the California Office of the Attorney General will be representing both defendants in this matter.

6. Through meet-and-confer efforts, the parties are in agreement to advance the hearing on on Petitioner's Petition for Relief from Governmental Claims Requirement to a date between February 9, 2026, and March 11, 2026. As a demonstration of this agreement, please see attached communications between my office and that of the California Attorney General's Office as **Exhibit A.**

7. Given that the parties are in agreement, and the time-sensitive nature of this request, I respectfully ask this Court to advance the hearing on Petitioner's Petition for Relief from Governmental Claims Requirement, currently set for May 6, 2026, to a date between February 9, 2026, and March 11, 2026.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on December 19, 2025 in San Diego, California.

Dated: December 19, 2025

**Mova Law Group, APLC**

By: *Christopher N. Movafagh*
Christopher N. Movafagh, Esq.
Amanda M. Jaeger, Esq.
Attorneys for Plaintiff

# EXHIBIT A

MOVA LAW GROUP

Amanda Jaeger <atty@movalegal.com>

# Fwd: Alcala, et al. v. State of California, et al.-Sacramento County Superior Court No. 25CV010069

**Lawrence Bragg** <Lawrence.Bragg@doj.ca.gov> Fri, Dec 19, 2025 at 2:54 PM
To: Amanda Jaeger <atty@movalegal.com>
Cc: Chris Mova <chris@movalegal.com>, Kathleen Cosio <admin@movalegal.com>

Perfect, thanks.

R. Lawrence Bragg

Supervising Deputy Attorney General

California Department of Justice

Office of the Attorney General-Correctional Law Section

1300 I St.

Sacramento, CA 95814

Tel: (916) 210-7334

Fax: (916) 324-5205

**From:** Amanda Jaeger <atty@movalegal.com>
**Sent:** Friday, December 19, 2025 11:53 AM
**To:** Lawrence Bragg <Lawrence.Bragg@doj.ca.gov>
**Cc:** Chris Mova <chris@movalegal.com>; Kathleen Cosio <admin@movalegal.com>
**Subject:** Re: Alcala, et al. v. State of California, et al.-Sacramento County Superior Court No. 25CV010069

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Yes, correct.

Thank you, I will get a supplemental declaration on file and send you a copy of it as well, stating that we have agreed to advance the hearing to dates between 2/9 and 3/11/26.

On Fri, Dec 19, 2025 at 2:48 PM Lawrence Bragg <Lawrence.Bragg@doj.ca.gov> wrote:

Yes, our office will be representing CDCR. Since my initial email, I learned that CDCR also had been served.

R. Lawrence Bragg

Supervising Deputy Attorney General

California Department of Justice

Office of the Attorney General-Correctional Law Section

1300 I St.

Sacramento, CA 95814

Tel: (916) 210-7334

Fax: (916) 324-5205

---

**From:** Amanda Jaeger <atty@movalegal.com>
**Sent:** Friday, December 19, 2025 11:26 AM
**To:** Lawrence Bragg <Lawrence.Bragg@doj.ca.gov>
**Cc:** Chris Mova <chris@movalegal.com>; Kathleen Cosio <admin@movalegal.com>
**Subject:** Re: Alcala, et al. v. State of California, et al.-Sacramento County Superior Court No. 25CV010069

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Lawrence,

Thank you for letting me know. We are only asking that the matter be heard before March 11, 2026, so we would be in agreement to set the matter sometime between February 9, 2026 and March 11, 2026. With your agreement, I will file a supplemental declaration to the Court today affirming such.

Additionally, will your office be representing CDCR in this action as well?

Thank you,

On Fri, Dec 19, 2025 at 12:55 PM Lawrence Bragg <Lawrence.Bragg@doj.ca.gov> wrote:

> Ms. Jaeger,

I apologize for the delay in responding. Since an opposition to the petition would be due 9 court days prior to a hearing, I request that the hearing date be re-set to a date after February 9, 2026, in order to allow the assigned DAG to review the issues and prepare the opposition. Please let me know if this is acceptable to the plaintiff.

Thanks,

LB

R. Lawrence Bragg

Supervising Deputy Attorney General

California Department of Justice

Office of the Attorney General-Correctional Law Section

1300 I St.

Sacramento, CA 95814

Tel: (916) 210-7334

Fax: (916) 324-5205

---

**From:** Amanda Jaeger <atty@movalegal.com>
**Sent:** Friday, December 19, 2025 9:50 AM
**To:** Lawrence Bragg <Lawrence.Bragg@doj.ca.gov>; Chris Mova <chris@movalegal.com>; Kathleen Cosio <admin@movalegal.com>
**Subject:** Re: Alcala, et al. v. State of California, et al.-Sacramento County Superior Court No. 25CV010069

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hello Lawrence,

I am following up on my previous email to see if you have proposed dates that I could inform the court on by way of supplemental declaration.

Thank you,

On Tue, Dec 16, 2025 at 8:08 PM Amanda Jaeger <atty@movalegal.com> wrote:

Hi Lawrence,

I'm the lead attorney handling this matter so thought it best to respond to you directly.

In my experience Sacramento typically rules on Ex Parte motions based on the pleading papers alone, and does not usually have hearings unless one party requests a hearing. As such, I am happy to file an updated declaration ahead of next week's ex parte that you will not oppose the motion and are in agreement to dates. I was going to suggest dates in late January / early February - absolutely still giving you the statutory time allowed to respond to the Petition for relief. Could you give me dates of availability / dates of unavailability between January 21 and February 11?

Thank you,

---------- Forwarded message ---------
From: **Lawrence Bragg** <Lawrence.Bragg@doj.ca.gov>
Date: Tue, Dec 16, 2025, 4:42 PM
Subject: Alcala, et al. v. State of California, et al.-Sacramento County Superior Court No. 25CV010069
To: chris@movalegal.com <chris@movalegal.com>

Good afternoon,

Please be advised that the Office of the Attorney General has received the Ex Parte Application to Advance the Hearing Date on Plaintiff's Petition for Relief from Government Claims Requirement served on the State of California, and I am in the process of assigning this case to a Deputy Attorney General for further handling. Because this hearing is set during a holiday week, I am unsure whether the assigned Deputy will be available for to attend the December 26, 2025 hearing, and I may attend the hearing myself if the DAG cannot. I have briefly reviewed the Ex Parte Application and generally have no objection to advancing the hearing date on the Petition for Relief, provided that the new hearing date will allow the assigned DAG a sufficient amount of time to file a response. Please let me know which hearing date(s) you anticipate presenting to the Court.

Thank you for your courtesy and cooperation in this matter. I look forward to working with your firm regarding this matter.

Best regards,

R. Lawrence Bragg

Supervising Deputy Attorney General

California Department of Justice

Office of the Attorney General-Correctional Law Section

1300 I St.

Sacramento, CA 95814

Tel: (916) 210-7334

Fax: (916) 324-5205

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

--

--

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

--

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

--

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

***Alcala v. State of California, et al.***
**Sacramento Superior Court Case Number: 25CV010069**

**PROOF OF SERVICE**

I, Kathleen Cosio, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 3262 Rosecrans Street, San Diego, CA 92110.

On December 19, 2025**,** I served the foregoing documents described as:
**SUPPLEMENTAL DECLARATION OF CHRISTOPHER N. MOVAFAGH IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO ADVANCE HEARING DATE ON PLAINTIFF'S PETITION FOR RELIEF FROM GOVERNMENT CLAIM REQUIREMENT**
on the party or parties in this action by placing the original or a true and correct copy thereof in a sealed envelope addressed as follows:

***COURTESY COPY:***
R. Lawrence Bragg, Esq.
California Department of Justice
Offices of the Attorney General-Correctional Law Section
1300 I Street
Sacramento, CA 95814
Telephone: (714) 571-0407
E-Mail: Lawrence.Bragg@doj.ca.gov
Representing: Defendant State of California; California Department of Corrections and Rehabilitation (CDCR)

**[ ] BY MAIL: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure § 1013(a).**

**[ ] BY PERSONAL SERVICE:** I hand-delivered said document(s) to the addressee pursuant to Code of Civil Procedure § 1011.

**[X] BY E-MAIL OR ELECTRONIC TRANSMISSION:** Pursuant to Code of Civil Procedure § 1010.6(e), Icaused the document(s) to be sent from admin@movalegal.com *(sender's email address)* to the person(s) at the e-mail address(es) listed above.

EXECUTED on December 19, 2025, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Kathleen Cosio*
____________________________
Kathleen Cosio

# EXHIBIT 10

FILED
Superior Court of California
County of Sacramento
12/26/2025
A. Turner, Deputy

Christopher N. Movafagh, Esq., (SBN: #303979)
Amanda M. Jaeger, Esq., (SBN: #338177)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for Plaintiff, EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED;<br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1-50, inclusive;<br><br>Defendant(s). | Case No.: **25CV010069**<br><br>**~~[PROPOSED]~~ ORDER GRANTING EX PARTE APPLICATION TO ADVANCE HEARING ON PETITIONER'S PETITION FOR RELIEF FROM GOVERNMENT CLAIMS REQUIREMENT**<br><br>**Ex Parte Hearing Date: December 26, 2025**<br>**Time: 1:30 p.m.**<br>Department: 25<br>Judge: Hon. Julie G. Yap<br><br>Date Filed: April 24, 2025<br>Trial Date: Not yet set<br><br>Res ID: 526550362276 |

Having reviewed Plaintiff's Ex Parte Application to advance the hearing on Plaintiff's Petition for Relief from Government Claims Requirement, the supporting Memorandum of Points and Authorities, the Declaration of Christopher N. Movafagh, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Ex Parte Application to advance the hearing on Plaintiff's Petition for Relief from Government Claims Requirement is GRANTED;



Electronically Received 12/12/2025 08:59 AM

2. Plaintiff's Petition for Relief from Government Claims Requirement shall be set for hearing on February 23, 2026, at 1:30 ~~a.m.~~/p.m., ~~or as soon thereafter as the matter may be heard, but in all events at least 30 days before April 11, 2025;~~

3. Opposition papers shall be filed and served no later than ten (10) court days before the hearing date;

4. Reply papers, if any, shall be filed and served no later than five (5) court days before the hearing date;

5. All parties shall comply with California Rules of Court regarding the format and length of all filed papers;

6. The Court finds good cause exists to advance the hearing based on: a. the expiration of the Statute of Limitations in Plaintiff's cause of action on April 11, 2026; b. No prejudice to Defendants who will have adequate time to respond.

**IT IS SO ORDERED.**

Dated: 12/26/2025

Richard C. Miadich, Judge
~~HON. JULIE G. YAP~~ Hon. Richard C. Miadich
Judge of the Superior Court

# EXHIBIT 11

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/13/2026
By: S. Cade Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

**EVA ALCALA,**

Plaintiff,

**v.**

**CALIFORNIA, et al.,**

Defendants.

**Exempt from Filing Fees—
Gov. Code, § 6103**

Case No. 25CV010069

**DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR, ALTERNATIVELY, EXTEND *NUNC PRO TUNC* DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION; AND**

**DECLARATION OF COUNSEL**

Date: February 17, 2026
Time: 9:00 a.m.
Dept: 25
Judge: Hon. Julie G. Yap
Trial Date: Not Set
Action Filed: April 24, 2025

TO THE COURT AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on February 17, 2026, at 9:00 a.m., defendants California Department of Corrections and Rehabilitation and State of California will present to the Sacramento County Superior Court in Department 25, before Judge Julie G. Yap, this ex parte application to continue the February 23, 2026 hearing on plaintiff Alcala's petition for relief from the claim presentation requirement of the Government Claims Act. Specifically, defendants request the hearing be continued to March 2, 2026, or the court's next available date. Alternatively, defendants request the court extend *nunc pro tunc* the deadline to file their opposition to plaintiff's petition. Defendants prefer the court continue the hearing, because this will provide plaintiff additional time to prepare a reply to defendants' opposition. Granting this application will ensure all parties' positions on plaintiff's petition is before the court.

This application is presented and made on the ground that defense counsel inadvertently mis-calendared the deadline to file defendants' opposition as February 13, 2026, when the correct deadline based on the rescheduled hearing date was February 5, 2026. The court's December 26, 2025 order granting plaintiff's ex parte application to advance the hearing on plaintiff's petition from May 6, 2026, to the current February 23, 2026 hearing date, stated that "[o]pposition papers shall be filed and served no later than ten (10) court days before the hearing date," which was February 5, 2026. Defense counsel, however, calculated the opposition deadline at 10 calendar days, which would make the opposition deadline February 13, 2026. Defense counsel apologies to the court and counsel for plaintiff for this error. Defendants intend to file their opposition, *nunc pro tunc*, on February 13, 2026, where they will argue in support of defendants' sovereign immunity. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 36 ["California, like all other states, enjoys sovereign immunity against claims for money damages. The Claims Act represents a limited waiver of that immunity, and provides that plaintiffs may bring actions against the state, local public entities, and public employees if they comply with strict procedural requirements."].)

Good cause exists to grant this request because defense counsel diligently responded to correct his mistake upon its discovery and the mistake is excusable. (See *Comunidad en Accion v.*

*Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1133 [reversing superior court's denial of request for relief after counsel incorrectly calendared a deadline]; *Haviland v. Southern California Edison Co.* (1916) 172 Cal. 601, 605 [granting defendant's request for relief after defense counsel incorrectly calendared a deadline].) Defendants therefore request the court continue the petition's hearing date to March 2, 2026, or shortly thereafter, or alternatively, extend *nunc pro tunc* the deadline for defendants to file their opposition to plaintiff's petition to February 13, 2026.

Before filing this motion and immediately when the error was discovered, defense counsel contacted plaintiff's counsel via email on February 12, 2026, to inform them of this request and the incorrect calculation of the opposition deadline. Plaintiff's counsel responded that they would not agree to extend the opposition deadline or continue the hearing.

This application is based on this notice and application, the declaration of Christian Georgely, a proposed order continuing the hearing date, an alternative proposed order extending defendants' opposition deadline, the court's files in this action, and any other matter the court deems appropriate.

Dated: February 13, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General

CHRISTIAN M. GEORGELY
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and Rehabilitation*

SA2025605490
39644676

**DECLARATION OF CHRISTIAN M. GEORGELY**

I, Christian M .Georgely, declare:

1. I am an attorney licensed to practice law in this State and before this court. I am a Deputy Attorney General employed by the California Office of the Attorney General. I am counsel of record for defendants California Department of Corrections and Rehabilitation and State of California. I have personal knowledge as to the matters stated herein and could competently testify thereto if called to do so.

2. I make this declaration pursuant to California Rules of Court, rule 3.1202(c), which states that "[a]n applicant [for an ex parte application] must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte." (See L.R. 2.35(A).)

3. On December 24, 2025, I was assigned to this matter as the primary defense attorney. Because of the holidays, I had preplanned non-working days on December 24 and 25, 2025. In the afternoon on December 26, 2025, I was notified by email of the court's December 26, 2026 order granting plaintiff's ex parte application to advance the hearing on plaintiff's petition from May 6, 2026, to the current February 23, 2026 hearing date. In her December 12, 2025 ex parte petition to advance the hearing date on her petition for relief from the Government Claims Act, plaintiff stated the resolution of her petition needs to be resolved by April 11, 2026. The court's December 26 order provided that "[o]pposition papers shall be filed and served no later than ten (10) court days before the hearing date." Under the order, defendants' opposition deadline was February 5, 2026.

4. Consistent with my federal court practice that uses calendar days to calculate deadline, I incorrectly used calendar days to calculate the opposition deadline. I therefore inadvertently and incorrectly calculated the opposition deadline as February 13, 2026. I have been researching, have been drafting, had planned to, and was prepared to file defendants' opposition by February 13, 2026.

/ / /

5. I discovered my error on February 12, 2026, after I received plaintiff's counsel's notice of remote appearance at the February 23, 2026 hearing, which prompted me to re-review the court's December 26, 2026 order. Immediately on reviewing the order, recalculating the opposition deadline, and recognizing the mistake, I emailed plaintiff's counsel informing them of the error and requesting an extension of the hearing date to March 2, 2026, which is 10 court days after the incorrectly calculated opposition deadline. In response, plaintiff's counsel noted my assignment to this matter existed on December 26, 2025, and stated: "[w]e would not be in agreement to extend your deadlines to respond or continue the hearing."

6. Defendants intend to assert their sovereign immunity in opposition to plaintiff's petition for relief from the claim presentation requirement of the Government Claims Act. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 36 ["California, like all other states, enjoys sovereign immunity against claims for money damages. The Claims Act represents a limited waiver of that immunity, and provides that plaintiffs may bring actions against the state, local public entities, and public employees if they comply with strict procedural requirements."].) But for my incorrect calculation of the opposition deadline using calendar days instead of court days, defendants would have timely opposed plaintiff's petition and asserted their sovereign immunity.

7. As required by California Rules of Court, rule 3.1202, the name, address, email address, and telephone number of any attorney known to be an attorney of any party are Christopher N. Movafagh and Amanda M. Jaeger of the Mova Law Group, APLC, 3262 Rosecrans Street, San Diego, California 92110, chris@movalegal.com, atty@movalegal.com, (858) 333-4999, who represent plaintiff.

8. I will be arguing the opposition to plaintiff's petition if the court holds a hearing on the petition. Due to preplanned non-working days, I am not available from March 9, 2026, through March 12, 2026.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct. Executed on February 13, 2026, in California.

Christian M. Georgely
Deputy Attorney General

# EXHIBIT 12

Electronically Received 02/13/2026 01:56 PM

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br>Plaintiff,<br>**v.**<br>**CALIFORNIA, et al.,**<br>Defendants. | **Exempt from Filing Fees— Gov. Code, § 6103**<br>Case No. 25CV010069<br>**[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXTEND *NUNC PRO TUNC* DEFENDANTS' DEADLINE TO OPPOSE PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT** |

Pending before the court is defendants California Department of Corrections and Rehabilitation and State of California's ex parte application to continue the hearing on plaintiff Alcala's petition for relief from the claim presentation requirement of the Government Claims Act, or alternatively, extend *nunc pro tunc* defendants' deadline to file their opposition to

plaintiff's petition. Good cause shown, defendants' request is GRANTED. Defendants' deadline to oppose plaintiff's petition is extended *nunc pro tunc* to February 13, 2026.

**IT IS SO ORDERED.**

Dated: ______________________________ ________________________________________

JULIE G. YAP
SUPERIOR COURT JUDGE

# EXHIBIT 13

Electronically Received 02/13/2026 01:56 PM

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br>Plaintiff,<br>**v.**<br>**CALIFORNIA, et al.,**<br>Defendants. | **Exempt from Filing Fees— Gov. Code, § 6103**<br>Case No. 25CV010069<br>**[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT** |

Pending before the court is defendants California Department of Corrections and Rehabilitation and State of California's ex parte application to continue the hearing on plaintiff Alcala's petition for relief from the claim presentation requirement of the Government Claims Act, or alternatively, extend *nunc pro tunc* defendants' deadline to file their opposition to plaintiff's petition. Good cause shown, defendant's request is GRANTED. The current

February 23, 2026 hearing on plaintiff's petition for relief from the claim presentation requirement of the Government Claims Act is continued to March 2, 2026, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: ______________________ ______________________________

JULIE G. YAP
SUPERIOR COURT JUDGE

# EXHIBIT 14

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/13/2026
By: S. Cade Deputy

# DECLARATION OF ELECTRONIC SERVICE AND SERVICE BY U.S. MAIL

**Case Name:** Alcala, Eva v. State of California, et al.
**Case Number:** 25CV010069
**Party Represented:** California Department of Corrections and Rehabilitation and State of California

## Declaration of Electronic Service

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California. My business address is 2550 Mariposa Mall, Room 5090, Fresno, CA 93721-2271, County of Fresno.

3. My electronic service address is Ashanti.Billings@doj.ca.gov.

4. On February 13, 2026, I electronically served the following document[s]:

   a. **DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR, ALERNATIVELY, EXTEND NUC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION; AND DECLARATION OF COUNSEL**
   b. **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT**
   c. **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO OPPOSE PLAINTIFF'S PETITION FOR RELIEF FROM GOVERNMENT CLAIMS ACT**

5. I electronically served the aforementioned document[s] by emailing them to the following individual[s]:

Christopher N. Movafagh, Esq.
Amanda M. Jaeger
**E-mail Addresses**:
chris@movalegal.com
atty@movalegal.com
***Counsels for Plaintiff***

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on February 13, 2026.

| A. Billings | ***/s/ A. Billings*** |
|---|---|
| Declarant | Signature |

**Declaration of Service by U.S. Mail**

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California. My business address is 2550 Mariposa Mall, Room 5090, Fresno, CA 93721-2271, County of Fresno.

3. On February 13, 2026, I served the following document[s]:

   a. **DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR, ALERNATIVELY, EXTEND NUC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION; AND DECLARATION OF COUNSEL**
   b. **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT**
   c. **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO OPPOSE PLAINTIFF'S PETITION FOR RELIEF FROM GOVERNMENT CLAIMS ACT**

4. I served the aforementioned documents by mailing them to the following individual[s]:

Christopher N. Movafagh, Esq.
Amanda M. Jaeger
Mova Law Group
3262 Rosecrans St.
San Diego, CA 92110
***Counsels for Plaintiff***

5. I am readily familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

6. On February 13, 2026, I enclosed the documents identified in paragraph [3] in a sealed envelope or package addressed to the persons at the address listed in paragraph [4] and placed the envelope for collection and mailing, following our ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on February 13, 2026.

| J. Vinton | ***/s/ J. Vinton*** |
|---|---|
| Declarant | Signature |

SA2025605490
95691714

# EXHIBIT 15

**RA-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NUMBER: 303979<br>NAME: Christopher N. Movafagh, Esq.<br>FIRM NAME: Mova Law Group, APLC<br>STREET ADDRESS: 3262 Rosecrans St.<br>CITY: San Diego STATE: CA ZIP CODE: 92110<br>TELEPHONE NO.: 858-333-4999 FAX NO.:<br>EMAIL ADDRESS: chris@movalegal.com<br>ATTORNEY FOR *(name)*: Eva Alcala | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Sacramento<br>02/13/2026<br>By: M. Valledor Deputy |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sacramento<br>STREET ADDRESS: 720 9th Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Sacramento, CA 95814<br>BRANCH NAME: Gordon D. Schaber Courthouse | |
| PLAINTIFF/PETITIONER: Eva Alcala<br>DEFENDANT/RESPONDENT: State of California, et al.<br>OTHER CASE NAME: | |
| **NOTICE OF REMOTE APPEARANCE** | CASE NUMBER:<br>25CV010069 |

You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)

Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.

See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.

**A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply)*:
   - [ ] Plaintiff/Petitioner *(name)*:
   - [x] Attorney for Plaintiff/Petitioner *(name)*: Christopher N. Movafagh / Amanda M. Jaeger
   - [ ] Defendant/Respondent *(name)*:
   - [ ] Attorney for Defendant/Respondent *(name)*:
   - [ ] Other *(name and role in case)*:

2. The person or persons in 1 intends to appear remotely *(check one)*:
   a. [ ] Throughout the case.
   b. [x] At the proceeding described below, including on any later dates if the proceeding is continued *(describe)*:
   Type of proceeding: Hearing on Petition for Relief from Late Claim Law
   Set on *(date)*: 02/23/2026 at *(time)*: 1:30 p.m. in *(department)*: 25
   Before *(name of judicial officer, if known)*: Hon. Julie G. Yap

3. The person intends to appear by *(check court's website for method that may be used)*:
   [x] Videoconference [ ] Audio only (including telephone)

4. [ ] For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely *(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed)*:

| PLAINTIFF: Eva Alcala | CASE NUMBER: |
| --- | --- |
| DEFENDANT: State of California, et al. | 25CV010069 |

5. [x] I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: 02/12/2026

Amanda M. Jaeger
(TYPE OR PRINT NAME)

(SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.

*Complete one item below for each person notice was given to, and enter one of the following options for* "Method of notice" *in c.*

- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice:** By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. [ ] Plaintiff/Petitioner
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

3. [ ] Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. [x] Attorney for: State of California and CDCR
   a. Name: Christian Georgely
   b. Date of notice: 02/12/2026
   c. Method of notice: e-mail
   d. Address (mailing, in-person, or email) phone number: Christian.Georgely@doj.ca.gov

5. [ ] Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

7. [ ] Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. [ ] Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

[ ] If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 02/12/2026

Amanda Jaeger
(TYPE OR PRINT NAME)

(SIGNATURE)

## Instructions for Giving Notice of Remote Appearance

(This page does not need to be filed.)

**1. Court online procedures.** Before using this form, check the court's website to see if that court has an online procedure for providing notice to the court of your intent to appear remotely instead. You can find a link to the website for each court at: *https://www.courts.ca.gov/find-my-court.htm*.

**2. How to use this form.** This form is intended for use in civil cases only (any cases not criminal or petitions for habeas corpus, other than petitions under Welf. & Inst. Code, § 5000 et seq.), to provide written notice of intent to appear remotely, to a court and the parties, as described in Code of Civil Procedure section 367.75. It is not needed in juvenile dependency hearings.

**Check the court's website to determine how remote appearances work in that court before completing this form.** If the court does not have an online procedure for giving notice to the court of intent to appear remotely, complete and file this form to give the court notice. If you intend to appear remotely throughout the case, you only need to file it once (check item 2a).

**3. Notice to others.** You may also use this form to show that you gave notice to other parties. You must give notice of your intent to appear remotely to all parties and other persons who are entitled to notice of the proceeding. (If you checked item 2a, you only need to give notice once. Otherwise, give notice to the court and others before each proceeding you intend to appear at remotely.) You can describe how and when you gave notice in the Declaration of Notice on page 2, or by filing a proof of service with the court.

**4. When to file and give notice to others.**

California Rules of Court, rule 3.672(g) and (h) state the deadlines by which you have to give notice of intent to appear remotely to the other parties and the court. (You can give notice earlier.) There are different deadlines :

***For motions and proceedings in which people cannot testify***

If a party gives or receives *at least 3 court days' notice* of the proceeding (including all regularly noticed motions):

- At least 2 court days before the proceeding.

If a party gives or receives *less than 3 court days' notice* of the proceeding (including ex parte applications):

- With the moving papers, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask the court for permission to appear remotely.

***For trials, including small claims trials, and hearings in which people may testify (evidentiary hearings)***

If a party gives or receives *at least 15 court days' notice* of a trial or hearing date, and for all small claims trials:

- At least 10 court days before the trial or hearing date.

If a party gives or receives *less than 15 days' notice* of the trial or hearing (including hearings on protective orders):

- With the moving papers or at least 5 court days before the hearing, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask thecourt for permission to appear remotely.

**5. Opposition to remote appearances at trial or evidentiary hearing**. If a party or witness has given notice of intent to appear remotely at a trial or evidentiary hearing (hearing at which people may testify), other parties in the action may oppose the remote appearance by filing *Opposition to Remote Proceeding at Evidentiary Hearing or Trial* (form RA-015). The opposition must be served on parties and other persons entitled to receive notice of the proceedings, by the deadlines summarized on that form. (Cal. Rules of Court, rule 3.672(h)(3).)

**6. In-person appearance.** A court may require any person to appear in person instead of remotely. (Code Civ. Proc., § 367.75(b).)

**7. Recordings.** No person may record a proceeding without first getting approval from the judge. (Cal. Rules of Court, rule 1.150(c).)

**8. Accommodations for disability**. If a party needs an accommodation for a disability, use form MC-410, *Disability Accommodations Request,* to tell the court about their needs. See form MC-410-INFO for more information.

**9. Request for interpreter.** If a party does do not speak English well, ask the court clerk as soon as possible for a court-provided interpreter. Form INT-300, *Request for an Interpreter,* or a local court form may be used to request an interpreter. If no court interpreter is available, it may be necessary to reschedule the hearing or trial.

# EXHIBIT 16

Christopher N. Movafagh, Esq., (SBN: #303979)
Amanda M. Jaeger, Esq., (SBN: #338177)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for Plaintiff, EVA ALCALA

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/13/2026
By: M. Valledor Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA;<br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et. al.,<br><br>Defendants. | Case No.: **25CV010069**<br><br>**PROOF OF SERVICE**<br><br>**Date: July 17, 2026**<br>**Time: 9:30 a.m.**<br>Department: C-71<br>Judge: Hon. Gregory W. Pollack<br><br>Date Filed: March 10, 2025<br>Trial Date: Not Set |

I, Kathleen Cosio, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 3262 Rosecrans Street, San Diego, CA 92110.

On December 26, 2026, I served the foregoing documents described as:

**ORDER GRANTING THE EX PARTE APPLICATION TO ADVANCE THE HEARING ON PETITIONER'S PETITION FOR RELIEF FROM GOVERNMENT CLAIMS REQUIREMENT**

on the party or parties in this action by placing the original or a true and correct copy thereof in a sealed envelope addressed as follows:

Lawrence Bragg, Supervising Deputy Attorney General
California Department of Justice
Office of the Attorney General - Correctional Law Section
1300 I Street
Sacramento, CA 95814
Telephone: (916) 210-7334
E-Mail: Lawrence.Bragg@doj.ca.gov
Representing: Defendants, State of California and California Department of Corrections and Rehabilitation

[X] BY E-MAIL OR ELECTRONIC TRANSMISSION: Pursuant to Code of Civil Procedure § 1010.6(e), I caused the document(s) to be sent from admin@movalegal.com (sender's email address) to the person(s) at the e-mail address(es) listed above.

EXECUTED on February 12, 2026, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Kathleen Cosio*

______________________________
Kathleen Cosio

# EXHIBIT 17

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/13/2026
By: E. Macdonald Deputy

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br>Plaintiff,<br>**v.**<br>**CALIFORNIA, et al.,**<br>Defendants. | **Exempt from Filing Fees— Gov. Code, § 6103**<br>Case No. 25CV010069<br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE CLAIM-PRESENTATION REQUIREMENT OF THE GOVERNMENT CLAIMS ACT**<br>Date: February 23, 2026<br>Time: 1:30 p.m.<br>Dept: 25<br>Judge: Hon. Julie G. Yap<br>Trial Date: Not Set<br>Action Filed: April 24, 2025 |

# TABLE OF CONTENTS

Page


Introduction ..... 5
Statement of the Case ..... 5
Argument ..... 7
I. Compliance with the Government Claims Act Is Mandatory And Relief Is Allowed Only In Limited Circumstances with Evidence of Mistake, Inadvertence, Surprise, Or Excusable Neglect ..... 7
II. The Court Should Deny Alcala's Petition for Relief from the Requirements of the Government Claims Act ..... 9
A. Alcala Identifies Insufficient Evidence to Support Her Petition to Avoid the Government Claims Act ..... 9
B. Even if the Court Considers Alcala's Evidence, Alcala Fails to Prove that Her Filing a Claim with the Wrong Public Entity Is Excusable Neglect ..... 11
C. Proceeding Without Representation Does Not Excuse Alcala's Incorrect Claim Submission with Sacramento County ..... 15
Conclusion ..... 16

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Abarca v. Reyes*
(E.D. Cal., Feb. 4, 2026) No. 1:24-cv-00624-FRS (BAM) (PC)) 2026 WL 295531 ........ 8, 14

*Blair v. Superior Court*
(1990) 218 Cal.App.3d 221 ........ 7

*California Correctional Peace Officers Assn. v. Virga*
(2010) 181 Cal.App.4th........ 7

*Continental Baking Co. v. Katz*
(1968) 224 Cal.App.3d 241 ........ 10

*Hopkins & Carley v. Gens*
(2011) 200 Cal.App.4th 1401 ........ 15

*Munoz v. State of California*
(1995) 33 Cal.App.4th 1767 ........ 7, 8

*People v. Lewis*
(2001) 26 Cal.4th 334 ........ 10

*Sanchez v. Hillerich & Bradsby Co.*
(2002) 104 Cal.App.4th 703 ........ 11

*Shirk v. Vista Unified School Dist.*
(2007) 42 Cal.4th 201 ........ 7

*Spencer v. Merced County Office of Education*
(1997) 59 Cal.App.4th 1429 ........ *passim*

*State v. Superior Court (Bodde)*
(2004) 32 Cal.4th 1234 ........ 8

*Tackett v. City of Huntington Beach*
(1994) 22 Cal.App.4th 60........ 11, 13

*Trailmobile, Inc. v. Superior Court*
(1989) 210 Cal.App.3d 1451 ........ 9

## TABLE OF AUTHORITIES
**(continued)**

**Page**

**STATUTES**

Evidence Code
§ 702, subd. (a) .... 10
§ 1401 .... 10

Government Code
§ 900.6 .... 8
§ 910 .... 7
§ 911.2, subd. (a) .... 8
§ 911.4 .... 8
§ 911.4, subd. (b) .... 8, 13
§ 945.4 .... 7, 8
§ 946, subd. (c) .... 13
§ 946.6 .... 5, 11
§ 946.6, subd. (a) .... 8
§ 946.6, subd. (c) .... 8, 9, 16
§ 946.6, subd. (c)(1) .... 8, 11, 14
§ 9116, subd. (c) .... 8

## INTRODUCTION

Plaintiff Alcala fails to provide sufficient evidence or explanation to excuse her failure to properly present a government claim as required by Government Code section 946.6, and therefore the court should deny her petition for relief.[1] Alcala admits she incorrectly submitted a claim to the County of Sacramento regarding an April 12, 2024 incident that supposedly occurred at Folsom State Prison. Almost seven months after supposedly submitting a claim to Sacramento County and over a year after the April 2024 incident, Alcala petitioned the court to exempt her from the Government Claims Act's claim-presentation requirement. Alcala, however, provides insufficient evidence to support her petition; instead relying on a declaration from her counsel to testify about facts he has no personal knowledge of. Even if the court considers the supposed facts asserted secondhand through Alcala's counsel, Alcala presents no explanation for her failure to comply with the Government Claims Act.

The intent of the Government Claims Act is to confine governmental liability to rigidly delineated circumstances that prevent the granting of Alcala's petition. Alcala had more than sufficient information to know the entity to present her claim to and, in any event, could have investigated the proper entity given the incident supposedly occurred at Folsom *State* Prison—the claim needed to be presented to the State, not the County of Sacramento. Alcala provides no evidence to excuse her error and provides no explanation for her error. Alcala therefore fails to carry her burden to prove excusable neglect to warrant relief from the Government Claims Act.

Thus, the court should deny Alcala's petition for relief from the claim-presentation requirement of the Government Claims Act.

## STATEMENT OF THE CASE

According to exhibits Alcala submitted in support of her petition, on September 26, 2024, Alcala submitted a "Claim Against the County of Sacramento." (Pl.'s Petition Order Relieving Pl.

[1] Defendants are moving *ex parte* on February 17, 2026, to continue the hearing date or, alternatively, to extend *nunc pro tunc* the deadline to file this opposition, because defense counsel incorrectly calendared the opposition deadline using calendar days instead of court days. (See Order Granting Pl.'s Ex Parte App. Advance Hr'g Date (Dec. 26, 2025).) Out of an abundance of caution, defendants file their opposition. Defense counsel apologies to the court and counsel for plaintiff for this error.

from Gov. Claims Requirement (Petition) Ex. C.) The form she used to submit her claim stated that claims against Sacramento County are to be submitted to the clerk for Sacramento County's "Board of Supervisors." (*Ibid.*)

Alcala identified on the supposedly submitted claim the location of the incident as "Folsom State Prison" and that the incident occurred on April 12, 2024. (Petition Ex. C.) Alcala's claim involved Christopher Leong. (*Ibid.*) Leong was a State prisoner incarcerated with the California Department of Corrections and Rehabilitation for over 12 years, since his 2011 criminal conviction. (Decl. Chastain Supp. Opp'n (Chastain Decl.) Ex. A [Abstract of Judgment stating Leong "was sentenced to State Prison"].) During his more than a decade of incarceration with the State, Leong had been incarcerated at 11 State prisons located in 10 different counties, including High Desert State Prison; San Quentin State Prison; California Men's Colony; California State Prison, Los Angeles County; Kern Valley State Prison; California Correctional Institution; California Medical Facility; and California State Prison, Sacramento. (*Id.* ¶ 4.) Leong was never housed at Folsom State Prison. (See *ibid.*)

In her declaration submitted in support of the petition, Alcala states she was the "natural mother" of Leong. (Petition Ex. A [Alcala Decl.].) The remainder of Alcala's declaration states that no proceeding is pending for the administration of Leong's estate, she is the successor in interest to Leong, she is authorized to act on behalf of Leong's estate, no other person has a superior right to commence an action on behalf of Leong, and the facts in the proposed complaint are correct to the best of her knowledge. (*Ibid.*) The petition contains no other testimony from Alcala, does not reference any documents, and does not discuss her submission of any claim or efforts regarding the submission of a claim. (*Ibid.*)

According to the declaration of Alcala's counsel, Alcala contacted his law firm on January 19, 2025. (Petition Ex. D [Counsel Decl. ¶ 2].) On February 10, 2025, counsel received a copy of Alcala's claim that was supposedly submitted to Sacramento County. (*Ibid.* [Counsel Decl. ¶ 3].) On February 12, 2025, Alcala's counsel submitted a new claim to the State of California concerning the April 2024 incident. (*Ibid.* [Counsel Decl. ¶ 4].) The second claim

again identified the location of the incident as "Folsom State Prison," and it did not address or reference the original claim supposedly submitted to Sacramento County. (Petition Ex. B at 1.)

Alcala concedes she did not submit a claim to the State of California within six months of the April 12, 2024 incident. (Petition at p. 2.) On April 24, 2025, Alcala filed the present petition requesting the court exempt her from the Government Claims Act's requirement that she present a claim to the Government Claims Program within six months of the incident. (*Id.* at p. 3.)

## ARGUMENT

### I. COMPLIANCE WITH THE GOVERNMENT CLAIMS ACT IS MANDATORY AND RELIEF IS ALLOWED ONLY IN LIMITED CIRCUMSTANCES WITH EVIDENCE OF MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT

The intent of the Government Claims Act is "not to expand the rights of plaintiffs against government entities. Rather, the intent of the act is to confine potential governmental liability to rigidly delineated circumstances." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776 (*Munoz*); see *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 36 ["California, like all other states, enjoys sovereign immunity against claims for money damages. The Claims Act represents a limited waiver of that immunity, and provides that plaintiffs may bring actions against the state, local public entities, and public employees if they comply with strict procedural requirements."].) California's claim-presentation requirement affords public entities early notice of claims—before redress is sought in court—to permit investigation and evaluation while evidence is available, an opportunity to employ a prompt remedy and minimize the risk of similar harm to others, to settle disputes without incurring the cost of litigation, and to engage in fiscal planning to address prospective liabilities ultimately borne by taxpayers. (*Shirk v. Vista Unified School Dist*. (2007) 42 Cal.4th 201, 213, as modified (Oct. 10, 2007).) No action for damages can be brought against a public entity or a public employee for actions taken within the scope of the person's employment until a claim satisfying the Government Claims Act's requirements has been properly submitted and denied. (Gov. Code §§ 910, 945.4; *Blair v. Superior Court* (1990) 218 Cal.App.3d 221, 224.)

The Government Claims Act requires a person with a claim against the State or a State employee to submit a claim with the Department of General Services' Government Claims

Program before filing a lawsuit against the public entity or public employee. (Gov. Code, §§ 905.2, 911.2, 945.4; *State v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1237; see *Abarca v. Reyes* (Feb. 4, 2026, No. 1:24-cv-00624-FRS (BAM) (PC)) 2026 WL 295531, at *4.) The statute defines the "state" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State." (Gov. Code, § 900.6.) A claim alleging an injury must be submitted within six months of the accrual of the cause of action. (Gov. Code, § 911.2, subd. (a).) Failure to properly submit a timely claim bars a plaintiff from filing a lawsuit asserting state-law causes of action. (*State v. Superior Court (Bodde)*, *supra*, 32 Cal.4th at p. 1239.)

When a claimant misses the six-month deadline to submit their claim, the claimant must apply to the public entity for leave to present a late claim. (Gov. Code, § 911.4; *Munoz*, *supra*, 33 Cal.App.4th at p. 1779.) The application to file a late claim must be filed within a reasonable time "not to exceed one year after the accrual of the cause of action." (Gov. Code, § 911.4, subd. (b).) Also, an application "shall state the reason for the delay in presenting the claim." (*Ibid.*) If the application is denied, the claimant must petition the court for relief from the claim-filing requirements of the Government Claims Act. (Gov. Code, § 946.6, subd. (a); see Gov. Code, § 9116, subd. (c) ["If the board fails or refuses to act on an application within the time prescribed by this section, the application shall be deemed to have been denied on the 45th day"].)

A court shall grant the petition for relief if the claimant demonstrates by a preponderance of the evidence that the application for leave to present a late claim was made within a reasonable time not exceeding one year after the accrual of the cause of action, and one of the four criteria listed in Government Code section 946.6, subdivision (c) was met. (Gov. Code, § 946.6, subd. (c); *Munoz*, *supra*, 33 Cal.App.4th at p. 1777.) Relevant here is the first criteria, which requires the claimant prove their failure to timely and properly "present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim." (Gov. Code, § 946.6, subd. (c)(1).) "A petitioner or counsel for a petitioner must show more than the mere failure to discover a fact until too late; he or she must establish the failure to discover that fact in the use of reasonable diligence." (*Munoz*, *supra*, 33 Cal.App.4th 1767, 1783).

In determining whether to grant or deny a petition for relief from the Government Claims Act's requirements, the trial court must exercise discretion. (*Spencer v. Merced County Office of Education* (1997) 59 Cal.App.4th 1429, 1436 (*Spencer*).) The general policy favoring trial on the merits, however, cannot be applied so as to render ineffective statutory procedural requirements. (*Trailmobile, Inc. v. Superior Court* (1989) 210 Cal.App.3d 1451, 1455–1456.) A court properly exercises discretion when it denies a petition when a claim was timely submitted but submitted to the incorrect public entity. (*Spencer*, *supra*, 59 Cal.App.4th at p. 1436.)

## II. THE COURT SHOULD DENY ALCALA'S PETITION FOR RELIEF FROM THE REQUIREMENTS OF THE GOVERNMENT CLAIMS ACT

The court should deny Alcala's request to be relieved from the claim-presentation requirements of the Government Claims Act, because Alcala does not provide sufficient evidence to support her petition. Even if the court concludes Alcala provided some evidence to support her petition, Alcala fails to carry her burden to prove that she is entitled to be excused from the claim-filing requirement.

### A. Alcala Identifies Insufficient Evidence to Support Her Petition to Avoid the Government Claims Act

Alcala provides insufficient evidence to support her petition to excuse her failure to submit a claim to the Government Claims Program or that she timely but improperly submitted a claim to Sacramento County. (See generally Petition.) The only admissible evidence submitted with the petition relevant to Alcala's requirement that she prove excusable neglect for her failure to comply with the Government Claims Act is her declaration describing her relationship to Leong and the status of Leong's estate. (Petition Ex. A [Alcala Decl.].) This declaration does not explain, as required under Government Code section 946.6, subdivision (c), why Alcala did not timely and properly present her claim to the State, and requires denial of her petition. (*Ibid.*)

First, Alcala's declaration contains no testimony to explain why she submitted her claim to the County of Sacramento or facts regarding her efforts to present a claim. (Petition Ex. A [Alcala Decl.].) The declaration only states that (1) Alcala was Leong's mother; (2) no proceeding is pending for the administration of Leong's estate; (3) she is Leong's successor in interest; (4) she

is authorized to act on behalf of Leong's estate; (5) no other person has a superior right to commence an action on behalf of Leong; and (6) the facts in the complaint are correct to the best of her knowledge. (*Ibid.*) Alcala provides no testimony or admissible evidence about why she submitted her claim about an incident at Folsom State Prison to the County of Sacramento, or that she submitted her claim with the County of Sacramento. (*Ibid.*)

Counsel's argument, presented as declaration testimony, attempting to provide facts about Alcala's failure to submit her claim with the State is inadmissible. (Petition Ex. D [Counsel Decl. ¶¶ 2–4].) First, her counsel lacks personal knowledge about why Alcala submitted her claim about an incident at Folsom State Prison to the County of Sacramento. (See Evid. Code, § 702, subd. (a). ["the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter"].) According to her counsel's declaration, Alcala contacted his office regarding this matter in January 2025—almost four months after Alcala supposedly submitted her claim to Sacramento County. (Petition Ex. D [Counsel Decl. ¶¶ 2–3].) And her counsel was not provided a copy of the claim until the next month. (*Ibid.* [Counsel Decl. ¶ 3].) Alcala's counsel therefore has no personal knowledge about what occurred before Alcala contacted his office and has no personal knowledge about what, if anything, was submitted to Sacramento County. (See *People v. Lewis* (2001) 26 Cal.4th 334, 356 [to testify, a lay witness must have personal knowledge, which is "a present recollection of an impression derived from the exercise of the witness' own senses"].) Thus, counsel's statements about what Alcala supposedly did or did not do in September 2024 are inadmissible. (See Evid. Code, § 702, subd. (a).)

In addition to counsel's statements lacking personal knowledge, Alcala failed to authenticate the supposedly submitted claims attached to her petition as true and correct copies of those claims. (See generally Petition.) To be evidence, a writing must be authenticated. (Evid. Code, § 1401; see *Continental Baking Co. v. Katz* (1968) 224 Cal.App.3d 241, 524–526 [a document is not presumed to be what it purports to be]; *O'Laskey v. Sortino* (1990) 224 Cal.App.3d 241, 249 [without authentication, documentary evidence is irrelevant and therefore inadmissible].) In her declaration, Alcala did not mention the claim she supposedly submitted to Sacramento County; therefore, she fails to authenticate the claim. (Petition Ex. A [Alcala Decl.].)

Alcala's counsel does not authenticate any claim. (Petition Ex. D [Counsel Decl.].) Even if Alcala's counsel authenticated the supposedly submitted claim, he lacks foundation to authenticate the claim. (See *Sanchez v. Hillerich & Bradsby Co.* (2002) 104 Cal.App.4th 703, 720 [ruling documents inadmissible for lack of authenticity when counsel was not the custodian of the documents and did not know how the documents were prepared in the regular course of business, personally prepare the documents, and know the conditions under which the documents were prepared].) Therefore, the supposedly submitted claims are inadmissible.

Thus, because Alcala did not file admissible evidence to support her petition and does not provide sufficient admissible evidence to prove she submitted a claim in September 2024, the court should find that Alcala fails to provide sufficient evidence to prove excusable neglect necessary to be granted relief under Government Code section 946.6. (*Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 66 [denying petition for relief when "[n]o declaration or other competent evidence" supported the petition, despite counsel filing a declaration explaining the supposedly excusable error].)

**B. Even if the Court Considers Alcala's Evidence, Alcala Fails to Prove that Her Filing a Claim with the Wrong Public Entity Is Excusable Neglect**

Even if the court considers the inadmissible evidence attempting to provide facts about why Alcala failed to properly present her claim to the Government Claims Program, Alcala fails to carry her burden to prove that her failure constituted excusable neglect. (Gov. Code, § 946.6, subd. (c)(1).) Alcala identifies no case law to show that her story is excusable neglect. (See generally Petition.) Regardless, the Court of Appeal has denied a petition based on similar facts. (*Spencer v. Merced County Office of Education* (1997) 59 Cal.App.4th 1429, 1440.)

The parallels with *Spencer*, which held that submitting a claim with the wrong public entity is not excusable neglect, compel a similar outcome here. (*Spencer*, *supra*, 59 Cal.App.4th at p. 1440.) *Spencer* arose from an accident involving plaintiff and a driver that was acting in the course and scope of his employment with the Merced County Office of Education. (*Id.* at p. 1432.) Within six months of the accident, plaintiff submitted a claim to the County of Merced listing the driver as an employee of the County of Merced. (*Ibid.*) After the county rejected the

claim, plaintiff filed suit against the driver and County of Merced less than two months after submitting the claim. (*Ibid.*) A month later plaintiff discovered that Merced County and the Merced County Office of Education were separate entities and "that the wrong public entity had been served with the government tort claim." (*Ibid.*) Merced County Office of Education denied plaintiff's application for leave to present a late claim, and two months after the denial of her application, plaintiff filed a petition for relief from the Government Claims Act. (*Ibid.*)

The Court of Appeal affirmed the superior court's denial of plaintiff's petition. (*Spencer*, *supra*, 59 Cal.App.4th at p. 1440.) While plaintiff "was diligent in filing the complaint (albeit against the wrong public agency) and seeking to file a late claim, he presented absolutely no evidence that he had investigated the case, hired an investigator, or requested any information about the accident." (*Id.* at p. 1439.) Additionally, plaintiff had other readily accessible tools available to identify the proper public agency, such as the roster of public entities. (*Ibid.*) Even though the correct public entity's name was nearly identical to the name of the entity to which plaintiff submitted her claim, the superior court properly denied plaintiff's petition for relief from the claim-presentation requirement of the Government Claims Act. (*Id.* at p. 1439–1440.)

Alcala's lack of effort and issues with her claim are worse than those in *Spencer*. First, unlike *Spencer*, the names of the public entities are not close—California Department of Corrections and Rehabilitation and State of California compared to County of Sacramento. Second, Alcala provides no testimony, much less testimony showing "excusable neglect," relating to her supposedly submitting a claim. (Petition Ex. A [Alcala Decl.].) Third, Alcala's declaration and her counsel's declaration provide no explanation for why Alcala presented her claim to the County of Sacramento. (*Ibid.*; Petition Ex. D [Counsel Decl. ¶¶ 2–3].) Counsel's declaration states, without personal knowledge, that Alcala submitted a claim to the County of Sacramento. (*Id.* [Counsel Decl. ¶ 2].) The petition, including the declarations and exhibits in support, does not explain why Alcala supposedly submitted her claim to Sacramento County. (*Ibid.*) The declarations do not outline the investigation Alcala undertook, if any, when submitting her claim. (*Spencer*, *supra*, 59 Cal.App.4th at p. 1439 [plaintiff "presented absolutely no evidence that he had investigated the case, hired an investigator, or requested any information about the

accident"]; *Tackett*, *supra*, 22 Cal.App.4th at p. 66 [denying petition for relief when "[n]o declaration or other competent evidence" supported the petition, despite filing of counsel's declaration explaining the supposedly excusable error].)

Fourth, Alcala failed to present an application to present a late claim, and therefore Alcala fails a threshold requirement under Government Code section 946, subdivision (c). An application to submit a late claim "shall state the reason for the delay in presenting the claim." (Gov. Code, § 911.4, subd. (b).) Alcala did not include this necessary explanation in her claim to the Government Claims Program. (Petition Ex. B at p. 1.) Alcala's February 2025 claim does not provide any reason for her delay in presenting a claim to the Government Claims Program and does not mention that she supposedly submitted a claim to Sacramento County. (Petition Ex. B at p. 1.) *Spencer*, on the other hand, properly presented an application for leave to submit a late claim, and the Court of Appeal nevertheless denied the petition for relief. (*Spencer*, *supra*, 59 Cal.App.4th at p. 1433 [plaintiff presumably submitted a proper application for leave to present a late claim based on the court's statement that "[a]n application for leave to present a late claim was filed"]; see *Tackett*, *supra*, 22 Cal.App.4th at p. 62 [denying petition for relief even though the application to present a late claim explained the "reason for the delay in presenting this claim is the mistake, inadvertence, surprise, and excusable neglect of the claimant" [emphasis omitted]].) Alcala therefore failed to submit an application to present a late claim and therefore cannot petition for relief under Government Code section 946, subdivision (c), which requires that an application to present a late claim "was made."

Fifth, the statement that Alcala has been diligent in pursuing this matter since retaining counsel is irrelevant. (Petition Ex. D. [Counsel Decl. ¶ 6].) Diligence in pursuing this matter, months after the claim had supposedly been incorrectly submitted to Sacramento County and after the deadline to properly present her claim, is irrelevant to proving diligence in submitting the original claim. (See *Spencer, supra*, 59 Cal.App.4th at p. 1439 [denying petition for relief when plaintiff "was diligent in filing the complaint (albeit against the wrong public agency) and seeking to file a late claim, he presented absolutely no evidence that he had investigated the case, hired an

investigator, or requested any information about the accident"].) Therefore, the petition lacks sufficient facts to ascertain that Alcala's incorrect submission of her claim is excusable neglect.

In addition to *Spencer* compelling a denial of Alcala's petition, Alcala cannot prove excusable neglect, because any argument that she believed the County of Sacramento was the proper public entity is not excusable. (Gov. Code, § 946.6, subd. (c)(1).) Alcala should have known that the proper public entity was the State. (See *Spencer, supra*, 59 Cal.App.4th at p. 1439; see *Abarca v. Reyes*, *supra*, 2026 WL 295531, at *4 [a person with a claim against the State must submit a claim "to the Department of General Services' Government Claims Program"].) First, the claim supposedly submitted with Sacramento County identified the location of the incident as Folsom State Prison. (Petition Ex. C.) Top internet search results for Folsom State Prison, however, would have show that "[i]t is one of 34 adult institutions operated by the California Department of Corrections and Rehabilitation." (Folsom State Prison; *Wikipedia* <https://en.wikipedia.org/wiki/Folsom_State_Prison> [as of Feb. 9, 2026]; see Folsom State Prison (FSP), Represa CA, *Cal. Dept. of Corrections and Rehabilitation* <https://www.cdcr.ca.gov/facility-locator/fsp/> [as of Feb. 9, 2026].) Moreover, the name of the institution—Folsom State Prison—expressly identifies the facility as a "State" institution, not a county institution. Thus, it is not excusable for Alcala to believe that the proper public entity to present a claim to about an incident that occurred at Folsom State Prison was Sacramento County.

The abstract of judgment, which formalized Leong's criminal conviction and sentence, expressly stated Leong "was sentenced to State Prison" for a life sentence. (Chastain Decl. Ex. A.) The abstract of judgment was issued in May 2011 and was reissued as recently as August 2020. (*Ibid.*) Thus, it is not excusable for Alcala to believe that the proper public entity to present a claim to about an incident involving Leong when Leong was sentenced to serve a life sentence at a State Prison was the County of Sacramento.

Throughout Leong's more than 10 years of incarceration after being "sentenced to State Prison" (Chastain Decl. Ex. A), Leong had been incarcerated at 11 State prisons located in 10 different counties (*Id.* ¶ 4). Of those State institutions, the names of five of the institutions identify them as "State" institutions—High Desert *State* Prison; San Quentin *State* Prison;

California *State* Prison, Los Angeles County; Kern Valley *State* Prison; and California *State* Prison, Sacramento. (*Ibid.*) Five of the institutions are identified by name as "California" institutions—*California* Men's Colony; *California* State Prison, Los Angeles County; *California* Correctional Institution; *California* Medical Facility; and *California* State Prison, Sacramento. (*Ibid.*) Moreover, Leong was never housed at Folsom State Prison. (See *ibid.*) None of the institutions identify that they are institutions having any connection with the County of Sacramento. (See *ibid.*) Thus, it is not excusable for Alcala to believe that the proper public entity to present a claim to about an incident involving Leong when Leong had been housed at State institutions for more than a decade while serving a life sentence was the County of Sacramento.

### C. Proceeding Without Representation Does Not Excuse Alcala's Incorrect Claim Submission with Sacramento County

Alcala's apparent blaming of the incorrect submission of her claim with Sacramento County on her being without counsel fails to prove excusable neglect. (See Petition ¶ 2 [highlighting the submission to Sacramento County occurred "without legal counsel"].) Alcala identifies no legal authority to support an argument that unrepresented individuals are given any special treatment regarding compliance with the claim-presentation requirement of the Government Claims Act. (See generally Petition.)

Being without counsel does not give extra leeway in the excusable neglect analysis. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413 (*Hopkins*) [The "naïveté" of lay litigants in "rely[ing] on themselves to protect their substantial legal interests" does not afford a ground for relief from adverse results [quoting *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 979]].) One who voluntarily represents themselves "is not . . . entitled to any more (or less) consideration than a lawyer. Thus, any alleged ignorance of legal matters or failure to properly represent [themselves] can hardly constitute 'mistake, inadvertence, surprise or excusable neglect.'" (*Hopkins*, *supra*, 200 Cal.App.4th at p. 1413 [quoting Code Civ. Proc., § 473, subd. (b)].) Additionally, Alcala provides no evidence to show that she was diligently but unsuccessfully attempting to secure counsel upon learning of her claims against the State. (Petition Ex. A [Alcala Decl.].) Instead, Alcala did not contact her counsel until January 19,

2025—more than nine months after the April 2024 incident. (*Ibid.* [Counsel Decl. ¶ 2].) Therefore, Alcala being unrepresented when she supposedly submitted her claim to the County of Sacramento is not excusable neglect.

* * *

Thus, Alcala fails to prove her conduct constituted excusable neglect.

**CONCLUSION**

For the foregoing reasons, the Court should deny Alcala's petition for relief, under Government Code section 946.6, subdivision (c), from the claim-presentation requirement of the Government Claims Act.

Dated: February 13, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General

CHRISTIAN M. GEORGELY
Deputy Attorney General
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

SA2025605490
39644684

# EXHIBIT 18

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/13/2026
By: E. Macdonald Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,** Plaintiff, **v.** **CALIFORNIA, et al.,** Defendants. | Case No. 25CV010069<br>**DECLARATION OF J. CHASTAIN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE CLAIM-PRESENTATION REQUIREMENT OF THE GOVERNMENT CLAIMS ACT**<br>Date: February 23, 2026<br>Time: 1:30 p.m.<br>Dept: 25<br>Judge: Hon. Julie G. Yap<br>Trial Date: Not Set<br>Action Filed: April 24, 2025 |

I, J. Chastain, declare:

1. I am a Correctional Counselor II (Specialist) employed by the California Department of Corrections and Rehabilitation (CDCR) at California State Prison, Sacramento (CSP Sacramento), where I serve as the institution's Litigation Coordinator. I am competent to testify to the matters set forth in this declaration and, if called upon, could and would do so. I submit this

declaration in support of defendant's opposition to plaintiff's petition for relief from the claim-presentation requirement of the Government Claims Act.

2. I am an authorized and frequent user of CDCR's Strategic Offender Management System (SOMS) and Electronic Records Management System (ERMS). SOMS and ERMS are real-time electronic databases for various categories of information regarding the incarcerated population. SOMS contains information that identifies which institution an incarcerated person has been housed at while incarcerated. This document is identified as "Bed Assignments." ERMS contains documents that include a copy of an incarcerated person's abstracts of judgment issued by California superior courts. CDCR maintains SOMS and ERMS as regularly conducted activity. Entries in SOMS and ERMS are made at or near the time of the occurrence by CDCR employees with knowledge of the events being recorded and who have the authority and responsibility to record the information accurately. I have access to the SOMS and ERMS file for incarcerated persons that have been housed at CSP Sacramento.

3. At the request of the Office of the California Attorney General, I reviewed Christopher Leong's (AH4495) SOMS and ERMS records related to Leong's housing assignments and abstracts of judgment. Attached as **Exhibit A** is a true and correct copy of Leong's Abstract of Judgment contained in Leong's ERMS file.

4. Based on my review of Leong's SOMS file, while Leong was incarcerated, he was incarcerated at 11 institutions, which are (1) High Desert State Prison; (2) San Quentin State Prison; (3) California Men's Colony; (4) California State Prison, Los Angeles County; (5) Kern Valley State Prison; (6) California Correctional Institution; (7) California Medical Facility; (8) California State Prison, Sacramento; (9) Mule Creek State Prison; (10) Richard J. Donovan Correctional Facility; and (11) Deuel Vocational Institution.

/ / /

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 13, 2026, in California.

J. Chastain
Litigation Coordinator
California State Prison, Sacramento

SA2025605490
39640962.docx

# EXHIBIT A

# ABSTRACT OF JUDGMENT - PRISON COMMITMENT - INDETERMINATE

*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*

CR-292

FILED / ENDORSED
AUG. 21 2020
By K. Swift, Deputy Clerk

nunc pro tunc to 5-20-11

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: SACRAMENTO

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: CHRISTOPHER LEONG    DOB: [redacted]
AKA:
CII NO.: A23027070
BOOKING NO.:
☐ NOT PRESENT

09F09096 -A
-B
-C
-D

COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT    ☑ AMENDED ABSTRACT

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 05-20-2011 | 18 | CHERYL MEEGAN |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER | ☐ IMMEDIATE SENTENCING |
|---|---|---|---|
| A. RAMOS | D. MERRIT, #5533 | A-459,446 | |

COUNSEL FOR PEOPLE: JEFF HIGHTOWER, DDA
COUNSEL FOR DEFENDANT: DONALD. DORFMAN, CAC ☒ APPTD.

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   __ (number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY: JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | PC | 246 | DISCHARGE FIREARM AT OCCUPIED VEHICLE | 2009 | 04-20-11 | X | | | | | |
| 4 | PC | 246 | DISCHARGE FIREARM AT INHABITED DWELLING | 2009 | 04-20-11 | X | | | | X | |
| 2 | PC | 664/187(A) | ATTEMPTED MURDER 2ND DEGREE | 2009 | 04-20-11 | X | | | | | X |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| COUNT | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|---|
| 2 | PC 12022.53(c) | S | 186.22(b)(4) | S | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM as follows:

4. ☐ LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts
5. ☐ LIFE WITH THE POSSIBILITY OF PAROLE on counts
6. a. ☒ 15 years to Life on counts **3 AND 4, EACH.**    c. ☐ __ years to Life on counts
   b. ☐ 25 years to Life on counts ___    d. ☐ __ years to Life on counts
   PLUS enhancement time shown above.
7. ☐ Additional determinate term (see CR-290).
8. Defendant was sentenced pursuant to ☐ PC 667(b)-(i) or PC 1170.12 ☐ PC 667.61 ☐ PC667.7 ☑ other *(specify)*: PC 186.22(b)(4)

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **CHRISTOPHER LEONG**

| | | | |
|---|---|---|---|
| 09F09096 -A | -B | -C | -D |

9. FINANCIAL OBLIGATIONS (plus any applicable penalty assessments):

a. Restitution Fine(s):
Case A: $ 10,000.00 per PC 1202.4(b) forthwith per PC 2085.5; 10,000.00 per PC 1202.45 suspended unless parole is revoked.
$ per PC 1202.44 is now due, probation having been revoked.
Case B: $ per PC 1202.4(b) forthwith per PC 2085.5; $ per PC 1202.45 suspended unless parole is revoked.
$ per PC 1202.44 is now due, probation having been revoked.
Case C: $ per PC 1202.4(b) forthwith per PC 2085.5; $ per PC 1202.45 suspended unless parole is revoked.
$ per PC 1202.44 is now due, probation having been revoked.
Case D: $ per PC 1202.4(b) forthwith per PC 2085.5; $ per PC 1202.45 suspended unless parole is revoked.
$ per PC 1202.44 is now due, probation having been revoked.

b. Restitution per PC 1202.4(f):
Case A: $ ☑ Amount to be determined to ☑ victim(s)*(Joint w/ Deft Carranco) ☐ Restitution Fund
Case B: $ ☐ Amount to be determined to ☐ victim(s)* ☐ Restitution Fund
Case C: $ ☐ Amount to be determined to ☐ victim(s)* ☐ Restitution Fund
Case D: $ ☐ Amount to be determined to ☐ victim(s)* ☐ Restitution Fund

☐ * Victim name(s), if known, and amount breakdown in item 11, below. ☐ * Victim names(s) in probation officer's report.

c. Fine(s):
Case A: $ per PC 1202.5. $ per VC 23550 or days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a) ☐ $__ Drug Program Fee per HS 11372.7(a) for each qualifying offense.
Case B: $ per PC 1202.5. $ per VC 23550 or days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a) ☐ $__ Drug Program Fee per HS 11372.7(a) for each qualifying offense.
Case C: $ per PC 1202.5. $ per VC 23550 or days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a) ☐ $__ Drug Program Fee per HS 11372.7(a) for each qualifying offense.
Case D: $ per PC 1202.5. $ per VC 23550 or days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a) ☐ $__ Drug Program Fee per HS 11372.7(a) for each qualifying offense.

d. Court Security Fee: $120.00 per PC 1465.8.

10. TESTING a. ☐ Compliance with PC 296 verified b. ☒ DNA per PC 296 c. AIDS per PC 1202.1 d. ☐ other *(specify)*:

11. Other orders *(specify)*:
**Defendant ordered to pay additonal court fees: main jail booking $270.17, Main Jail Class fee $51.34, Court Facility Fee $90.00**

12. IMMEDIATE SENTENCE:

☐ Probation to prepare and submit Post-sentence report to CDCR per PC 1203c.

Defendant's race/national origin:

13. EXECUTION OF SENTENCE IMPOSED:

a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
d. ☐ at resentencing per recall of commitment. (PC1170(d).)
e. ☐ other *(specify)*:

14. CREDIT FOR TIME SERVED

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|
| A | 598 days | 520 | 78 | ☐ 4019 ☑ 2933.1 |
| B | | | | ☐ 4019 ☐ 2933.1 |
| C | | | | ☐ 4019 ☐ 2933.1 |
| D | | | | ☐ 4019 ☐ 2933.1 |
| Date Sentence Pronounced: 05-20-2011 | | Time Served in State Institution: DMH [ ] | CDCR [ ] | CRC [ ] |

15. The defendant is remanded to the custody of the sheriff ☒ forthwith
☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☐ the reception center designated by the director of the California Department of Corrections and Rehabilitation.
☒ other *(specify)*: **CDCR**

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| K. SWIFT | 8/21/20 nunc pro tunc to 05-20-11 |

# EXHIBIT 19

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/13/2026
By: E. Macdonald Deputy

# DECLARATION OF ELECTRONIC SERVICE AND SERVICE BY U.S. MAIL

**Case Name:** Alcala, Eva v. State of California, et al.
**Case Number:** 25CV010069
**Party Represented:** California Department of Corrections and Rehabilitation and State of California

## Declaration of Electronic Service

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California. My business address is 2550 Mariposa Mall, Room 5090, Fresno, CA 93721-2271, County of Fresno.

3. My electronic service address is Ashanti.Billings@doj.ca.gov.

4. On February 13, 2026, I electronically served the following document[s]:

   a. **DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE CLAIM PRESENTATION REQUIREMENT OF THE GOVERNMENT CLAIMS ACT**
   b. **DECLARATION OF J. CHASTAIN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE CLAIM-PRESENTATIO REQUIREMENT OF THE GOVERNMENT CLAIMS ACT**

5. I electronically served the aforementioned document[s] by emailing them to the following individual[s]:

Christopher N. Movafagh, Esq.
Amanda M. Jaeger
**E-mail Addresses**:
chris@movalegal.com
atty@movalegal.com
***Counsels for Plaintiff***

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on February 13, 2026.

| A. Billings | ***/s/ A. Billings*** |
|---|---|
| Declarant | Signature |

**Declaration of Service by U.S. Mail**

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California. My business address is 2550 Mariposa Mall, Room 5090, Fresno, CA 93721-2271, County of Fresno.

3. On February 13, 2026, I served the following document[s]:

    a. **DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE CLAIM PRESENTATION REQUIREMENT OF THE GOVERNMENT CLAIMS ACT**
    b. **DECLARATION OF J. CHASTAIN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE CLAIM-PRESENTATIO REQUIREMENT OF THE GOVERNMENT CLAIMS ACT**

4. I served the aforementioned documents by mailing them to the following individual[s]:

Christopher N. Movafagh, Esq.
Amanda M. Jaeger
Mova Law Group
3262 Rosecrans St.
San Diego, CA 92110
***Counsels for Plaintiff***

5. I am readily familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

6. On February 13, 2026, I enclosed the documents identified in paragraph [3] in a sealed envelope or package addressed to the persons at the address listed in paragraph [4] and placed the envelope for collection and mailing, following our ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on February 13, 2026.

| J. Vinton | ***/s/ J. Vinton*** |
|---|---|
| Declarant | Signature |

SA2025605490
95691790

# EXHIBIT 20

Christopher N. Movafagh, Esq., (SBN: #303979)
Amanda M. Jaeger, Esq., (SBN: #338177)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for Plaintiff, EVA ALCALA

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/13/2026
By: M. Valledor Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA;<br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et. al.,<br><br>Defendants. | Case No.: **25CV010069**<br><br>**PLAINTIFF EVA ALACALA'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026, HEARING ON OR, ALTERNATIVELY, EXTEND DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION**<br><br>**Date:** February 17, 2026<br>**Time:** 9:00 a.m.<br>Department: 25<br>Judge: Hon. Julie G. Yap<br><br>Date Filed: April 24, 2025<br>Trial Date: Not Set |

**INTRODUCTION**

Plaintiff EVA ALCALA ("Plaintiff") respectfully opposes the ex parte application filed by defendants CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and STATE OF CALIFORNIA (collectively, "Defendants") to continue the February 23, 2026, hearing on Plaintiff's Petition for Relief from the Claim Presentation Requirement of the Government Claims Act, or, alternatively, to extend nunc pro tunc Defendants' deadline to file their opposition.

This application should be denied for multiple independent reasons. First, Defendants have failed to make the affirmative factual showing of irreparable harm or immediate danger required by California

Rules of Court, rule 3.1201(c) for ex parte relief. A calendaring mistake by counsel is not an emergency – it is the consequence of counsel's own inexcusable neglect. Second, defense counsel's error in calculating the opposition deadline using calendar days instead of court days – when the Court's order expressly specified "court days" – does not constitute excusable neglect. It reflects a fundamental failure to read a clear court order and apply basic California procedural rules. Third, granting this application would materially prejudice Plaintiff, who specifically sought to advance the hearing date because of the imminent statutory deadline and who has diligently prosecuted this matter throughout. Fourth, the cases Defendants cite are inapposite, as they involve motions for relief from default under Code of Civil Procedure § 473, not ex parte applications to continue hearings.

The Court should deny the ex parte application in its entirety and proceed with the February 23, 2026 hearing as scheduled. If the Court elects to consider Defendants' late-filed opposition, it should do so without continuing the hearing, as Plaintiff is filing concurrently with this opposition to the ex parte a reply in support of Plaintiff's moving paperwork in the underlying motion.

**STATEMENT OF RELEVANT FACTS**

Plaintiff filed her Petition for Relief from the Claim Presentation Requirement of the Government Claims Act on or about April 24, 2025. The petition was originally set for hearing on May 6, 2026. Because Plaintiff's underlying claims are subject to time-sensitive statutory deadlines – specifically, Plaintiff's Petition needs to be resolved by April 11, 2026 – Plaintiff filed an ex parte application on December 12, 2025 to advance the hearing date.

Significantly, Defendants' office and Plaintiff's counsel conferred and agreed to advance the hearing to a date in February or March, as Defendants' office stated in the original communications that they wanted to ensure they had more than the required 9 Court days to respond to Plaintiff's Petition. Plaintiff's counsel filed an updated declaration in support of its ex parte application demonstrating Defendants' agreement to advance the hearing.

On December 26, 2025, this Court granted Plaintiff's ex parte application and advanced the hearing to February 23, 2026. The Court's order unambiguously provided that "[o]pposition papers shall be filed and served no later than **ten (10) court days** before the hearing date." Counting backward ten

court days from the February 23, 2026 hearing date, Defendants' opposition was due no later than **February 5, 2026.**

Defense counsel, Christian M. Georgely, was assigned to this matter on December 24, 2025, and was notified of the Court's order on December 26, 2026. (Georgely Decl. ¶¶ 3-4.) From December 26, 2025, through the correct February 5, 2026, opposition deadline, defense counsel had approximately **five and a half weeks** to prepare and file its opposition. Despite this ample time, defense counsel failed to calendar the deadline correctly.

Defense counsel did not discover his error until February 12, 2026 – one full week after the actual deadline had passed – when he received Plaintiff's notice of remote appearance, which prompted him to re-review the Court's order. (Georgely Decl. ¶ 5.) Defense counsel contacted Plaintiff's counsel via email to request an extension. Plaintiff's counsel appropriately declined. (Id.)

Defendants no seek to continue the hearing to March 2, 2026, or alternatively, to retroactively extend their opposition deadline to February 13, 2026 – the very date they incorrectly calculated as the deadline in the first instance.

Significantly, Defendant's counsel did not give adequate notice on this Ex Parte motion. Defendants' counsel gave notice of this ex parte motion on Friday, February 13, at 2:00 p.m. by e-mail. Per the Rules of Court, Ex Parte notice is required to be given by 10 a.m. the court day before the ex parte hearing. Given that February 13 is the court day before February 17, when Defendant's counsel has scheduled this ex parte hearing, the notice of this ex parte hearing is insufficient and the ex parte should be denied on that basis alone.

## LEGAL ARGUMENT

### I. DEFENDANTS' EX PARTE APPLICATION MUST BE DENIED FOR FAILURE TO COMPLY WITH THE NOTICE REQUIREMENTS OF CALIFORNIA RULES OF COURT, RULE 3.1203

As a threshold matter, Defendants' ex parte application is procedurally defective because Defendants failed to provide timely notice as mandated by California Rules of Court, rule 3.1203(a). This deficiency alone warrants denial of the application.

#### a. The Applicable Notice Requirements

California Rules of Court, rule 3.1203(a) provides in pertinent part: "A party seeking an ex parte order must notify all parties no later than 10:00 a.m. the court day before the ex parte appearance, absent a showing of exceptional circumstances that justify a shorter time for notice." Sacramento County Local Rule 2.35 imposes the same requirement, mandating that all ex parte applications be reserved before 10:00 a.m. on the court day before the hearing.

In addition, California Rules of Court, rule 3.1204(b) requires that the ex parte application include a declaration regarding notice that identifies: "(1) The notice given, including the date, *time*, manner, and name of the party informed, the relief sought, any response, and whether opposition is expected and that, within the applicable time under rule 3.1203, the applicant informed the opposing party where and when the application would be made." If notice was provided after the 10:00 a.m. deadline, the declaration must explain the "exceptional circumstances that justify the shorter notice." (Cal. Rules of Court, rule 3.1204(b)(2)(A).)

**b. Defendants Failed to Provide Timely Notice of the Ex Parte Hearing**

Defendants' ex parte application is set for hearing on Tuesday, February 17, 2026, at 9:00 a.m. Monday, February 16, 2026, is Presidents' Day – a court holiday under government code 6700. Therefore, the "court day before the ex parte appearance" is Friday, February 13, 2026. Defendants were required to provide Plaintiff notice of the ex parte application no later than **10:00 a.m. on Friday, February 13, 2026.** Defendants did not meet this deadline. Defendants did not provide notice of the ex parte hearing until 2:15 p.m. on Friday, February 13, 2026.

**c. Defendants' Notice Declaration is Deficient Under Rules 3.1204**

Rule 3.1204(b) requires a specific declaration regarding notice that states the date, time, and manner of notice, whether the opposing party was informed of where and when the application would be made, any response, and whether opposition is expected. The Georgely declaration fails to satisfy these requirements. It does not state: (1) the specific date and time that Plaintiff's counsel was notified of the ex parte hearing (as opposed to the extension request); (2) that Plaintiff's counsel was informed of the date, time, and department for the ex parte appearance; or (3) whether opposition is expected. Instead, Defendants appear to conflate the February 12, 2026, email requesting a stipulated extension with formal notice of the ex parte hearing – a hearing that was not even scheduled as of that date.

Nor does the Georgely Declaration identify any "exceptional circumstances" that would justify shorter notice, as required by rule 3.1204(b)(2)(A) when notice is given after the 10:00 a.m. deadline. The only "circumstance" Defendants identify is defense counsel's own calendaring error – which, as discussed below, does not constitute excusable neglect, let alone the kind of exceptional circumstance that justifies curtailing an opposing party's right to adequate notice.

Strict compliance with ex parte notice requirements is essential to protect the due process rights of opposing parties. Ex parte proceedings, by their nature, deprive the non-moving party of the time to prepare that is afforded by noticed motion. The notice requirement is the minimum procedural safeguard against this inherent imbalance. When an applicant fails to comply with even this minimal requirement, the application should be denied. (*See* Cal. Rules of Court, rule 3.1206 ["Absent exceptional circumstances, no hearing may be conducted unless such service has been made."].)

## II. DEFENDANTS FAIL TO DEMONSTRATE IRREPARABLE HARM OR IMMEDIATE DANGER AS REQUIRED FOR EX PARTE RELIEF

Ex parte relief is extraordinary and requires strict compliance with procedural rules. California Rules of Court, rule 3.1202(c) mandates that "[a]n applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte." This is a high standard. As one judge has explained, in order to receive ex parte relief, there must be a significant risk of danger – a standard that is not met by a party's own failure to meet a deadline. (*See* Sacramento County Local Rule 2.35(A); Cal. Rules of Court, rule 3.1202(c).)

Defendants' declaration fails to identify any irreparable harm or immediate danger. The sole basis for the application is that defense counsel made a calendaring error. But a self-created emergency arising from counsel's own failure to correctly read a court order is not the type of exigency that warrants the extraordinary remedy of ex parte relief. Courts have consistently held that ex parte applications should be reserved for genuine emergencies, not situations where a party's own negligence has created the need for urgent judicial intervention.

Defendants' only claimed "harm" is that, absent relief, their opposition may not be considered. But that is not irreparable harm to Defendants – it is the natural and foreseeable consequence of

missing a clearly articulated court-ordered deadline. If every missed deadline constituted irreparable harm sufficient for ex parte relief, the procedural requirements of the California Rules of Court would be rendered meaningless.

## III. DEFENSE COUNSEL'S CALENDARING ERROR IS INEXCUSABLE NEGLECT, NOT EXCUSABLE NEGLECT

Defense counsel's error in calculating the opposition deadline is not the type of excusable mistake that warrants judicial relief. The Court's December 26, 2025, order did not use ambiguous language. It explicitly required opposition papers to be filed "no later than ten (10) **court days** before the hearing date." (Emphasis added.) The distinction between "court days" and "calendar days" is one of the most fundamental concepts in California Civil Procedure. (*See* Code Civ. Proc. § 12c (providing the method for counting days before a hearing date; Cod Civ. Proc. § 12a (defining how holidays affect computation of time).) It is not insignificant that there are TWO Court holidays that fall within the ten Court days before the hearing as set by this Court.

Defense counsel concedes he applied "federal court practices that uses calendar days to calculate deadline[s]." (Georgely Decl. ¶ 4.) But this case is not in federal court. It is in the Sacramento County Superior Court, which applies the Claifornia Rules of Court and the California Code of Civil Procedure. An attorney practicing in Claifornia state court has an obligation to know and apply state court procedural rules. As the American Bar Association has noted, calendar and deadline-related errors are the leading cause of malpractice actions against attorneys. The fact that such errors are common does not make them excusable.

To be excusable, neglect must reflect on the conduct of a reasonably prudent person under the circumstances. (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206.) Ignorance of the law or negligence in researching the law does not generally constitute an excusable mistake. Here, defense counsel's error was not a complicated calendaring calculation involving overlapping rules and service method extensions. It was a failure to apply the plain meaning two words – "court days" – that were explicitly spelled out in the court's own order. A reasonably prudent attorney would have: (1) read the court order carefully; (2) noted the words "court days"; and (3) applied the well-established method of

counting backward from the hearing date, excluding weekends and court holidays, per Code of Civil Procedure § 12c.

Moreover, the California Supreme Court has cautioned that "[t]he policy that the law favors trying all cases and controversies upon their merits should not be prostituted to permit the slovenly practice of law or to relieve courts of the duty of scrutinizing carefully the affidavits or declarations filed in support of motions for relief to ascertain whether they set forth, with adequate particularity, grounds for relief." (*Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 898, quoting *Transit Ads, Inc. v. Tanner Motor Livery, Ltd.* (1969) 270 Cal.App.2d 275, 282.) The Court further warned: "When inexcusable neglect is condoned even tacitly by the courts, they themselves unwittingly become instruments undermining the orderly process of the law." (Ibid.)

Defendants had over five weeks from the date defense counsel was assigned to this matter and received the Court's order (December 26, 2205) to the correct opposition deadline (February 5, 2026). There was no ambiguity in the deadline, no intervening event that prevented compliance, and no lack of resources – defense counsel is a Deputy Attorney General employed by the California Attorney General's Office, one of the largest and most well-resourced law offices in the state. The error is simply inexcusable.

## IV. GRANTING THE EX PARTE APPLICATION WOULD MATERIALLY PREJUDICE PLAINTIFF

Continuing the hearing would directly and materially prejudice Plaintiff. In her December 12, 2025, ex parte petition to advance the hearing, Plaintiff specifically identified that her petition needed to be resolved by April 11, 2026. That is precisely why Plaintiff moved to advance the hearing from May 6, 2026, to February 23, 2206 – to ensure adequate time for resolution before the statutory deadline.

If the Court continues the hearing to March 2, 2026) or later, as Defendants request), the time available for Plaintiff to resolve her petition before the April 11, 2026, deadline shrinks significantly. Any continuance erodes the very relief Plaintiff sought and this Court granted when it advanced the hearing date. Moreover, Defendants' reference to their own unavailability from March 9, through March 12, 2026 (Georgely Decl. ¶ 8) signals potential further delay if the March 2 date does not hold.

Courts routinely consider prejudice to the non-moving party when evaluating requests for continuances. (*See* Cal. Rules of Court, rule 3.1332(d)(5) ["The prejudice that parties or witnesses will suffer as a result of the continuance" is a factor in evaluating continuance requests].) Here, the prejudice to Plaintiff is concrete and significant: every day of delay moves Plaintiff closer to the April 11, 2026, deadline and risks undermining the very purpose of the advanced hearing date.

Furthermore, all parties had an obligation to object to the advanced hearing date at the time it was sought. Defendants did not oppose Plaintiffs' ex parte application to advance the hearing. Having acquiesced to the February 23, 2026, hearing date, Defendants cannot now credibly claim that the timeline is unworkable.

## V. DEFENDANTS' CITED AUTHORITES ARE INAPPOSITE

Defendants rely on *Communidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116 and *Haviland v. Southern California Edison Co.* (1916) 172 Cal. 601 for the proposition that their calendaring error warrants relief. Neither case supports granting this ex parte application.

Both *Communidad en Accion* and *Haviland* involved motions for relief from default under Code of Civil Procedure § 473 – a fundamentally different procedural mechanism with different standards and policy considerations. Section 473 provides a mandatory statutory safety net for parties who have been defaulted due to attorney mistake, with mandatory relief available when an attorney submits a declaration of fault. That statutory framework simply does not apply here. Defendants have not been defaulted. No judgment has been entered against them. They missed a filing deadline for opposition papers on a petition.

The appropriate framework for this application is the standard governing ex parte relief under California Rules of Court, rule 3.1202, which requires a showing of irreparable harm or immediate danger. Defendants have made no such showing. The fact that relief may be available under section 473 in certain default contexts does not transform every missed deadline into an emergency warranting ex parte intervention.

## VI. DEFENDANTS' PREVIEW OF THEIR SUBSTANTIVE DEFENSE IS IRRELEVANT TO THE PROCEDURAL QUESTION BEFORE THE COURT

Throughout their application, Defendants repeatedly reference their intended sovereign immunity defense and cite *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30. This is a transparent attempt to generate judicial sympathy by previewing the merits of their anticipated opposition. It is irrelevant to the procedural question of whether Defendants are entitled to ex parte relief from their own calendaring error.

The merits of Defendants' sovereign immunity argument have no bearing on whether defense counsel's neglect was excusable, whether Defendants face irreparable harm, or whether Plaintiff would be prejudiced by a continuance. The Court should evaluate this application solely on the procedural grounds presented, not on Defendants' desire to signal the strength of their anticipated arguments.

## VII. ALTERNATIVELY, IF THE COURT CONSIDERS DEFENDANTS' LATE-FILED OPPOSITION, IT SHOULD DO SO WITHOUT CONTINUING THE HEARING

Should the Court be inclined to afford Defendants any accommodation, Plaintiff respectfully submits that the least prejudicial course would be to permit the late-filed opposition to be considered without continuing the February 23, 2026, hearing date. This would preserve Plaintiff's critical timeline while still allowing Defendants' arguments to be heard.

Plaintiff's reply to Defendants' opposition – if Defendants' opposition had been timely received – would have been due on February 13, 2026, the very day Plaintiff received Defendants' opposition. As such, Plaintiff intend to file its reply in support of Plaintiff's original motion the same day. Should this Court find it necessary to consider Defendants' opposition to Plaintiff's motion, Plaintiff's reply shall still be timely filed for this Court's consideration. While the compressed timeline of drafting and filing a reply within mere hours is not ideal and was caused entirely by Defendants' negligence, Plaintiff is willing to bear this burden rather than suffer the greater prejudice of a continued hearing that threatens her ability to meet the April 11, 2026, deadline.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' ex parte application in its entirety and proceed with the February 23, 2026, hearing as current scheduled. If the Court is inclined to afford Defendants any relief, Plaintiff requests that the Court accept Defendants'

late-filed opposition without continuing the hearing and allow Plaintiff a reasonable opportunity to file a late reply.

Dated: February 13, 2026

**Mova Law Group, APLC**

Amanda Jaeger

By:______________________________

Christopher N. Movafagh, Esq.

Amanda Jaeger, Esq.

Attorneys for Plaintiff

**PROOF OF SERVICE**

I, Amanda Jaeger, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 3262 Rosecrans Street, San Diego, CA 92110.

On February 13, 2026, I served the foregoing documents described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE**

on the party or parties in this action by placing the original or a true and correct copy thereof in a sealed envelope addressed as follows:

Christian M. Georgely, Deputy Attorney General
California Department of Justice
Office of the Attorney General - Correctional Law Section
1300 I Street
Sacramento, CA 95814
Telephone: (916) 210-7334
E-Mail: christian.georgely@doj.ca.gov
Representing: Defendants, State of California and California Department of Corrections and Rehabilitation

[X] BY E-MAIL OR ELECTRONIC TRANSMISSION: Pursuant to Code of Civil Procedure § 1010.6(e), I caused the document(s) to be sent from admin@movalegal.com (sender's email address) to the person(s) at the e-mail address(es) listed above.

EXECUTED on February 13, 2026, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Amanda Jaeger

Amanda Jaeger

# EXHIBIT 21

Christopher N. Movafagh, Esq., (SBN: #303979)
Amanda M. Jaeger, Esq., (SBN: #338177)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for Plaintiff, EVA ALCALA

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/13/2026
By: M. Valledor Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA;<br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et. al.,<br><br>Defendants. | Case No.: **25CV010069**<br><br>**PLAINTIFF EVA ALACALA'S REPLY IN SUPPORT OF PETITION FOR ORDER RELIEVING PLAINTIFF FROM GOVERNMENT CLAIMS REQUIREMENT**<br><br>**Date:** February 23, 2026<br>**Time:** 1:30 p.m.<br>Department: 25<br>Judge: Hon. Julie G. Yap<br><br>Date Filed: April 24, 2025<br>Trial Date: Not Set |

**INTRODUCTION**

Defendants' opposition is a masterclass in elevating form over substance. Rather than addressing the merits of Plaintiff's claims – which arise from the wrongful death of Christopher Leong while in CDCR custody – Defendants seek to permanently bar a grieving mother from her day in court by exploiting the technical missteps of an unpresented lay person navigating one of the most complex procedural frameworks in California law. The California Supreme Court has made clear that such an outcome contravenes both the letter and spirit of Government Code § 946.6.

Defendants' arguments fail on every front. Their evidentiary objections are curable and meritless. Their reliance on *Spencer v. Merced County Office of Education* (1997) 59 Cal.App.4th 1429 is misplaced, as that case is factually distinguishable and, in any event, is superseded on the controlling legal standards by the California Supreme Court's decision in *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270. Their arguments regarding pro se status ignore the totality-of-the-circumstances analysis required by law. And their assertion that the State suffered no prejudice – an argument they do not even bother to make – only reinforces why relief should be granted.

Indeed the irony of Defendants' position should not be lost on this Court. IN their own opposition, defense counsel candidly admits to *miscalendaring their opposition deadline* – yet they ask this Court to bar Plaintiff's wrongful death action because a grieving, unrepresented mother submitted her handwritten claim form to the wrong government office. If a trained Deputy Attorney General can make a calendaring error, surely a layperson mourning her son's death while in state custody can be forgiven for misidentifying the correct claims-processing entity.

**LEGAL ARGUMENT**

**I. THE CONTROLLING LEGAL STANDARD REQUIRES RESOLUTION OF DOUBTS IN FAVOR OF RELIEF AND TRIAL ON THE MERITS**

Before addressing Defendants' specific arguments, it is critical to set forth the proper legal framework – which Defendants conspicuously obscure. Government Code § 946.6 is a *remedial statute* intended to "provide relief from technical rules that otherwise provide a trap for the unwary claimant." (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435.) The California Supreme Court has unequivocally held that "wherever possible cases [should] be heard on their merits, and any doubts which may exist should be resolved in favor of the application." (*Id.*, citing *Viles v. State of California* (1967) 66 Cal.2d 24, 29.) Furthermore, "[u]nless inexcusable neglect is clear, the policy favoring trial on the merits prevails." (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 235.)

The relevant inquiry is whether "a reasonably prudent person under the same or similar circumstances" might have made the same error. (*Eberson, supra,* 35 Cal.3d at p. 435.) The court examines two factors: (1) the nature of the mistake or neglect; and (2) whether the claimant was otherwise diligent in investigating and pursuing the claim. (*Bettencourt, supra,* 42 Cal.3d at p. 276.)

Defendants' opposition focuses almost exclusively on the first facotr while ignoring the second, and misapplies both.

## II. DEFENDANTS' EVIDENTIARY OBJECTIONS ARE WITHOUT MERIT

### a. Alcala's Declaration, Counsel's Declaration, and the Exhibits Collectively Provide Sufficient Evidentiary Support

Defendants argue that Plaintiff's petition should be denied because (1) Ms. Alcala's declaration does not explain why she submitted her claim to Sacramento County; (2) counsel's delcaration lacks personal knowledge; and (3) the claim exhibits were not properly authenticated. These arguments fail both as a matter of law and fact.

First, regarding personal knowledge: Counsel's declaration properly testified to matters within his personal knowledge – specifically, when Ms. Alcala contacted his office (January 19, 2025), when he received a copy of the Sacramento County claim (February 10, 2025), and when he submitted the formal state claim (February 12, 2025). (Petition Ex. D ¶¶ 2-4.) These are not secondhand facts; they are events that occurred in counsel's own professional experience. Defendants cite no authority holding that an attorney's declaration regarding his own intake of a client, his own receipt of documents, or his own filing of a government claim lacks personal knowledge.

Second, regarding authentication: Defendants' authentication challenge is the very type of hyper-technical argument that § 946.6 was designed to overcome. Should the Court require testimony to authenticate exhibits, Plaintiff and her counsel remain available to the Court to do so. However, this should not be required for the Court to grant Plaintiff's Petition. However, Defendants' authentication argument ignores that the Court may consider "any other evidence presented at the hearing." (Gov. Code § 946.6(e); *Bettencourt, supra,* 42 Cal.3d at p. 275.) The legislature specifically empowered courts to look beyond the four corners of the initial petition. Even under Defendants' cramped reading, the Court has full authority to consider oral testimony at the hearing.

Critically, in *Bettencourt*, the California Supreme Court faced virtually identical objections. There, as here, the opposing party complained that "counsel's declaration did not explain why he assumed that Sacramento City College employees worked for the state or how he finally discovered his error." (*Bettencourt, supra,* 42 Cal.3d at p. 279.) The Supreme Court held that "these omissions do

not by themselves provide a proper basis for denying relief. Although counsel's declaration could have been more specific, *any doubts must be resolved in favor of granting relief.*" (*Id.*, citing *Ebersol, supra,* 35 Cal.3d at p. 435.) The same principle applies here.

**III. ALCALA'S SUBMISSION OF HER CLAIM TO SACRAMENTO COUNTY CONSTITUTES EXCUSABLE NEGLECT UNDER THE CONTROLLING SUPREME COURT AUTHORITY**

**a. Bettencourt, Not Spencer, Controls this Case**

Defendants anchor their entire opposition to *Spencer v. Merced County Office of Education* (1997) 59 Cal.App.4th 1429. But *Spencer* is a Court of Appeal decision that must be read in light of – and is limited by – the California Supreme Court's prior holding in *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270. In *Bettencourt*, the Supreme Court held that filing a government tort claim with the wrong public entity constituted excusable neglect. (*Id.* At pp. 278-279.) The Supreme Court's two-part test – examining (1) the nature of the mistake and (2) overall diligence – compels the same result here.

**i. <u>The nature of Mrs. Alcala's mistake was reasonable.</u>**

Ms. Alcala is a layperson – not an attorney. She had just lost her son to a violent death while in government custody. Overwhelmed with grief, she attempted to do what the legal system required: file a claim. She obtained a County of Sacramento claim form – precisely because the prison her son died at is physically located in Sacramento County – and filled it out by hand, identifying the incident, the date, the location, and the responsible entity (CDCR). Her claim form specifically named "California Department of Corrections & Rehabilitation (CDCR)" as the state agency against whom the claim was filed.

A reasonably prudent layperson in Ms. Alcala's position – a bereaved mother, unrepresented, with no legal training – could easily have made the same error. The distinction between filing a government claim with the County of Sacramento versus the State of California is not intuitive to a non-lawyer. Even *attorneys* routinely confuse which entity to file claims with, as *Bettencourt* itself demonstrates. (*Bettencourt, supra,* 42 Cal.3d at p. 278 [experienced attorney filed claim with State instead of community college district].)

Defendants argue that the word "State" in "Folsom State Prison" should have alerted Ms. Alcala to file with the State of California rather than Sacramento County. This argument borders on the absurd. By that logic, any layperson who sees the word "State" in an institutional name should automatically understand the distinction between a county government and the state government claims process – a distinction that eludes even practicing attorneys. The California Supreme Court rejected precisely this type of hindsight reasoning in *Bettencourt*, where counsel's failure to notice the words "Los Rios Community College District" on a letterhead was deemed excusable. (*Id.* At p. 280.)

**ii. <u>Ms. Alcala was otherwise diligent.</u>**

Under *Bettencourt's* second prong, Ms. Alcala demonstrated constant diligence:

She submitted a claim within approximately five and a half months of her son's death – within the six-month window – demonstrating awareness of the need to act and an intent to pursue her rights. She identified the correct responsible agency (CDCR) on the claim form itself. She described the incident, the date, the location, and the nature of her claims. When she subsequently obtained legal counsel in January 2025, her attorneys acted swiftly: within three weeks of receiving her Sacramento County Claim form, they prepared and submitted a formal claim to the correct entity.

This sequence of events is far more diligent than what was presented in *Bettencourt*, where relief was granted despite the fact that counsel – not a layperson – made the error of filing with the wrong entity, and where the declaration "did not explain why he assumed that Sacramento City College employees worked for the state or how he finally discovered his error." (*Bettencourt, supra,* 42 Cal.3d at p. 279.)

**b. Spencer is Factually Distinguishable**

While Defendants lean heavily on *Spencer*, that case is distinguishable in several critical respects:

First, in *Spencer*, the claimant was represented by counsel throughout the relevant period. The attorney received a letter from the correct entity's counsel that specifically put him on notice of the correct public entity and the proper claim procedures. (*Spencer, supra*, 59 Cal.App.4th at p. 1434.) Despite this express notice, counsel still failed to correct his error. Here, Ms. Alcala was entirely

unrepresented when she submitted her claim. She received no correspondence from any entity informing her of her error.

Second, in *Spencer*, the attorney "presented absolutely no evidence that he had investigated the case, hired an investigator, or requested any information about the accident." (*Id.* At p. 1439.) Here, Ms. Alcala did investigate – to the extent a grieving layperson reasonably could. She obtained a claim form, filled it out with the correct factual information, correctly identified CDCR as the responsible agency, and timely submitted it within the statutory period.

Third, *Spencer* involved confusion between the County of Merced and the Merced County Office of Education – entities whose names overlap significantly and which an attorney should have been able to distinguish. Here, the confusion was of an entirely different character: a layperson's failure to understand the difference between a county government and a state government claim-processing system – a distinction that, as noted above, even attorneys frequently fail to make.

Fourth, the *Spencer* court itself acknowledged the primacy of *Bettencourt* and struggled to reconcile its holding with the Supreme Court's more permissive standard. To the extent there is any tension between *Spencer* and *Bettencourt*, this Court should follow *Bettencourt* – the binding Supreme Court authority – which holds that filing with the wrong entity can constitute excusable neglect. (*Bettencourt, supra,* 42 Cal.3d at pp. 278-279.)

## IV. MS. ALCALA'S UNREPRESENTED STATUS IS A RELEVANT FACTOR IN THE TOTALITY-OF-THE-CIRCUMSTANCES ANALYSIS

Defendants cite *Hopkinds & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413 for the proposition that unrepresented individuals receive no special treatment. But Defendants overstate this principle and misapply it. The California Supreme Court has explicitly held that "cases involving the neglect of attorneys must be distinguished from cases involving unrepresented clients." (*Ebersol, supra,* 35 Cal.3d at p. 435.) While a pro se litigant is not excused from all procedural requirements, the *standard for evaluating reasonableness* necessarily accounts for the litigant's circumstances – including their legal sophistication.

The question is not whether Ms. Alcala receives "special treatment," but whether a reasonably prudent *person* (not a reasonably prudent *attorney*) under the same or similar circumstances mist have

made the same error. (*Ebersol, supra*, 35 Cal.3d at p. 435.) A reasonably prudent person – grieving the violent death of her son in state custody, with no legal training, no attorey, and no prior experience with government claims – could reasonably have believed that submitting a claim form to Sacramento County (where the prison is located) that specifically named CDCR as the reasonable entity was sufficient to initiate the claims process.

Moreover, Ms. Alcala did not simply sit on her rights. She *actively sought legal representation* and, upon obtaining counsel, acted expeditiously. In *Ebersol*, the Supreme Court found excusable neglect where a layperson "tried to obtain legal assistance to enable her to prosecute her claim, but was misadvised and discouraged." (*Ebersol, supra,* 35 Cal.3d at pp. 432-433.) The same sympathetic circumstances apply here.

**V. THE FEBRUARY 2025 CLAIM SATISFIED THE THRESHOLD REQUIREMENTS, OR ALTERNATIVELY, THE COURT SHOULD TREAT THE PETITION ITSELF AS SATISFYING THE STATUTORY PREREQUISITES**

Defendants argue that Ms. Alcala failed to submit an "application to present a late claim" as required by Government Code § 911.4, and therefore cannot petition the Court under § 946.6. This argument elevates form over substance to an extreme degree.

The February 12, 2025, claim submitted to the Government Claims Program identified the incident, the date, the responsible entity, the legal theories, and the damages sought. It was submitted after the six-month deadline, and the "Late Claim Explanation" field on the form was addressed. The Government Claims Program was thus on full notice that the claim was late and had the opportunity to accept or reject it. Under Government Code § 911.6(c), if the board "fails or refuses to act on an application within the time prescribed," the application "shall be deemed to have been denied on the 45th day." The State's failure to respond to the February 2025 submission constitutes a deemed denial, satisfying the prerequisite for this Court's jurisdiction under § 946.6.

Furthermore, Government Code § 946.6(e) empowers this Court to consider "the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received by the court." This broad grant of authority permits the Court to evaluate the totality of the circumstances

rather than mechanically denying relief on technical grounds. (*See, Bettencourt, supra,* 42 Cal.3d at p. 275.)

## VI. DEFENDANTS HAVE SHOWN NO PREJUDICE, AND THE STRONG PUBLIC POLICY FAVORING TRIAL ON THE MERITS COMPELS GRANTING RELIEF

Government Code § 946.6(c)(1) provides that relief "shall" be granted if the failure to present the claim was through excusable neglect "unless the public entity establishes that it would be prejudiced." The burden of showing prejudice falls squarely on the public entity. (*Bettencourt, supra,* 42 Cal.3d at p. 279.) Defendants have not even *attempted* to make a showing of prejudice. Their opposition is entirely silent on this element.

And for good reason: there is no prejudice. CDCR has known about this incident since the day it occurred on April 12, 2024 – *because it happened at their own facility, involved their own officers, and resulted in the death of a person in their custody*. CDCR issued a public statement about the incident. CDCR conducted its own internal investigation. The witnesses are CDCR employees. The physical evidence and records are in CDCR's exclusive possession. No evidence has been lost or destroyed as a result of any delay. No witness has become unavailable.

Moreover, Ms. Alcala's September 2024 claim to Sacramento County explicitly named CDCR as the target entity and described the April 12, 2024 incident with sufficient specificity to serve the notice function underlying the Government Claims Act. The purposes of the claims statute – providing the government entity notice, the opportunity to investigate, and the chance to settle – have been fully served here. (*See, Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 213.)

The California Supreme Court in *Bettencourt* made the ultimate policy consideration crystal clear: "To hold otherwise would, in effect, totally bar plaintiff's' wrongful death action and would therefore contravene the strong public policy favoring trial on the merits." (*Bettencourt, supra,* 42 Cal.3d at p. 280.) That principle applies with even greater force here, where the decedent's death occurred in the State's own custody, the State possesses virtually all of the evidence, and the only person seeking accountability is a grieving mother who made her best effort to navigate a complex procedural system without a lawyer.

## VII. DEFENDANTS' ARGUMENT REGARDING FOLSOM STATE PRISON ACTUALLY SUPPORTS PLAINTIFF'S CLAIM OF EXCUSABLE CONFUSION

Defendants make much of the fact that Mr. Leong was actually incarcerated at California State Prison, Sacrament (CSP-SAC), not Folsom State Prison. Far from undermining Plaintiff's petition, this fact *strengthens* it. The Sacramento region contains multiple state prison facilities – California State Prison, Sacramento; Folsom State Prison; and Sacramento State Prison (Old Folsom) – all within close geographic proximity. The confusion between these facilities by a layperson further demonstrates the reasonableness of Ms. Alcala's overall confusion regarding the claims process. If Ms. Alcala could not even identify the exact prison facility among several similarly-named institutions in the same geographic area, it strains credulity for the State to argue she should have known the precise bureaucratic pathway for filing a government claim with the Department of General Services.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Grant Plaintiff's Petition pursuant to Government Code § 946.6;
2. Relieve Plaintiff from the claim presentation requirement under Government Code § 945.4;
3. Permit Plaintiff to file the Complaint promptly thereafter, or, in the alternative, deem the proposed Complaint filed; and
4. Grant such other and further relief as the Court deems just and proper.

Ms. Alcala's son died in state custody under circumstances that demand investigation, accountability, and a resolution on the merits. The Government Claims Act should not become a shield that permanently bars a grieving mother form her day in court because she submitted a handwritten claim form to the wrong government office. The California Supreme Court has made clear that "wherever possible cases [should] be heard on their merits, and any doubts which may exist should be resolved in favor of the application." (*Ebersol*, *supra,* 35 Cal.3d at p. 435.) This Court should resolve all doubts in favor of Ms. Alcala and grant the petition.

Dated: February 13, 2026

**Mova Law Group, APLC**

Amanda Jaeger

By:________________________________

Christopher N. Movafagh, Esq.

Amanda Jaeger, Esq.

Attorneys for Plaintiff

**PROOF OF SERVICE**

I, Amanda Jaeger, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 3262 Rosecrans Street, San Diego, CA 92110.

On February 13, 2026, I served the foregoing documents described as:

**PLAINTIFF'S REPLY IN SUPPORT OF PETITION FOR ORDER RELIEVING PLAINTIFF FROM GOVERNMENT CLAIMS REQUIREMENT**

on the party or parties in this action by placing the original or a true and correct copy thereof in a sealed envelope addressed as follows:

Christian M. Georgely, Deputy Attorney General
California Department of Justice
Office of the Attorney General - Correctional Law Section
1300 I Street
Sacramento, CA 95814
Telephone: (916) 210-7334
E-Mail: christian.georgely@doj.ca.gov
Representing: Defendants, State of California and California Department of Corrections and Rehabilitation

[X] BY E-MAIL OR ELECTRONIC TRANSMISSION: Pursuant to Code of Civil Procedure § 1010.6(e), I caused the document(s) to be sent from admin@movalegal.com (sender's email address) to the person(s) at the e-mail address(es) listed above.

EXECUTED on February 13, 2026, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Amanda Jaeger

Amanda Jaeger

# EXHIBIT 22

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/17/2026
By: S. Cade Deputy

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**CALIFORNIA, et al.,**<br><br>Defendants. | **Exempt from Filing Fees— Gov. Code, § 6103**<br><br>Case No. 25CV010069<br><br>**DEFENDANTS' REVISED EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR, ALTERNATIVELY, EXTEND *NUNC PRO TUNC* DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION; AND**<br><br>**DECLARATION OF COUNSEL**<br><br>Date: February 18, 2026<br>Time: 9:00 a.m.<br>Dept: 25<br>Judge: Hon. Julie G. Yap<br>Trial Date: Not Set<br>Action Filed: April 24, 2025 |

TO THE COURT AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on February 18, 2026, at 9:00 a.m., defendants California Department of Corrections and Rehabilitation and State of California will present to the Sacramento County Superior Court in Department 25, before Judge Julie G. Yap, this ex parte application to continue the February 23, 2026 hearing on plaintiff Alcala's petition for relief from the claim presentation requirement of the Government Claims Act.[1] Specifically, defendants request the hearing be continued to March 2, 2026, or the court's next available date. Alternatively, defendants request the court extend *nunc pro tunc* the deadline to file their opposition to plaintiff's petition. Defendants prefer the court continue the hearing, because this will provide plaintiff additional time to prepare a reply to defendants' opposition. Granting this application will ensure all parties' positions on plaintiff's petition is before the court.

This application is presented and made on the ground that defense counsel inadvertently mis-calendared the deadline to file defendants' opposition as February 13, 2026, when the correct deadline based on the rescheduled hearing date was February 5, 2026. The court's December 26, 2025 order granting plaintiff's ex parte application to advance the hearing on plaintiff's petition from May 6, 2026, to the current February 23, 2026 hearing date, stated that "[o]pposition papers shall be filed and served no later than ten (10) court days before the hearing date," which was February 5, 2026. Defense counsel, however, calculated the opposition deadline at 10 calendar days, which would make the opposition deadline February 13, 2026. Defense counsel apologizes to the court and counsel for plaintiff for this error. Defendants filed their opposition, *nunc pro tunc*, on February 13, 2026, where they will argue in support of defendants' sovereign immunity. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 36 ["California, like all other states, enjoys sovereign immunity against claims for money damages. The Claims Act represents a limited waiver of that immunity, and provides that plaintiffs may bring actions against the state, local public entities, and public employees if they comply with strict procedural requirements."].)

[1] Defendants rescheduled the February 17, 2026 hearing for the *ex parte* application to February 18, 2026 when counsel for plaintiff informed defense counsel that they would object to the February 17, 2026 hearing based on insufficient notice grounds.

Good cause exists to grant this request because defense counsel diligently responded to correct his mistake upon its discovery and the mistake is excusable. (See *Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1133 [reversing superior court's denial of request for relief after counsel incorrectly calendared a deadline]; *Haviland v. Southern California Edison Co.* (1916) 172 Cal. 601, 605 [granting defendant's request for relief after defense counsel incorrectly calendared a deadline].) Defendants therefore request the court continue the petition's hearing date to March 2, 2026, or shortly thereafter, or alternatively, extend *nunc pro tunc* the deadline for defendants to file their opposition to plaintiff's petition to February 13, 2026.

Before filing this motion and immediately when the error was discovered, defense counsel contacted plaintiff's counsel via email on February 12, 2026, to inform them of this request and the incorrect calculation of the opposition deadline. Plaintiff's counsel responded that they would not agree to extend the opposition deadline or continue the hearing.

This application is based on this notice and application, the declaration of Christian Georgely, a proposed order continuing the hearing date, an alternative proposed order extending defendants' opposition deadline, the court's files in this action, and any other matter the court deems appropriate.

Dated: February 17, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General

CHRISTIAN M. GEORGELY
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and Rehabilitation*

SA2025605490
39647079.docx

**DECLARATION OF CHRISTIAN M. GEORGELY**

I, Christian M .Georgely, declare:

1. I am an attorney licensed to practice law in this State and before this court. I am a Deputy Attorney General employed by the California Office of the Attorney General. I am counsel of record for defendants California Department of Corrections and Rehabilitation and State of California. I have personal knowledge as to the matters stated herein and could competently testify thereto if called to do so.

2. I make this declaration pursuant to California Rules of Court, rule 3.1202(c), which states that "[a]n applicant [for an ex parte application] must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte." (See L.R. 2.35(A).)

3. On December 24, 2025, I was assigned to this matter as the primary defense attorney. Because of the holidays, I had preplanned non-working days on December 24 and 25, 2025. In the afternoon on December 26, 2025, I was notified by email of the court's December 26, 2026 order granting plaintiff's ex parte application to advance the hearing on plaintiff's petition from May 6, 2026, to the current February 23, 2026 hearing date. In her December 12, 2025 ex parte petition to advance the hearing date on her petition for relief from the Government Claims Act, plaintiff stated the resolution of her petition needs to be resolved by April 11, 2026. The court's December 26 order provided that "[o]pposition papers shall be filed and served no later than ten (10) court days before the hearing date." Under the order, defendants' opposition deadline was February 5, 2026.

4. Consistent with my federal court practice that uses calendar days to calculate deadline, I incorrectly used calendar days to calculate the opposition deadline. I therefore inadvertently and incorrectly calculated the opposition deadline as February 13, 2026. I have been researching, have been drafting, had planned to, and was prepared to file defendants' opposition by February 13, 2026.

/ / /

5. I discovered my error on February 12, 2026, after I received plaintiff's counsel's notice of remote appearance at the February 23, 2026 hearing, which prompted me to re-review the court's December 26, 2026 order. Immediately on reviewing the order, recalculating the opposition deadline, and recognizing the mistake, I emailed plaintiff's counsel informing them of the error and requesting an extension of the hearing date to March 2, 2026, which is 10 court days after the incorrectly calculated opposition deadline. In response, plaintiff's counsel noted my assignment to this matter existed on December 26, 2025, and stated: "[w]e would not be in agreement to extend your deadlines to respond or continue the hearing."

6. Defendants intend to assert their sovereign immunity in opposition to plaintiff's petition for relief from the claim presentation requirement of the Government Claims Act. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 36 ["California, like all other states, enjoys sovereign immunity against claims for money damages. The Claims Act represents a limited waiver of that immunity, and provides that plaintiffs may bring actions against the state, local public entities, and public employees if they comply with strict procedural requirements."].) But for my incorrect calculation of the opposition deadline using calendar days instead of court days, defendants would have timely opposed plaintiff's petition and asserted their sovereign immunity.

7. As required by California Rules of Court, rule 3.1202, the name, address, email address, and telephone number of any attorney known to be an attorney of any party are Christopher N. Movafagh and Amanda M. Jaeger of the Mova Law Group, APLC, 3262 Rosecrans Street, San Diego, California 92110, chris@movalegal.com, atty@movalegal.com, (858) 333-4999, who represent plaintiff.

8. I will be arguing the opposition to plaintiff's petition if the court holds a hearing on the petition. Due to preplanned non-working days, I am not available from March 9, 2026, through March 12, 2026.

9. On February 12, 2026, I emailed counsel for plaintiff stating that defendants would be moving ex parte to continue the February 23, 2026 hearing on plaintiff's petition. On February 13, 2026, after the original application was served on counsel for plaintiff, counsel for

plaintiff emailed me at 4:10 p.m. stating she would be objecting to the original application on insufficient notice grounds. Twenty minutes after receiving plaintiff's counsel's email, I responded and stated defendants would work to reschedule the hearing to address her notice objection. Our of an abundance of caution, I rescheduled this hearing for February 18, 2026 using the court's online reservation system. Service of this revised application will occur by 10:00 a.m. on February 17, 2026. Additionally, plaintiff was served a copy of the original application containing the same requested relief and grounds for relief on February 13, 2026.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct. Executed on February 17, 2026, in California.

Christian M. Georgely
Deputy Attorney General

# EXHIBIT 23

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/17/2026
By: S. Cade Deputy

# DECLARATION OF SERVICE BY E-MAIL and U.S. MAIL

Case Name: **Alcala, Eva v. State of California, et al.**
Case No.: **25CV010069**

I declare:
I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. My business address is: 2550 Mariposa Mall, Room 5090, Fresno, CA 93721-2271. My electronic service address is Ashanti.Billings@doj.ca.gov. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On February 17, 2026, I served the attached

- **DEFENDANTS' REVISED EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR, ALTERNATIVELY, EXTEND NUNC PRO TUNIC DEFENDANTS' TO FILE THEIR OPPOISITON AND DECLARATION OF COUNSEL**
- **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTEAPPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT**
- **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTEAPPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS'DEADLINE TO OPPOSE PLAINTIFF'S PETITION FOR RELIEF FROM GOVERNMENT CLAIMS ACT**

by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Christopher N. Movafagh, Esq.
Amanda M. Jaeger
Mova Law Group
3262 Rosecrans St.
San Diego, CA 92110
***Counsels for Plaintiff***

Christopher N. Movafagh, Esq.
Amanda M. Jaeger
**E-mail Addresses**:
chris@movalegal.com
atty@movalegal.com
***Counsels for Plaintiff***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on February 17, 2026, at Fresno, California.

| A. Billings | */s/ A. Billings* |
|---|---|
| Declarant | Signature |

SA2025605490 /95691895

# EXHIBIT 24

Electronically Received 02/17/2026 09:02 AM

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

**EVA ALCALA,**

Plaintiff,

**v.**

**CALIFORNIA, et al.,**

Defendants.

**Exempt from Filing Fees— Gov. Code, § 6103**

Case No. 25CV010069

**[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT**

Pending before the court is defendants California Department of Corrections and Rehabilitation and State of California's ex parte application to continue the hearing on plaintiff Alcala's petition for relief from the claim presentation requirement of the Government Claims Act, or alternatively, extend *nunc pro tunc* defendants' deadline to file their opposition to plaintiff's petition. Good cause shown, defendant's request is GRANTED. The current

February 23, 2026 hearing on plaintiff's petition for relief from the claim presentation requirement of the Government Claims Act is continued to March 2, 2026, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: ______________________ ______________________________

JULIE G. YAP
SUPERIOR COURT JUDGE

# EXHIBIT 25

Electronically Received 02/17/2026 09:02 AM

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br>Plaintiff,<br>**v.**<br>**CALIFORNIA, et al.,**<br>Defendants. | **Exempt from Filing Fees— Gov. Code, § 6103**<br>Case No. 25CV010069<br>**[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXTEND *NUNC PRO TUNC* DEFENDANTS' DEADLINE TO OPPOSE PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT** |

Pending before the court is defendants California Department of Corrections and Rehabilitation and State of California's ex parte application to continue the hearing on plaintiff Alcala's petition for relief from the claim presentation requirement of the Government Claims Act, or alternatively, extend *nunc pro tunc* defendants' deadline to file their opposition to

plaintiff's petition. Good cause shown, defendants' request is GRANTED. Defendants' deadline to oppose plaintiff's petition is extended *nunc pro tunc* to February 13, 2026.

**IT IS SO ORDERED.**

Dated: ______________________________ ______________________________________________

JULIE G. YAP
SUPERIOR COURT JUDGE

# EXHIBIT 26

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO

Gordon D. Schaber Superior Court, Department 25

JUDICIAL OFFICER: HONORABLE JULIE G. YAP

Courtroom Clerk: L.Homsanith CSR: None

**25CV010069** February 23, 2026
9:00 AM

**ALCALA**
**vs**
**STATE OF CALIFORNIA, et al.**

## MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Ex-Parte Proceedings**

The Court is in receipt of Defendants State of California and California Department of Corrections and Rehabilitation's ("Defendants") "Ex Parte Application to Extend *Nunc Pro Tunc* Defendants' Deadline to File Their Opposition" or "Alternatively, Continue the February 23, 2026 Hearing." The motion is currently set to be heard on February 23, 2026, the same date as the hearing on this Application.

The Court rules on this matter without hearing. (Cal. Civ. Proc. Code § 166(a)(1); Sac. Sup. Ct. Local Rule 2.35(A); *see also Wilburn v. Oakland Hospital* (1989) 213 Cal.App.3d 1107, 1111.) The Court has reviewed the ex parte application and its supporting papers. The Court has also reviewed the original ex parte application and opposition thereto.

Defendants' application is DENIED. Defendants have not made an affirmative factual showing regarding the need for ex parte relief. (Cal. Rules of Court, rule 3.1202(c).) Accordingly, the request is denied.

The Court notes, as set forth in its tentative ruling on the Petition, that the Court has considered, in its discretion, the late filed opposition by Defendants.

/s/ L. Homsanith

By: L. Homsanith, Deputy Clerk

Entered on: 02/23/2026

# EXHIBIT 27

Christopher N. Movafagh, Esq., (SBN: #303979)
Amanda M. Jaeger, Esq., (SBN: #338177)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com

Attorneys for Plaintiff, EVA ALCALA

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/20/2026
By: M. Valledor Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| EVA ALCALA;<br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et. al.,<br><br>Defendants. | Case No.: **25CV010069**<br><br>**PLAINTIFF EVA ALACALA'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026, HEARING ON OR, ALTERNATIVELY, EXTEND DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION**<br><br>**Date:** February 23, 2026<br>**Time:** 9:00 a.m.<br>Department: 25<br>Judge: Hon. Julie G. Yap<br><br>Date Filed: April 24, 2025<br>Trial Date: Not Set |

**INTRODUCTION**

Plaintiff EVA ALCALA ("Plaintiff") respectfully opposes defendants California Department of Corrections and Rehabilitation and State of California's (Collectively, "Defendants") *third* ex parte application to extend *nunc pro tunc* defendants' deadline to file their opposition to plaintiff's petition for relief from the claim presentation requirement of the Government Claims Act, or alternatively, continue the February 23, 2026 hearing on plaintiff's petition.

This is defendants' third attempt to seek emergency relief for their own counsel's failure to correctly calendar the opposition deadline—a deadline clearly stated in the court's December 26,

2025, order. Despite two prior failed attempts and the court's denial without prejudice on February 18, 2026, defendants waited until February 20, 2026, to file the instant application, scheduling it for hearing on February 23, 2026—the very date of the long-scheduled hearing on plaintiff's petition for relief from the Government Claims Act. The timing and procedural history of defendants' serial ex parte applications demonstrate a pattern of neglect, not diligence, and granting the application would severely prejudice plaintiff.

Moreover, the equitable dimensions of this case are striking: defendants—represented by the Office of the Attorney General—ask this court to excuse their counsel's failure to correctly calculate a filing deadline, while simultaneously opposing plaintiff's petition for relief from the Government Claims Act. Plaintiff is a grieving mother whose straightforward mistake of presenting her government tort claim to the wrong entity is the very type of procedural error that defendants now ask the court to forgive on their own behalf. The court should deny defendants' application in its entirety.

**STATEMENT OF RELEVANT FACTS**

On April 24, 2025, plaintiff Eva Alcala filed the instant action. On December 12, 2025, Plaintiff filed an ex parte application to advance the hearing on her petition for relief from the Government Claims Act's claim presentation requirement. On December 26, 2025, the court granted plaintiff's ex parte application and advanced the hearing from May 6, 2026, to February 23, 2026. The court's order expressly stated that "[o]pposition papers shall be filed and served no later than ten (10) court days before the hearing date." The word "court" days was explicitly used. This established defendants' opposition deadline as February 5, 2026.

Defense counsel, Deputy Attorney General Christian M. Georgely, was assigned to this matter on December 24, 2025, and was notified of the court's order on the afternoon of December 26, 2025. (Decl. Georgely Supp. Ex Parte App. ("Georgely Decl.") ¶¶ 3–4.) Despite the court's order plainly specifying "court days," defense counsel calendared the opposition deadline using calendar days—consistent, he claims, with his "primarily federal court-based practice." (*Id.* ¶ 4.) This error resulted in defense counsel calculating the deadline as February 13, 2026, rather than the correct deadline of February 5, 2026.

Defense counsel did not discover his error until February 12, 2026—one week after the actual deadline had passed—when plaintiff's counsel's notice of remote appearance prompted him to re-review the court's order. (Georgely Decl. ¶ 5.) On February 12, 2026, defense counsel emailed plaintiff's counsel requesting an extension or continuance. Plaintiff's counsel declined. (*Ibid.*)

On February 13, 2026, defendants filed their opposition—eight court days late. That same day, defendants filed their first ex parte application seeking to extend the deadline or continue the hearing. Plaintiff timely filed an opposition to that first ex parte application and simultaneously filed her reply in support of her petition for relief.

On February 17, 2026, after plaintiff's counsel raised notice deficiencies with the first application, defendants filed a revised (second) ex parte application, served before 10:00 a.m. On February 18, 2026, the court denied that application without prejudice for "insufficient showing of notice and lack of compliance with California Rules of Court."

Despite receiving the court's denial on February 18, 2026, defendants waited until February 20, 2026, to file the instant application—their *third* attempt—and scheduled it for hearing on February 23, 2026, the very date and time of the hearing on plaintiff's petition. Plaintiff is now forced to oppose defendants' ex parte application for the third time, on the morning of the hearing she has spent months preparing for.

## LEGAL ARGUMENT

### I. DEFENDANTS HAVE NOT DEMONSTRATED IRREPARABLE HARM OR IMMEDIATE DANGER WARRANTING EX PARTE RELIEF

Ex parte applications require a showing of irreparable harm, immediate danger, or other statutory basis for granting relief. (Cal. Rules of Court, rule 3.1202(c).) Ex parte proceedings are designed to afford relief on an "essentially emergency basis." (*Newsome v. Superior Court* (2020) 51 Cal.App.5th 1093, 1097.) A court should deny an ex parte application that lacks the requisite showing. (*People ex rel. Allstate Ins. v. Suh* (2019) 37 Cal.App.5th 253, 257.) The moving party must establish "good cause to dispense with proceeding by noticed motion." (*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 523.)

Defendants claim they will suffer irreparable harm because their late-filed opposition may be deemed waived. But any harm defendants face is entirely self-inflicted. A party cannot create its own emergency through neglect and then demand ex parte relief. (*Datig v. Dove Books, Inc.* (1999) 73 Cal.App.4th 964, 978 [a party cannot manufacture an emergency by its own dilatory conduct and then seek ex parte relief based on that emergency].) Defendants' counsel had nearly six weeks—from December 26, 2025, to February 5, 2026—to file a timely opposition. The failure to do so, and the subsequent failure to properly present two prior ex parte applications, does not constitute irreparable harm warranting emergency relief; it constitutes a pattern of inexcusable neglect.

Furthermore, the "irreparable harm" defendants identify—the potential waiver of their opposition—is the direct and foreseeable consequence of their own counsel's failure to comply with a clearly stated deadline. Courts do not reward parties with emergency relief when the emergency is of their own making. (*Datig*, *supra*, 73 Cal.App.4th at p. 978.)

## II. DEFENDANTS' DELAY IN FILING THIS THIRD EX PARTE APPLICATION SEVERELY PREJUDICES PLAINTIFF

Defendants learned *before 10:00 a.m.* on February 18, 2026, that the court denied their revised ex parte application without prejudice. Defendants could have notified our office that same day that they were filing another ex parte application for February 19 or February 20, 2026. Yet defendants waited until February 20, 2026—two days later—to file the current application, and scheduled it for hearing on February 23, 2026: the very date of Plaintiff's long-scheduled hearing on her petition for relief from the Government Claims Act. The result is that five days elapsed between the court's denial and the hearing on this third application, during which Plaintiff received notice only after hours February 19 and the morning of 20, leaving Plaintiff's counsel effectively one business day to prepare an opposition while simultaneously preparing for the merits hearing on her petition.

This delay is unreasonable and severely prejudices Plaintiff. If Defendants' need for relief were truly an emergency, defense counsel would have acted immediately upon receiving the court's February 18 denial—not waited two days to file and then scheduled the hearing for five days later. California courts have consistently held that ex parte relief is inappropriate where the moving party's own delay has caused the alleged emergency. (See *Datig v. Dove Books, Inc.*, *supra*, 73 Cal.App.4th at

p. 978; see also *Newsome v. Superior Court*, *supra*, 51 Cal.App.5th at p. 1097 [ex parte proceedings afford relief on an "essentially emergency basis"].) A party who learns its application was denied on February 18 and schedules a new hearing on February 23—the very morning of the opposing party's petition hearing—has not acted with the diligence or urgency that ex parte relief demands.

The timing strongly suggests a strategy calculated to maximize disruption to Plaintiff's hearing preparation, rather than a genuine emergency requiring immediate judicial intervention. Plaintiff must now divert her preparation from the petition hearing—a hearing that was properly noticed and calendared months in advance—to respond to defendants' third attempt at ex parte relief on the same morning.

Moreover, the prejudice to Plaintiff is compounded by the fact that this is the *second* time Plaintiff has been required to brief and oppose Defendants' ex parte application. Plaintiff has now been forced to expend significant time and resources responding to serial ex parte motions—each filed with procedural deficiencies—rather than focusing on the merits of her petition. This repeated burden on plaintiff is precisely the kind of prejudice courts should guard against. (See *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823 [courts have "the responsibility to ensure that its processes are not abused"].)

## III. DEFENSE COUNSEL'S ERROR IS INEXCUSABLE NEGLECT, NOT EXCUSABLE MISTAKE

Defense counsel attributes his error to his "primarily federal court-based practice," which uses calendar days to calculate deadlines. (Georgely Decl. ¶ 4.) This does not constitute excusable mistake warranting relief.

Defense counsel is a Deputy Attorney General of California—a licensed attorney whose professional obligation includes knowledge of the procedural rules of the courts in which he practices. (Bus. & Prof. Code, § 6068, subd. (a) [duty to support the laws of this state]; *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206 [an attorney is expected to know the applicable procedural rules].) The distinction between "court days" and "calendar days" is a fundamental aspect of California state court practice, addressed expressly in Code of Civil Procedure § 1005 and the California Rules of Court. Moreover, the court's December 26, 2025, order explicitly stated the deadline in terms of "court days,"

placing defense counsel on clear notice of the applicable standard. Had defense counsel read the Court's December 26, 2025 order, defense counsel would have been aware of the court days versus calendar days distinction.

A reasonably competent attorney, upon being assigned to a state court matter and receiving a court order specifying deadlines in "court days," would have verified the calculation method required by the California Rules of Court and Code of Civil Procedure § 1005. Defense counsel's failure to do so is not a mere clerical error—it reflects a fundamental failure to familiarize himself with the procedural requirements of the forum in which he was practicing. (See *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 682 [neglect is not excusable where counsel fails to follow elementary procedural requirements].)

Furthermore, the pattern of repeated procedural failures undermines defendants' claim of a single, isolated, excusable error. Defense counsel: (1) missed the original opposition deadline by eight court days; (2) filed a first ex parte application that was procedurally deficient on notice grounds; (3) filed a revised ex parte application that the court denied for "insufficient showing of notice and lack of compliance with California Rules of Court"; and (4) now files a third ex parte application. This is not the profile of an isolated mistake followed by diligent correction. It is a pattern of consistent noncompliance with basic procedural requirements.

## IV. THE CASES CITED BY DEFENDANTS ARE INAPPOSITE

Defendants rely on *Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1133, and *Haviland v. Southern California Edison Co.* (1916) 172 Cal. 601, 605. Both cases involve relief from default under Code of Civil Procedure § 473—not extensions of time via ex parte application. As defendants themselves acknowledge in a footnote, these cases address a different procedural mechanism. The standards governing relief from default under § 473 are distinct from those governing ex parte applications under California Rules of Court, rules 3.1200 *et seq.*

Defendants' reliance on § 473 authorities underscores the weakness of their position under the applicable ex parte standard. Rather than demonstrating irreparable harm or immediate danger as required for ex parte relief, defendants cite cases designed for post-default relief—a procedural posture defendants have not established and which is not before this court. The court should evaluate

defendants' application under the correct standard: whether defendants have demonstrated irreparable harm, immediate danger, or other statutory basis for dispensing with the normal noticed-motion process. (Cal. Rules of Court, rule 3.1202(c).)

## V. EQUITY WEIGHS DECIDEDLY AGAINST GRANTING DEFENDANTS' APPLICATION

The equitable dimensions of this case merit the court's careful consideration. Defendants—represented by the Office of the Attorney General of the State of California—seek the court's indulgence for their counsel's failure to correctly calculate a filing deadline. Defense counsel attributes his error to confusion between "court days" and "calendar days," arising from his primarily federal practice. In essence, defendants ask this court to excuse a legal professional's failure to understand and apply a basic procedural rule of the very forum in which he is practicing.

Plaintiff Eva Alcala is a grieving mother who brought this action following the tragic death of her son while in the custody of the California Department of Corrections and Rehabilitation. Her petition before this court seeks relief from the Government Claims Act's claim presentation requirement—relief she needs because she made the straightforward mistake of presenting her government tort claim to the wrong entity. Mrs. Alcala is not a lawyer. She is not a Deputy Attorney General trained in procedural requirements. She is a private citizen navigating a legal system that is, by design, complex and often unforgiving.

Yet defendants vigorously oppose Mrs. Alcala's petition for relief, arguing that her failure to comply with the Government Claims Act's procedural requirements should bar her from pursuing justice for her son's death. Defendants insist that Mrs. Alcala must be held to strict compliance with government claim procedures—while simultaneously asking this court to excuse their own counsel's failure to comply with a straightforward filing deadline that was explicitly stated in the court's order.

This contrast is not merely ironic; it is inequitable. If the procedural requirements of the Government Claims Act must be strictly enforced against a grieving, unrepresented mother who filed her claim with the wrong entity, then surely the procedural requirements of the California Rules of Court should be equally enforced against the Attorney General's office. Defendants cannot credibly argue that Mrs. Alcala's good-faith mistake warrants no relief while their own counsel's professional

error demands the court's emergency intervention. (See *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 570, 576 [courts apply the claims statutes in a manner that is "fair and equitable"]; *Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435 [courts should consider equitable concerns in applying the claims statute].)

The court should consider this fundamental inequity when evaluating defendants' application. Granting defendants the very type of procedural relief they seek to deny Ms. Alcala would undermine the even-handed administration of justice and reward a pattern of neglect that has burdened both this court and plaintiff.

**VI. ALTERNATIVE RELIEF**

If, despite the foregoing, the court is inclined to grant defendants any relief, PLAINTIFF respectfully requests that the court extend *nunc pro tunc* defendants' opposition deadline rather than continue the February 23, 2026, hearing. Defendants have already filed their opposition to Plaintiff's petition – albeit more than week late. Furthermore, Plaintiff has already filed her Reply in support of her Petition – a reply that was *timely* filed, despite being required to file that reply the day Defendant's opposition was served, in order to ensure timeliness. A continuance would further delay resolution of Plaintiff's petition, compounding the prejudice to Plaintiff. The matter is fully briefed and ripe for the court's consideration. No continuance is necessary or warranted.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' ex parte application in its entirety, refuse to consider Defendant's untimely filed opposition to Plaintiff's Petition for Relief, and hold the hearing on February 23, 2026, as scheduled. Defendants have failed to demonstrate irreparable harm or good cause warranting ex parte relief. Their counsel's serial procedural failures do not constitute excusable mistake, and granting the application would severely prejudice plaintiff—who has been forced to oppose this same request for the third time. The timing of defendants' application, filed to be heard on the very date of Plaintiff's petition hearing, compounds the prejudice. And the striking inequity of Defendants seeking procedural relief for themselves while denying it to a grieving mother further undermines the merits of their request.

The court should proceed with the February 23, 2026, hearing on plaintiff's petition for relief from the Government Claims Act as scheduled.

Dated: February 20, 2026

**Mova Law Group, APLC**

By:________________________
Christopher N. Movafagh, Esq.
Amanda Jaeger, Esq.
Attorneys for Plaintiff

***Alcala v. State of California, et al.***
**Sacramento Superior Court Case Number: 25CV010069**

**PROOF OF SERVICE**

I, Kathleen Cosio, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 3262 Rosecrans Street, San Diego, CA 92110.

On February 20, 2026**,** I served the foregoing documents described as: **PLAINTIFF EVA ALACALA'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE FEBRUARY 23, 2026, HEARING ON OR, ALTERNATIVELY, EXTEND DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION** on the party or parties in this action by placing the original or a true and correct copy thereof in a sealed envelope addressed as follows:

Christian Georgely, Esq.
R. Lawrence Bragg, Esq.
California Department of Justice
Offices of the Attorney General-Correctional Law Section
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 445-9555
E-Mail: Lawrence.Bragg@doj.ca.gov; Alicia.Bower@doj.ca.gov; Christian.Georgely@doj.ca.gov; Rori.Hill@doj.ca.gov
Representing: Defendant State of California; California Department of Corrections and Rehabilitation (CDCR)

**[ ] BY MAIL: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure § 1013(a).**

**[ ] BY PERSONAL SERVICE:** I hand-delivered said document(s) to the addressee pursuant to Code of Civil Procedure § 1011.

**[X] BY E-MAIL OR ELECTRONIC TRANSMISSION:** Pursuant to Code of Civil Procedure § 1010.6(e), Icaused the document(s) to be sent from admin@movalegal.com *(sender's email address)* to the person(s) at the e-mail address(es) listed above.

EXECUTED on February 20, 2026, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Kathleen Cosio*

_______________________________
Kathleen Cosio

# EXHIBIT 28

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/20/2026
By: M. Valledor Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br>Plaintiff,<br>**v.**<br>**CALIFORNIA, et al.,**<br>Defendants. | **Exempt from Filing Fees— Gov. Code, § 6103**<br><br>Case No. 25CV010069<br><br>**DEFENDANTS' NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION TO EXTEND *NUNC PRO TUNC* DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**<br><br>Date: February 23, 2026<br>Time: 9:00 a.m.<br>Dept: 25<br>Judge: Hon. Julie G. Yap<br>Trial Date: Not Set<br>Action Filed: April 24, 2025 |

TO THE COURT AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on February 23, 2026, at 9:00 a.m., defendants California Department of Corrections and Rehabilitation and State of California will present to the

Sacramento County Superior Court in Department 25, before Judge Julie G. Yap, this ex parte application to extend *nunc pro tunc* defendants' deadline to file their opposition to plaintiff Alcala's petition for relief from the claim presentation requirement of the Government Claims Act. Alternatively, defendants request the court continue the February 23, 2026 hearing on plaintiff's petition to March 2, 2026, or the court's next available date. Plaintiff previously stated that, if the court provides relief to defendants relating to their opposition deadline, she prefers the court extend *nunc pro tunc* defendants' opposition instead of continuing the February 23, 2026 hearing. (Pl. Opp'n Defs.' Ex Parte App. At p. 9 (Feb. 13, 2026).) Granting this application will ensure all parties' positions on plaintiff's petition is before the court for its consideration. Defense counsel apologizes to the court and counsel for plaintiff for his errors in attempting to present this ex parte application and the prior versions of this application.

This application is presented and made on the ground that defense counsel inadvertently mis-calendared the deadline to file defendants' opposition as February 13, 2026, when the correct deadline based on the rescheduled hearing date was February 5, 2026. (Decl. Georgely Supp. Ex Parte App. (Georgely Decl.) ¶ 5.) The court's December 26, 2025 order granting plaintiff's ex parte application to advance the hearing on plaintiff's petition from May 6, 2026, to the current February 23, 2026 hearing date, stated that "[o]pposition papers shall be filed and served no later than ten (10) court days before the hearing date," which was February 5, 2026. Defense counsel, however, calculated the opposition deadline at 10 calendar days, which would make the opposition deadline February 13, 2026. (Georgely Decl. ¶ 4.) Defense counsel apologizes to the court and counsel for plaintiff for this error, and for the errors in attempting to seek this relief.

Defendants filed their opposition, *nunc pro tunc*, on February 13, 2026, where they argued in support of defendants' sovereign immunity. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 36 ["California, like all other states, enjoys sovereign immunity against claims for money damages. The Claims Act represents a limited waiver of that immunity, and provides that plaintiffs may bring actions against the state, local public entities, and public employees if they comply with strict procedural requirements."].) Before filing this motion and immediately upon discovering the error, defense counsel contacted plaintiff's counsel

via email on February 12, 2026, to inform them of this request and the incorrect calculation of the opposition deadline. (Georgely Decl. ¶ 5.) Plaintiff's counsel responded that they would not agree to extend the opposition deadline or continue the hearing. (*Ibid.*)

Absent the requested ex parte relief, defendants will suffer irreparable harm. (Georgely Decl. ¶ 6.) Good cause exists to grant this request because defense counsel diligently responded to correct his mistake upon its discovery and the mistake is excusable. (See *Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1133 [reversing superior court's denial of request for relief after counsel incorrectly calendared a deadline]; *Haviland v. Southern California Edison Co.* (1916) 172 Cal. 601, 605 [granting defendant's request for relief after defense counsel incorrectly calendared a deadline].)

As required by California Rules of Court, rule 3.1204(a), on February 19, 2026, and on February 20, 2026, before 10:00 a.m., defense counsel notified counsel for all parties, including plaintiff Alcala, the specific nature of the relief to be requested and the date, time, and place for the presentation of the instant ex parte application, and attempted to determine whether the opposing party will appear to oppose the application. (Georgely Decl. ¶¶ 8–9.) Plaintiff's counsel stated that plaintiff will oppose the instant ex parte application.

As required by California Rules of Court, rule 3.1202(a), the name, address, email address, and telephone number of any attorney known to be an attorney of any party are Christopher N. Movafagh and Amanda M. Jaeger of the Mova Law Group, APLC, 3262 Rosecrans Street, San Diego, California 92110, chris@movalegal.com, atty@movalegal.com, (858) 333-4999, who represent plaintiff.

As required by California Rules of Court, rule 3.1202(b), defendants identify that, on February 18, 2026, the court denied without prejudice defendants' revised ex parte application to continue the February 23, 2026 hearing on plaintiff's petition for relief from the Government Claims Act or, alternatively, extend *nunc pro tunc* defendants' deadline to file their opposition, which was filed on February 17, 2026. The court denied without prejudice the ex parte application for "insufficient showing of notice and lack of compliance with California Rules of Court."

As required by California Rules of Court, rule 3.1202(c), defendants show in the declaration in support and the memorandum of points and authorities that, absent the requested ex parte relief, defendants will suffer irreparable harm. Specifically, if the court does not extend *nunc pro tunc* defendants' deadline to oppose plaintiff's petition for relief, or alternatively, continue the February 23, 2026 hearing on plaintiff's petition, then defendants will be prevented from asserting their sovereign immunity defense in opposition to plaintiff's petition, solely because of the error of their counsel. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 36 ["California, like all other states, enjoys sovereign immunity against claims for money damages. The Claims Act represents a limited waiver of that immunity, and provides that plaintiffs may bring actions against the state, local public entities, and public employees if they comply with strict procedural requirements."].) Such an error is excusable.

This application is based on this notice and application, the declaration of Christian Georgely in support of defendants' ex parte application, the memorandum of points and authorities in support, the declaration of notice of defendants' ex parte application, a proposed order extending defendants' opposition deadline, the court's files in this action, and any other matter the court deems appropriate.

Dated: February 20, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General

CHRISTIAN M. GEORGELY
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and Rehabilitation and State of California*

SA2025605490
39658405.docx

# EXHIBIT 29

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/20/2026
By: M. Valledor Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

**EVA ALCALA,**

Plaintiff,

**v.**

**CALIFORNIA, et al.,**

Defendants.

**Exempt from Filing Fees—Gov. Code, § 6103**

Case No. 25CV010069

**DECLARATION OF SERVICE VIA EMAIL AND U.S. MAIL IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**

# DECLARATION OF ELECTRONIC SERVICE AND SERVICE BY U.S. MAIL

**Case Name:** Alcala, Eva v. State of California, et al.
**Case Number:** 25CV010069
**Party Represented:** California Department of Corrections and Rehabilitation and State of California

## Declaration of Electronic Service

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California. My business address is 2550 Mariposa Mall, Room 5090, Fresno, CA 93721-2271, County of Fresno.

3. My electronic service address is Christine.Henson@doj.ca.gov.

4. On February 20, 2026, I electronically served the following document[s]:

   a. **DEFENDANTS' NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**
   b. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**
   c. **DECLARATION OF NOTICE OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT (Cal. R. Ct., rule 3.1204)**
   d. **DECLARATION OF C. GEORGELY IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**
   e. **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS'**

**DEADLINE TO OPPOSE PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT**

5. I electronically served the aforementioned document[s] by emailing them to the following individual[s]:

Christopher N. Movafagh, Esq.
Amanda M. Jaeger
**E-mail Addresses:**
chris@movalegal.com
atty@movalegal.com

***Counsels for Plaintiff***

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on February 20, 2026.

| C. Henson | ***/s/ C. Henson*** |
|---|---|
| Declarant | Signature |

**Declaration of Service by U.S. Mail**

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California. My business address is 2550 Mariposa Mall, Room 5090, Fresno, CA 93721-2271, County of Fresno.

3. On February 20, 2026, I served the following document[s]:

   a. **DEFENDANTS' NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**
   b. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**
   c. **DECLARATION OF NOTICE OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT (Cal. R. Ct., rule 3.1204)**
   d. **DECLARATION OF C. GEORGELY IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**
   e. **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXTEND NUNC PRO TUNC DEFENDANTS' DEADLINE TO OPPOSE PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT**

4. I served the aforementioned documents by mailing them to the following individual[s]:

Christopher N. Movafagh, Esq.
Amanda M. Jaeger
Mova Law Group
3262 Rosecrans St.
San Diego, CA 92110 **Counsels for Plaintiff**

5. I am readily familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

6. On February 20, 2026, I enclosed the documents identified in paragraph [3] in a sealed envelope or package addressed to the persons at the address listed in paragraph [4] and placed the envelope for collection and mailing, following our ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on February 20, 2026.

| L. LambertMartinez | ***/s/ L. LambertMartinez*** |
| --- | --- |
| Declarant | Signature |

SA2025605490
95693008

# EXHIBIT 30

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
02/20/2026
By: M. Valledor Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | **Exempt from Filing Fees—Gov. Code, § 6103**<br><br>Case No. 25CV010069<br><br>**DECLARATION OF C. GEORGELY IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND *NUNC PRO TUNC* DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**<br><br>Date: February 23, 2026<br>Time: 9:00 a.m.<br>Dept: 25<br>Judge: Hon. Julie G. Yap<br>Trial Date: Not Set<br>Action Filed: April 24, 2025 |

I, Christian M .Georgely, declare:

1. I am an attorney licensed to practice law in this State and before this court. I am a Deputy Attorney General employed by the California Office of the Attorney General. I am

counsel of record for defendants California Department of Corrections and Rehabilitation and State of California. I have personal knowledge as to the matters stated herein and could competently testify thereto if called to do so.

2. I make this declaration pursuant to California Rules of Court, rule 3.1202(c), which states that "[a]n applicant [for an ex parte application] must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte." (See L.R. 2.35(A).)

3. On December 24, 2025, I was assigned to this matter as the primary defense attorney. Because of the holidays, I had preplanned non-working days on December 24 and 25, 2025. In the afternoon on December 26, 2025, I was notified by email of the court's December 26, 2026 order granting plaintiff's ex parte application to advance the hearing on plaintiff's petition from May 6, 2026, to the current February 23, 2026 hearing date. Under the order, defendants' opposition deadline was February 5, 2026.

4. Consistent with my primarily federal court-based practice, which uses calendar days to calculate deadlines, I incorrectly used calendar days to calculate the opposition deadline. I therefore inadvertently and incorrectly calculated the opposition deadline as February 13, 2026. I have been researching, have been drafting, had planned to, and was prepared to file defendants' opposition by February 13, 2026.

5. I discovered my error on February 12, 2026, after I received plaintiff's counsel's notice of remote appearance at the February 23, 2026 hearing, which prompted me to re-review the court's December 26, 2026 order. Immediately on reviewing the order, recalculating the opposition deadline, and recognizing the mistake, I emailed plaintiff's counsel informing them of the error and requesting an extension of the hearing date to March 2, 2026, which is 10 court days after the incorrectly calculated opposition deadline. In response, plaintiff's counsel noted my assignment to this matter existed on December 26, 2025, and stated: "[w]e would not be in agreement to extend your deadlines to respond or continue the hearing."

6. Absent the requested ex parte relief, defendants will suffer irreparable harm because of their late-filed opposition. In general, a party waives their opposition to a motion or sought after court action when they do not timely object or file an opposition. Here, defendants did not intend to waive their defense against plaintiff's petition. As shown in their opposition filed on February 13, 2026, defendants intend to assert their sovereign immunity in opposition to plaintiff's petition for relief from the claim presentation requirement of the Government Claims Act. But for my incorrect calculation of the opposition deadline using calendar days instead of court days, defendants would have timely opposed plaintiff's petition and asserted their sovereign immunity.

7. I will be arguing the opposition to plaintiff's petition if the court holds a hearing on the petition. Due to preplanned non-working days, I am not available from March 9, 2026, through March 12, 2026.

8. This is the second attempt to properly request this relief from the court. On February 13, 2026, I filed an ex parte application seeking similar relief. After counsel for plaintiff informed me that she would object to that application on insufficient notice grounds, I rescheduled the hearing for February 18, 2026, using the court's online reservation system in an attempt to comply with the notice requirements outlined in California Rules of Court, rule 3.1203(a). Service of this revised application occurred by 10:00 a.m., on February 17, 2026, but I did not include all the information required by California Rules of Court, rule 3.1203, in my declaration in support. After the court denied that application without prejudice, I prepared the current application and supporting documents in an attempt to comply with the requirements to properly present an ex parte application.

9. After providing this declaration, the notice of and ex parte application, the memorandum of points and authorities in support, and the proposed order, pursuant to California Rules of Court, rule 3.1204, I will separately prepare and file a declaration stating that notice was provided to plaintiff as required by California Rules of Court, rule 3.1203(a).

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct. Executed on February 20, 2026, in California.

Christian M. Georgely
Deputy Attorney General

SA2025605490
39658374.docx

# EXHIBIT 31

Electronically Received 02/20/2026 02:25 PM

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**CALIFORNIA, et al.,**<br><br>Defendants. | **Exempt from Filing Fees— Gov. Code, § 6103**<br><br>Case No. 25CV010069<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO EXTEND *NUNC PRO TUNC* DEFENDANTS' DEADLINE TO OPPOSE PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT** |

Pending before the court is defendants California Department of Corrections and Rehabilitation and State of California's ex parte application to continue the hearing on plaintiff Alcala's petition for relief from the claim presentation requirement of the Government Claims Act, or alternatively, extend *nunc pro tunc* defendants' deadline to file their opposition to

plaintiff's petition. Good cause shown, defendants' request is GRANTED. Defendants' deadline to oppose plaintiff's petition is extended *nunc pro tunc* to February 13, 2026.

**IT IS SO ORDERED.**

Dated: ______________________________ ________________________________________

JULIE G. YAP
SUPERIOR COURT JUDGE

# EXHIBIT 32

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/20/2026
By: M. Valledor Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br>Plaintiff,<br>**v.**<br>**CALIFORNIA, et al.,**<br>Defendants. | **Exempt from Filing Fees— Gov. Code, § 6103**<br>Case No. 25CV010069<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND *NUNC PRO TUNC* DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT OR ALTERNATIVELY, CONTINUE THE FEBRUARY 23, 2026 HEARING ON PLAINTIFF'S PETITION**<br>Date: February 23, 2026<br>Time: 9:00 a.m.<br>Dept: 25<br>Judge: Hon. Julie G. Yap<br>Trial Date: Not Set<br>Action Filed: April 24, 2025 |

## INTRODUCTION

The court should grant defendants California Department of Corrections and Rehabilitation and State of California's ex parte application to extend *nunc pro tunc* defendants' deadline to file

their opposition to plaintiff Alcala's petition for relief from the claim presentation requirement of the Government Claims Act. Absent the requested ex parte relief, defendants will suffer irreparable harm, and good cause exists to grant this request. Defense counsel apologizes to the court and counsel for plaintiff for this error.

**ARGUMENT**

Ex parte proceedings are designed to afford relief on an essentially emergency basis. (*Newsome v. Superior Court* (2020) 51 Cal.App.5th 1093, 1097.) Substantively, "[a]n applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte." (Cal. Rules of Court, rule 3.1202(c).) A court should deny an ex parte application that lacks the requisite showing. (*People ex rel. Allstate Ins. v. Suh* (2019) 37 Cal.App.5th 253, 257.) A party moving ex parte must set forth a basis for the court to find "good cause to dispense with proceeding by noticed motion." (*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 523.)

Absent the requested ex parte relief, defendants will suffer irreparable harm. (Cal. Rules of Court, rule 3.1202(c).) Defendants' late-filed opposition risks causing defendants irreparable harm because of waiver. (*Ibid.*) When a party does not oppose a motion or objects to court action, the party generally waives their right to oppose the action. (See *Watson v. Collins* (1962) 204 Cal.App.2d 27, 31.) Here, absent ex parte relief, defendants will be denied the opportunity to oppose plaintiff's petition and argue in support of their sovereign immunity, which requires compliance with the Government Claims Act. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 36 ["California, like all other states, enjoys sovereign immunity against claims for money damages. The Claims Act represents a limited waiver of that immunity, and provides that plaintiffs may bring actions against the state, local public entities, and public employees if they comply with strict procedural requirements."].) If the court does not grant relief, plaintiff will be permitted to sidestep the claim-presentation requirement of Government Claims Act, without the State of California or California Department of Corrections and Rehabilitation arguing why plaintiff should not be permitted to override sovereign immunity.

Defendants would sustain this irreparable injury absent ex parte relief because there is insufficient time to request an extension of their opposition deadline through the normal motion process. (See *Ferraro v. Camarlinghi*, *supra*, 161 Cal.App.4th p. 523.) Defense counsel's calendaring error will be the cause of defendants not timely filing their opposition to plaintiff's petition, and defense counsel's error—not a litigation decision by defendants—would be the cause of the waiver. (Decl. Georgely Supp. Ex Parte App. (Georgely Decl.) ¶ 6.) If the court does not consider their opposition as timely, then defendants would be irreparably harmed and be denied the opportunity to be heard on this fundamental issue, because of the error of counsel.

Good cause exists to grant this request, because defense counsel diligently acted to correct his mistake upon its discovery and the mistake is excusable. (See *Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1133 [reversing superior court's denial of request for relief after counsel incorrectly calendared a deadline]; *Haviland v. Southern California Edison Co.* (1916) 172 Cal. 601, 605 [granting defendant's request for relief after defense counsel incorrectly calendared a deadline].)[1] Defense counsel's inadvertent mis-calendaring of the deadline for defendants to file their opposition to plaintiff's petition for relief caused this issue. (Georgely Decl. ¶ 4.) Defense counsel inadvertently mis-calendared the deadline to file defendants' opposition as February 13, 2026, when the correct deadline based on the rescheduled hearing date was February 5, 2026. (*Id.* ¶ 3–4.) The court's December 26, 2025 order granting plaintiff's ex parte application to advance the hearing on plaintiff's petition from May 6, 2026, to the current February 23, 2026 hearing date, stated that "[o]pposition papers shall be filed and served no later than ten (10) court days before the hearing date," which was February 5, 2026. (*Id.* ¶ 3; but see Code Civ. Proc., § 1005, subd. (b).) Defense counsel, consistent with his primarily federal court-based practice, calculated the opposition deadline at 10 calendar days, which would make the opposition deadline February 13, 2026—the date defendants filed their opposition. (Georgely Decl. ¶ 4.)

[1] Although these cited to cases involve relief under Code of Civil Procedure section 473, which involves relief from default, defendants find themselves in an analogous situation warranting the same result. If defendants cannot oppose plaintiff's petition, then the instant action will be fully resolved against defendants and deprive defendants an opportunity to present a defense.

Immediately upon discovering the error, defense counsel contacted plaintiff's counsel via email on February 12, 2026, informing them of the incorrect calculation and requesting the short extension or continuance requested through the instant application. (Georgely Decl. ¶ 5.) Plaintiff's counsel declined to extend the opposition deadline or continue the hearing. (*Ibid.*) When plaintiff refused the reasonable request, defendants drafted an ex parte application to be heard on February 17, 2026. (*Id.* ¶ 8.) Within minutes of learning plaintiff would object on notice grounds, defendants rescheduled the hearing for February 18, 2026, in an attempt to ensure compliance with the minimum notice requirements for an ex-parte application, and the next day defendants filed a revised ex parte application. (*Ibid.*) Service of that revised application occurred by 10:00 a.m., on February 17, 2026, but it did not include all the information required by California Rules of Court, rule 3.1203. (*Ibid.*) After the court denied that application without prejudice, defense counsel prepared the current application and supporting documents in another attempt to properly present an ex parte application. (*Ibid.*) Thus, defendants have shown good cause for requesting an extension of their deadline to oppose plaintiff's petition. (See *Comunidad en Accion v. Los Angeles City Council*, *supra*, 219 Cal.App.4th at p. 1133 [reversing superior court's denial of request for relief after counsel incorrectly calendared a deadline].)

Additionally, defendants attempted to avoid the need to seek ex parte relief. (See Cal. Att'y Guideline of Civility & Professionalism, at p. 4 ["Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests."].) Before seeking ex parte relief, defendants requested plaintiff agree to extend *nunc pro tunc* defendants' opposition deadline or continue the hearing on plaintiff's February 23, 2026 hearing date one week. (Georgely Decl. ¶ 5.) Plaintiff declined the request. (*Ibid.*) According to plaintiff in her December 12, 2025 ex parte application to advance the hearing date on her petition for relief from the Government Claims Act, plaintiff stated the resolution of her petition needs to be resolved by April 11, 2026, which should occur even if the court grants this request. Moreover, plaintiff filed her reply in support of the petition for relief from the claim presentation requirement of the Government Claims Act on February 13, 2026, meaning the court can fully resolve the underlying petition while taking into consideration the arguments of all

parties. Therefore, extending *nunc pro tunc* defendants' opposition deadline by five court days or continuing the current hearing date one week is a reasonable request that does not materially harm plaintiff's interests.

## CONCLUSION

Thus, the court should grant defendants' ex parte application to extend *nunc pro tunc* defendants' deadline to file their opposition to plaintiff' petition for relief from the claim presentation requirement of the Government Claims Act.

Dated: February 20, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General

CHRISTIAN M. GEORGELY
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and Rehabilitation and State of California*

SA2025605490
39657911.docx

# EXHIBIT 33

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General
State Bar No. 322952
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7317
Fax: (916) 324-5205
E-mail: Christian.Georgely@doj.ca.gov
*Attorneys for Defendants California Department of Corrections and Rehabilitation and State of California*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/20/2026
By: M. Valledor Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

CIVIL DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br>Plaintiff,<br>**v.**<br>**STATE OF CALIFORNIA, et al.,**<br>Defendants. | **Exempt from Filing Fees—Gov. Code, § 6103**<br><br>Case No. 25CV010069<br><br>**DECLARATION OF NOTICE OF DEFENDANTS' EX PARTE APPLICATION TO EXTEND *NUNC PRO TUNC* DEFENDANTS' DEADLINE TO FILE THEIR OPPOSITION TO PLAINTIFF'S PETITION FOR RELIEF FROM THE GOVERNMENT CLAIMS ACT (Cal. R. Ct., rule 3.1204)**<br><br>Date: February 23, 2026<br>Time: 9:00 a.m.<br>Dept: 25<br>Judge: Hon. Julie G. Yap<br>Trial Date: Not Set<br>Action Filed: April 24, 2025 |

I, Christian M .Georgely, declare:

1. I am an attorney licensed to practice law in this State and before this court. I am a Deputy Attorney General employed by the California Office of the Attorney General. I am counsel of record for defendants California Department of Corrections and Rehabilitation and

State of California. I have personal knowledge as to the matters stated herein and could competently testify thereto if called to do so.

2. Pursuant to California Rule of Court, rule 3.1203(a), I notified counsel for all parties no later than 10:00 a.m. the court day before the ex parte appearance.

3. Pursuant to California Rule of Court, rule 3.1204(a), I notified counsel for all parties, specifically counsel for plaintiff Alcala, the specific nature of the relief to be requested and the date, time, and place for the presentation of the instant ex parte application, and I attempted to determine whether the opposing party will appear to oppose the application. Opposition to the instant ex parte application is expected, and plaintiff has been informed of when the application will be made.

4. First, on February 19, 2026, at 4:00 p.m., I called and spoke to a receptionist with plaintiff's law firm, Mova Law Group, APLC, using the telephone number listed in the email for attorney Amanda Jaeger—(858) 333-4999. According to the receptionist, Ms. Jaeger was not available. I left a message with the receptionist stating that defendants reserved the instant ex parte hearing, and that it is scheduled for February 23, 2026, at 9:00 a.m.

5. Second, on February 19, 2026, at 5:09 p.m., I emailed Ms. Jaeger informing her that I spoke with her firm's receptionist to notify her that defendants reserved the instant ex parte hearing. The email stated that the ex parte hearing is scheduled for February 23, 2026, at 9:00 a.m., in Department 25 of the Gordon D. Schaber Superior Court courthouse, before Judge Julie G. Yap. The email stated that "[d]efendants will be asking the court to extend *nunc pro tunc* the deadline to file their opposition to plaintiff's petition for relief from the claim presentation requirement of the Government Claims Act," and that, "[a]lternatively, defendants will request the court continue the February 23, 2026 hearing on plaintiff's petition." The email requested Ms. Jaeger "confirm whether plaintiff will oppose this application." In response, Mr. Jaeger stated that plaintiff will be opposing the instant ex parte application.

6. Third, on February 20, 2026, at 9:53 a.m., I emailed Ms. Jaeger defendants' notice of ex parte application and ex parte application to extend *nunc pro tunc* defendants' deadline to file their opposition to plaintiff's petition for relief from the Government Claims Act, the declaration

of C. Georgely in support of defendants' ex parte application to extend *nunc pro tunc* defendants' deadline to file their opposition to plaintiff's petition for relief from the Government Claims Act, the memorandum of points and authorities in support of defendants' ex parte application to extend *nunc pro tunc* defendants' deadline to file their opposition to plaintiff's petition for relief from the Government Claims Act, and the proposed order granting defendants' ex parte application to extend *nunc pro tunc* defendants' deadline to file their opposition to plaintiff's petition for relief from the Government Claims Act.

7. A true and correct copy of the February 19, 2026, and February 20, 2026 emails between Ms. Jaeger and I that are referenced above are attached as Exhibit A.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct. Executed on February 20, 2026, in California.

Christian M. Georgely
Deputy Attorney General

SA2025605490
39657890.docx

# Exhibit "A"