**From:** Christian Georgely
**To:** "Amanda Jaeger"; Chris Mova; Kathleen Cosio
**Cc:** Alicia Bower; Kori Salas
**Subject:** RE: Alcala v. California, Case No. 25CV010069 (Sacramento Cnty. Super. Ct.)
**Date:** Friday, February 20, 2026 9:53:50 AM
**Attachments:** Alcala_Proposed Order Extending Opposition Deadline.PDF
Alcala_Ex Parte Application Declaration.PDF
Alcala_Ex Parte Application Extend Opposition Deadline.PDF
Alcala_Memorandum Support Ex Parte Application.PDF

---

Good morning,

Pursuant to California Rules of Court, rule 3.1204, attached is defendants notice of ex parte application and ex parte application, the memorandum of points and authorities in support, the declaration in support of the ex parte application, and the proposed order.

Best,
Christian

**Christian M. Georgely** *(he/him)*
Deputy Attorney General
California Department of Justice
1300 I St. | Sacramento, CA 95814
*o* (916) 210-7317 | *c* (916) 662-6851
christian.georgely@doj.ca.gov

---

**From:** Amanda Jaeger <atty@movalegal.com>
**Sent:** Thursday, February 19, 2026 5:11 PM
**To:** Christian Georgely <Christian.Georgely@doj.ca.gov>; Chris Mova <chris@movalegal.com>; Kathleen Cosio <admin@movalegal.com>
**Cc:** Alicia Bower <Alicia.Bower@doj.ca.gov>; Kori Salas <Kori.Salas@doj.ca.gov>
**Subject:** Re: Alcala v. California, Case No. 25CV010069 (Sacramento Cnty. Super. Ct.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hello,

Yes, we will be opposing your ex parte motion. Please send the filing paperwork as soon as you have it so that we may prepare our response.

Thank you,

On Thu, Feb 19, 2026 at 8:08 PM Christian Georgely <Christian.Georgely@doj.ca.gov> wrote:

Good evening,

About an hour ago, I called and spoke with your office's receptionist regarding *Alcala v. California*, Case No. 25CV010069 (Sacramento Cnty. Super. Ct.). They kindly informed me that you were unavailable.

I called to notify you that defendants have reserved an ex parte hearing in this matter, which is scheduled for February 23, 2026, at 9:00 a.m., in Department 25 of the Gordon D. Schaber Superior Court courthouse, before Judge Julie G. Yap. Defendants will be asking the court to extend *nunc pro tunc* the deadline to file their opposition to plaintiff's petition for relief from the claim presentation requirement of the Government Claims Act. Alternatively, defendants will request the court continue the February 23, 2026 hearing on plaintiff's petition.

Can you please confirm whether plaintiff will oppose this application? Since plaintiff has filed a reply to defendants' opposition, I did not want to assume that plaintiff continues to oppose the requested extension. I will include plaintiff's position in the application to be filed tomorrow.

Best,
Christian

**Christian M. Georgely** *(he/him)*
Deputy Attorney General
California Department of Justice
1300 I St. | Sacramento, CA 95814
*o* (916) 210-7317 | *c* (916) 662-6851
christian.georgely@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 34

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**

**25CV010069: ALCALA vs STATE OF CALIFORNIA, et al.**
**02/23/2026 Hearing on Petition for Relief from Late Claim Law (Gov. Code 946.6) in Department 25**

Tentative Ruling

**NOTICE:**

Consistent with Local Rule 1.06(B), any party requesting oral argument on any matter on this calendar must comply with the following procedure:

To request limited oral argument, on any matter on this calendar, you must call the Law and Motion Oral Argument Request Line at (916) 874-2615 by 4:00 p.m. the Court day before the hearing and advise opposing counsel. At the time of requesting oral argument, the requesting party shall leave a voice mail message: a) identifying themselves as the party requesting oral argument; b) indicating the specific matter/motion for which they are requesting oral argument; and c) confirming that it has notified the opposing party of its intention to appear and that opposing party may appear via Zoom using the Zoom link and Meeting ID indicated below. If no request for oral argument is made, the tentative ruling becomes the final order of the Court.

Unless ordered to appear in person by the Court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the Court and all other parties in accordance with Code of Civil Procedure §367.75. Although remote participation is not required, the Court will presume all parties are appearing remotely for non-evidentiary civil hearings.

The Department 25 Zoom Link is https://saccourt-ca-gov.zoomgov.com/my/sscdept25 and the Zoom Meeting ID is 161 1342 1868. To appear on Zoom telephonically, call (833) 568-8864 and enter the Zoom Meeting ID referenced above. NO COURTCALL APPEARANCES WILL BE ACCEPTED.

Parties requesting services of a court reporter will need to arrange for private court reporter services at their own expense, pursuant to Government code §68086 and California Rules of Court, Rule 2.956. Requirements for requesting a court reporter are listed in the Policy for Official Reporter Pro Tempore available on the Sacramento Superior Court website at https://www.saccourt.ca.gov/court-reporters/docs/crtrp-6a.pdf. Parties may contact Court-Approved Official Reporters Pro Tempore by utilizing the list of Court Approved Official Reporters Pro Tempore available at https://www.saccourt.ca.gov/court-reporters/docs/crtrp-13.pdf.

A Stipulation and Appointment of Official Reporter Pro Tempore (CV/E-206) is required to be signed by each party, the private court reporter, and the Judge prior to the hearing, if not using a reporter from the Court's Approved Official Reporter Pro Tempore list.

Once the form is signed it must be filed with the clerk. If a litigant has been granted a fee waiver

and requests a court reporter, the party must submit a Request for Court Reporter by a Party with a Fee Waiver (CV/E-211) and it must be filed with the clerk at least 10 days prior to the hearing or at the time the proceeding is scheduled if less than 10 days away. Once approved, the clerk will forward the form to the Court Reporter's Office and an official reporter will be provided.

**TENTATIVE RULING:**

The Petition of Eva Alcala, individually and as successor-in-interest to Christopher Leong, Deceased, ("Plaintiff") for relief from Government Code section 945.4, pursuant to Government Code section 946.6, is ruled upon as follows.

Plaintiff is the natural mother and successor-in-interest to Christopher Leong, deceased ("Decedent"). (Petition ¶ 1.) Plaintiff seeks to bring a civil action for wrongful death and other statutory and tort claims against the State of California and the California Department of Corrections and Rehabilitation ("Defendants") arising from the in-custody death of Decedent on or about April 12, 2024. (*Ibid.*)

On or about September 26, 2024, Plaintiff, without legal counsel, submitted a handwritten Government Claim to the Government Claims Program, Office of Risk and Insurance Management, County of Sacramento. (*Id*. ¶ 2.) Although the claim expressed her intent to pursue redress, it was incomplete and did not satisfy the statutory requirements of Government Code §§ 910– 913. (*Ibid*.) Plaintiff contacted her now-Counsel on or about January 19, 2025. (Movafagh Decl., ¶ 2.) On or about February 10, 2025, Plaintiff provided her Counsel with a copy of the claim form, which showed it was submitted to the County of Sacramento. (*Id.* ¶ 3.) On or about February 12, 2025, after obtaining legal counsel, Plaintiff submitted a formal Government Claim to the State of California through her Counsel, identifying the incident, legal theories, and requested damages. (*Id.* ¶¶ 4-5.)

On April 24, 2025, Plaintiff filed the instant Petition for Relief from Late Claim Law.

Defendants oppose the motion.[1] Defendants contend that Plaintiff identifies insufficient evidence to support her Petition; specifically, Defendants contend that Plaintiff failed to show proof that she submitted an application to present a late claim, and thus the requested relief is unavailable. Defendants also argue that Plaintiff fails to prove excusable neglect.

Through the Petition, Petitioner seeks relief for failing to comply with the six-month

statutory deadline, asserting that she acted in good faith and was unrepresented when she submitted her initial claim, the delay was a result of excusable neglect, the public entity suffered no prejudice as a result of the delay, the formal claim was submitted within a reasonable time, and denial would result in substantial injustice.

Legal Standard

The Government Tort Claims Act (the "Act") provides that an action for monetary damages cannot be maintained against a public entity unless a plaintiff has first presented a written claim to the public entity. (Gov. Code, §§ 905, 945.4.) For claims involving injury to a person, claims must be presented to the public entity within six months of the accrual of the cause of action. (Gov. Code, § 911.2(a).) The Act requires the timely presentation of a written claim for money or damages directly to a public entity, and the rejection of that claim, as a condition precedent to a tort action. (Gov. Code, §§ 911.2, 945.4; *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.)

If the claim is not timely presented, the claimant may file a written application with the public entity, seeking leave to present the late claim. (Gov. Code, § 911.4.) The application must be made within a reasonable time, not to exceed one year after the accrual of the cause of action. (Gov. Code, § 911.) If the public entity denies the application, California law allows the claimant to file a petition with the court for relief from the claims presentation requirement. (Gov. Code, § 946.6.)

Pursuant to Government Code section 946.6, a plaintiff may show, among other things, that the failure to present the claim was due to mistake, inadvertence, surprise, or excusable neglect. (Gov. Code, § 946.6(c).) The plaintiff has the initial burden to demonstrate mistake, inadvertence, surprise, or excusable neglect. (*Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1386.) Once a plaintiff meets that burden, the burden shifts to the government to demonstrate prejudice as a result of the plaintiff's delay. (*Ibid*.)

In order to show mistake, inadvertence, surprise, or excusable neglect under the statute, the plaintiff must demonstrate by a preponderance of the evidence that (1) he/she presented his/her late claim application within a reasonable time not to exceed one year after the accrual of the cause of action, and (2) that his/her failure to file a timely claim was due to mistake, inadvertence, surprise, or excusable neglect. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 431; *El Dorado Irrigation Dist. v. Superior Court* (1979) 98 Cal.App.3d 57, 62.) The showing required for relief under Section 946.6 based on

mistake, inadvertence, surprise, or excusable neglect is the same as that required under Code of Civil Procedure 473 for relieving a party from a default judgment. (*Ebersol, supra*, 35 Cal.3d at 435.)

The moving party must prove, by a preponderance of the evidence that his or her conduct was that of a reasonably prudent person under similar circumstances. (*People ex rel. Dept. of Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, 43.) It is not shown by the mere failure to discover a fact until it is too late; the party seeking relief must establish that in the exercise of reasonable diligence, he or she failed to discover it. (*Id.* at p. 44.)

The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion. (*Bettencourt v. Los Rios Community College Dist*. (1986) 42 Cal.3d 270, 275.) A denial of relief by the trial court is examined more rigorously than where relief is granted and any doubts which may exist should be resolved in favor of the application. (*Id*. at pp. 275-276.) The policy favoring trial on the merits is the primary policy underlying section 946.6. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435.) In order to implement this policy, the statute should be construed in favor of granting relief whenever possible. (*Bettencourt, supra,* 42 Cal.3d at p. 276.)

<u>Discussion</u>

Having reviewed the evidence and submissions of the Parties, the Court finds that Plaintiff has met her burden in demonstrating that she submitted a written application to the public entity for leave to present a claim on or about February 12, 2025, within a year of the time the cause of action accrued on April 12, 2024. Government Code section 911.4 provides that "the application shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application." Exhibit B to the Petition is a "State of California Government Claim" form set forth on form DGS ORIM 006. Under the box for "LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)," the form states: "Eva Alcala & the successors in interest believed that the claim form attached was sufficient." Exhibit B sets forth additional information regarding the current claim and also attaches the prior claim made against the County of Sacramento.[2] As such, Exhibit B appears to be sufficient to satisfy the written application requirements of section 911.4, and thus, satisfies the application for late claim requirement to bring a Petition under section 946.6.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**

**25CV010069: ALCALA vs STATE OF CALIFORNIA, et al.**
**02/23/2026 Hearing on Petition for Relief from Late Claim Law (Gov. Code 946.6) in Department 25**

Having considered the evidence and arguments presented by the parties, the Court also concludes that Plaintiff has satisfied her initial burden to demonstrate excusable neglect and mistake. The Court finds that Plaintiff acted as a reasonably prudent person under the circumstances with respect to filing a claim against the County of Sacramento, as it is the County in which the prison Decedent was housed at was located. There is no evidence that Plaintiff was ever informed that this was not the proper entity to name. Further, once Plaintiff presented the claim previously filed to her Counsel, a new claim was submitted within days.

In *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, the California Supreme Court held that the trial court abused its discretion in failing to grant relief. The Court acknowledged that “plaintiffs’ attorney made the erroneous assumption that employees of Sacramento City College were state employees” and failed to discover or remedy the error within the claim filing period. (*Id.* at p. 276.) The Supreme Court acknowledged that “Counsel practiced law in Walnut Creek, which is 75 miles from Sacramento” and that public higher education in California can be a confusing blend of state and local control. (*Ibid.*) “Accordingly, it would not have been unreasonable for counsel to assume that Sacramento City College was part of the statewide higher education system.” (*Id.* at p. 277.) The Court rejected the defendant’s argument that counsel should have heeded letterhead provided to him that indicated that Sacramento City College was part of the Los Rios Community College District, noting that “[i]t would not be unusual for the reader to devote little, if any attention to the letterhead.” (*Id.* at p. 277.) Further, the California Supreme Court noted that appellate courts have reversed trial court decisions in situations where the attorney’s neglect was comparable to, or even more serious, than counsel’s neglect here.” (*Ibid.*)

Finally, the *Bettencourt* Court also rejected the defendant’s contention that the declarations “did not explain why [counsel] assumed that Sacramento City College employees worked for the state or how he finally discovered his error.” (*Id.* at p. 280.) The Court held that such “omissions do not by themselves provide a proper basis for denying relief. Although counsel’s declaration could have been more specific, any doubts must be resolved in favor of granting relief. [citation omitted.] To hold otherwise would, in effect, totally bar plaintiffs' wrongful death action and would therefore contravene the strong public policy favoring trial on the merits.” (*Ibid*.)

The Court finds that the facts before the Court in *Bettencourt* are similar to the facts before the Court in this case. Plaintiff, without counsel, timely filed a claim against the County of Sacramento based on conduct that occurred within a prison within the County

of Sacramento. A reasonably prudent person in Plaintiff's circumstances, could have believed that the County in which the prison was located was the proper entity against whom to file the claim. Once Plaintiff was made aware that this was the incorrect entity through the advice of counsel, Counsel for Plaintiff took prompt steps to file the late claim application and claim with the State of California. (See *Ebersol v. Cowan* (1983) 35 Cal.3d.427, 439 [holding that a plaintiff's failure to timely file a claim constituted excusable neglect where, *inter alia*, the plaintiff "properly sought to retain legal counsel to pursue her claim rather than undertake an independent investigation of the facts and the law of her own case, and facts regarding her claims against governmental entities "would not be reasonably apparent to, or anticipated by, the average layperson"].) Further, like in *Bettencourt*, while the declarations submitted could be more detailed, the Court does not find that such omissions prelude relief in this case.

The Court finds that facts before the court in *Spencer v. Merced* (1997) 59 Cal.App.4th 1429 to be distinguishable. (See Opp'n, p. 11:21-22.) In *Spencer*, the appellate court affirmed the trial court's denial of relief under section 946.6, the plaintiff's counsel was provided a letter that expressly set forth the entity that employed the individual at issue, and the subject of the letter advised counsel whom he should sue, naming the public entity "in no uncertain terms." (*Id.* at p. 1438.) The Court held that, under these circumstances, "[r]easonably astute persons reading the letter would focus their attention on the named public agency." (*Ibid.*) Moreover, a police report also specifically listed the proper public entity. (*Id.* at pp. 1438-39.) In this case, there is no such evidence that it was brought to Plaintiff's attention in any way—prior to her representation by counsel—that she had filed a claim with the wrong county.

Defendants make no arguments that they have been prejudiced by the late filed claim.

Based upon the evidence and submissions, the Court finds that Plaintiff has acted with reasonable diligence and delay was due to excusable neglect and/or mistake. Further, Defendants have not argued, nor demonstrated, that they will suffer prejudice as a result of a late filed claim.

<u>Disposition</u>

Therefore, the Court, in its discretion, finds the Plaintiff's untimely filing of the claim against was excusable and her petition for relief from Government Code section 945.4 is GRANTED.

This minute order is effective immediately. No formal order or other notice is required.

(Code Civ. Proc., § 1019.5; Cal. Rules Court, rule 3.1312.)

---

[1] Defendant has filed a late opposition. In its discretion, the Court considers the belatedly filed Opposition.

[2] The Petition also sets forth the Declaration of Counsel, who represents that his office prepared and submitted the claim form, and Exhibit B contains the signature of counsel. (Movafagh Decl., ¶ 4; Exh. B to Petition.) To the extent Defendants assert that the declaration of Counsel who represented that his firm filed the claim does not properly authenticate the claim documents filed by that firm and if Defendants believe further authentication is necessary, Defendants shall request oral argument on this tentative and the Court will allow for testimony to be presented regarding proper authentication of the claim form submitted by Counsel.

# EXHIBIT 35

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO

Gordon D. Schaber Superior Court, Department 25

JUDICIAL OFFICER: HONORABLE JULIE G. YAP

Courtroom Clerk: L.Homsanith CSR: None

**25CV010069** February 18, 2026 9:00 AM

**ALCALA**
**vs**
**STATE OF CALIFORNIA, et al.**

## MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Ex-Parte Proceedings**

The Court is in receipt of Defendants State of California and California Department of Corrections and Rehabilitation's ("Defendants") "Revised Ex Parte Application to Continue the February 23, 2026 Hearing on Plaintiff's Petition for Relief from the Government Claims Act or, Alternatively, Extend *Nunc Pro Tunc* Defendants' Deadline to File Their Opposition." The motion is currently set to be heard on February 23, 2026.

The Court rules on this matter without hearing. (Cal. Civ. Proc. Code § 166(a)(1); Sac. Sup. Ct. Local Rule 2.35(A); *see also Wilburn v. Oakland Hospital* (1989) 213 Cal.App.3d 1107, 1111.) The Court has reviewed the ex parte application and its supporting papers. The Court has also reviewed the original ex parte application and opposition thereto.

Defendant's application is DENIED without prejudice for insufficient showing of notice and lack of compliance with California Rules of Court..

The application does not comply with the notice requirements for ex parte applications in California Rules of Court 3.1200, et seq. Specifically, California Rules of Court, rule 3.1204 provides, in relevant part:

> **(a) Contents of notice**
>
> When notice of an ex parte application is given, the person giving notice must:
>
> (1) State with specificity the nature of the relief to be requested and the date, time, and place for the presentation of the application; and
>
> (2) Attempt to determine whether the opposing party will appear to oppose the application.

**(b) Declaration regarding notice**

An ex parte application must be accompanied by a declaration regarding notice stating:

(1) The notice given, including the date, time, manner, and name of the party informed, the relief sought, any response, and whether opposition is expected and that, within the applicable time under rule 3.1203, the applicant informed the opposing party where and when the application would be made;

The Court notes that it appears Defendants concede that there were issues with proper notice regarding the initial ex parte application, which was set to be heard on February 17, 2026 at 9:00 a.m. After Plaintiff notified counsel for Defendants of these issues, Counsel for Defendants rescheduled the hearing for February 18, 2026 using the Court's online reservation system. (Georgely Decl. ¶ 9.)

While Defendants provided evidence that Plaintiff was served a copy of the original application on February 13, 2026 and that service of the revised application "will occur" by 10:00 a.m. on February 17, 2026, the declaration of Counsel does not set forth that Plaintiff was provided notice of the rescheduling of the hearing or the time and place of the revised hearing. (See Georgely Decl. ¶ 9.) Indeed, it is unclear if Plaintiff was ever given notice that the original date for the ex parte hearing was rescheduled by Defendants. Further, Defendants did not attach any emails to provide the Court with such information in that manner.

The application is DENIED without prejudice.

/s/ L. Homsanith

By: L. Homsanith, Deputy Clerk

Minutes of: 02/18/2026
Entered on: 02/18/2026

# EXHIBIT 36

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO

Gordon D. Schaber Superior Court, Department 25

JUDICIAL OFFICER: HONORABLE JULIE G. YAP

Courtroom Clerk: L. Homsanith CSR: None
Court Attendant: C. Levy

---

**25CV010069** February 23, 2026
1:30 PM

**ALCALA**
**vs**
**STATE OF CALIFORNIA, et al.**

---

**MINUTES**

**APPEARANCES:**

Petitioner Eva Alcala represented by Attorney Amanda Jauger appearing with Attorney Chris Movafagh via virtual conference.
Respondent State of California represented by Christian Michael Georgely.
Respondent California Department of Corrections and Rehabilitation (CDCR) represented by Christian Michael Georgely.

**NATURE OF PROCEEDINGS: Hearing on Petition for Relief from Late Claim Law (Gov. Code 946.6)**

**TENTATIVE RULING:**

The Petition of Eva Alcala, individually and as successor-in-interest to Christopher Leong, Deceased, ("Plaintiff") for relief from Government Code section 945.4, pursuant to Government Code section 946.6, is ruled upon as follows.

Plaintiff is the natural mother and successor-in-interest to Christopher Leong, deceased ("Decedent"). (Petition ¶ 1.) Plaintiff seeks to bring a civil action for wrongful death and other statutory and tort claims against the State of California and the California Department of Corrections and Rehabilitation ("Defendants") arising from the in-custody death of Decedent on or about April 12, 2024. (*Ibid.*)

On or about September 26, 2024, Plaintiff, without legal counsel, submitted a handwritten Government Claim to the Government Claims Program, Office of Risk and Insurance Management, County of Sacramento. (*Id.* ¶ 2.) Although the claim expressed her intent to pursue redress, it was incomplete and did not satisfy the statutory requirements of Government Code §§ 910– 913. (*Ibid.*) Plaintiff contacted her now-Counsel on or about January 19, 2025. (Movafagh Decl., ¶ 2.) On or about February 10, 2025, Plaintiff provided her Counsel with a copy of the claim form, which showed it was submitted to the County of Sacramento. (*Id.* ¶ 3.) On or about February 12, 2025, after

obtaining legal counsel, Plaintiff submitted a formal Government Claim to the State of California through her Counsel, identifying the incident, legal theories, and requested damages. (*Id.* ¶¶ 4-5.)

On April 24, 2025, Plaintiff filed the instant Petition for Relief from Late Claim Law.

Defendants oppose the motion.[1] Defendants contend that Plaintiff identifies insufficient evidence to support her Petition; specifically, Defendants contend that Plaintiff failed to show proof that she submitted an application to present a late claim, and thus the requested relief is unavailable. Defendants also argue that Plaintiff fails to prove excusable neglect.

Through the Petition, Petitioner seeks relief for failing to comply with the six-month statutory deadline, asserting that she acted in good faith and was unrepresented when she submitted her initial claim, the delay was a result of excusable neglect, the public entity suffered no prejudice as a result of the delay, the formal claim was submitted within a reasonable time, and denial would result in substantial injustice.

Legal Standard

The Government Tort Claims Act (the "Act") provides that an action for monetary damages cannot be maintained against a public entity unless a plaintiff has first presented a written claim to the public entity. (Gov. Code, §§ 905, 945.4.) For claims involving injury to a person, claims must be presented to the public entity within six months of the accrual of the cause of action. (Gov. Code, § 911.2(a).) The Act requires the timely presentation of a written claim for money or damages directly to a public entity, and the rejection of that claim, as a condition precedent to a tort action. (Gov. Code, §§ 911.2, 945.4; *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.)

If the claim is not timely presented, the claimant may file a written application with the public entity, seeking leave to present the late claim. (Gov. Code, § 911.4.) The application must be made within a reasonable time, not to exceed one year after the accrual of the cause of action. (Gov. Code, § 911.) If the public entity denies the application, California law allows the claimant to file a petition with the court for relief from the claims presentation requirement. (Gov. Code, § 946.6.)

Pursuant to Government Code section 946.6, a plaintiff may show, among other things, that the failure to present the claim was due to mistake, inadvertence, surprise, or excusable neglect. (Gov. Code, § 946.6(c).) The plaintiff has the initial burden to demonstrate mistake, inadvertence, surprise, or excusable neglect. (*Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1386.) Once a plaintiff meets that burden, the burden shifts to the government to demonstrate prejudice as a result of the plaintiff's

delay. (*Ibid.*)

In order to show mistake, inadvertence, surprise, or excusable neglect under the statute, the plaintiff must demonstrate by a preponderance of the evidence that (1) he/she presented his/her late claim application within a reasonable time not to exceed one year after the accrual of the cause of action, and (2) that his/her failure to file a timely claim was due to mistake, inadvertence, surprise, or excusable neglect. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 431; *El Dorado Irrigation Dist. v. Superior Court* (1979) 98 Cal.App.3d 57, 62.) The showing required for relief under Section 946.6 based on mistake, inadvertence, surprise, or excusable neglect is the same as that required under Code of Civil Procedure 473 for relieving a party from a default judgment. (*Ebersol, supra*, 35 Cal.3d at 435.)

The moving party must prove, by a preponderance of the evidence that his or her conduct was that of a reasonably prudent person under similar circumstances. (*People ex rel. Dept. of Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, 43.) It is not shown by the mere failure to discover a fact until it is too late; the party seeking relief must establish that in the exercise of reasonable diligence, he or she failed to discover it. (*Id.* at p. 44.)

The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion. (*Bettencourt v. Los Rios Community College Dist*. (1986) 42 Cal.3d 270, 275.) A denial of relief by the trial court is examined more rigorously than where relief is granted and any doubts which may exist should be resolved in favor of the application. (*Id*. at pp. 275-276.) The policy favoring trial on the merits is the primary policy underlying section 946.6. (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435.) In order to implement this policy, the statute should be construed in favor of granting relief whenever possible. (*Bettencourt, supra,* 42 Cal.3d at p. 276.)

Discussion

Having reviewed the evidence and submissions of the Parties, the Court finds that Plaintiff has met her burden in demonstrating that she submitted a written application to the public entity for leave to present a claim on or about February 12, 2025, within a year of the time the cause of action accrued on April 12, 2024. Government Code section 911.4 provides that "the application shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application." Exhibit B to the Petition is a "State of California Government Claim" form set forth on form DGS ORIM 006. Under the box for "LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)," the form states: "Eva Alcala & the successors in interest believed that the claim form attached was sufficient." Exhibit B sets forth additional information regarding the current claim

and also attaches the prior claim made against the County of Sacramento.[2] As such, Exhibit B appears to be sufficient to satisfy the written application requirements of section 911.4, and thus, satisfies the application for late claim requirement to bring a Petition under section 946.6.

Having considered the evidence and arguments presented by the parties, the Court also concludes that Plaintiff has satisfied her initial burden to demonstrate excusable neglect and mistake. The Court finds that Plaintiff acted as a reasonably prudent person under the circumstances with respect to filing a claim against the County of Sacramento, as it is the County in which the prison Decedent was housed at was located. There is no evidence that Plaintiff was ever informed that this was not the proper entity to name. Further, once Plaintiff presented the claim previously filed to her Counsel, a new claim was submitted within days.

In *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, the California Supreme Court held that the trial court abused its discretion in failing to grant relief. The Court acknowledged that “plaintiffs’ attorney made the erroneous assumption that employees of Sacramento City College were state employees” and failed to discover or remedy the error within the claim filing period. (*Id.* at p. 276.) The Supreme Court acknowledged that “Counsel practiced law in Walnut Creek, which is 75 miles from Sacramento” and that public higher education in California can be a confusing blend of state and local control. (*Ibid.*) “Accordingly, it would not have been unreasonable for counsel to assume that Sacramento City College was part of the statewide higher education system.” (*Id.* at p. 277.) The Court rejected the defendant’s argument that counsel should have heeded letterhead provided to him that indicated that Sacramento City College was part of the Los Rios Community College District, noting that “[i]t would not be unusual for the reader to devote little, if any attention to the letterhead.” (*Id.* at p. 277.) Further, the California Supreme Court noted that appellate courts have reversed trial court decisions in situations where the attorney’s neglect was comparable to, or even more serious, than counsel’s neglect here.” (*Ibid.*)

Finally, the *Bettencourt* Court also rejected the defendant’s contention that the declarations “did not explain why [counsel] assumed that Sacramento City College employees worked for the state or how he finally discovered his error.” (*Id.* at p. 280.) The Court held that such “omissions do not by themselves provide a proper basis for denying relief. Although counsel’s declaration could have been more specific, any doubts must be resolved in favor of granting relief. [citation omitted.] To hold otherwise would, in effect, totally bar plaintiffs' wrongful death action and would therefore contravene the strong public policy favoring trial on the merits.” (*Ibid*.)

The Court finds that the facts before the Court in *Bettencourt* are similar to the facts before the Court in this case. Plaintiff, without counsel, timely filed a claim against the County of Sacramento based on conduct that occurred within a prison within the County

of Sacramento. A reasonably prudent person in Plaintiff's circumstances, could have believed that the County in which the prison was located was the proper entity against whom to file the claim. Once Plaintiff was made aware that this was the incorrect entity through the advice of counsel, Counsel for Plaintiff took prompt steps to file the late claim application and claim with the State of California. (See *Ebersol v. Cowan* (1983) 35 Cal.3d.427, 439 [holding that a plaintiff's failure to timely file a claim constituted excusable neglect where, *inter alia*, the plaintiff "properly sought to retain legal counsel to pursue her claim rather than undertake an independent investigation of the facts and the law of her own case, and facts regarding her claims against governmental entities "would not be reasonably apparent to, or anticipated by, the average layperson"].) Further, like in *Bettencourt*, while the declarations submitted could be more detailed, the Court does not find that such omissions prelude relief in this case.

The Court finds that facts before the court in *Spencer v. Merced* (1997) 59 Cal.App.4th 1429 to be distinguishable. (See Opp'n, p. 11:21-22.) In *Spencer*, the appellate court affirmed the trial court's denial of relief under section 946.6, the plaintiff's counsel was provided a letter that expressly set forth the entity that employed the individual at issue, and the subject of the letter advised counsel whom he should sue, naming the public entity "in no uncertain terms." (*Id.* at p. 1438.) The Court held that, under these circumstances, "[r]easonably astute persons reading the letter would focus their attention on the named public agency." (*Ibid.*) Moreover, a police report also specifically listed the proper public entity. (*Id.* at pp. 1438-39.) In this case, there is no such evidence that it was brought to Plaintiff's attention in any way—prior to her representation by counsel—that she had filed a claim with the wrong county.

Defendants make no arguments that they have been prejudiced by the late filed claim.

Based upon the evidence and submissions, the Court finds that Plaintiff has acted with reasonable diligence and delay was due to excusable neglect and/or mistake. Further, Defendants have not argued, nor demonstrated, that they will suffer prejudice as a result of a late filed claim.

Disposition

Therefore, the Court, in its discretion, finds the Plaintiff's untimely filing of the claim against was excusable and her petition for relief from Government Code section 945.4 is GRANTED.

This minute order is effective immediately. No formal order or other notice is required. (Code Civ. Proc., § 1019.5; Cal. Rules Court, rule 3.1312.)

---

[1] Defendant has filed a late opposition. In its discretion, the Court considers the belatedly filed Opposition.

[2] The Petition also sets forth the Declaration of Counsel, who represents that his office prepared and submitted the claim form, and Exhibit B contains the signature of counsel. (Movafagh Decl., ¶ 4; Exh. B to Petition.) To the extent Defendants assert that the declaration of Counsel who represented that his firm filed the claim does not properly authenticate the claim documents filed by that firm and if Defendants believe further authentication is necessary, Defendants shall request oral argument on this tentative and the Court will allow for testimony to be presented regarding proper authentication of the claim form submitted by Counsel.

**COURT RULING**

The matter was argued and submitted.

The Court affirmed the tentative ruling.

By: /s/ L. Homsanith
L. Homsanith, Deputy Clerk

Minutes of: 02/23/2026
Entered on: 02/23/2026

# EXHIBIT 37

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
03/05/2026
By: R. San Miguel Deputy

Christopher N. Movafagh Esq., (SBN: #303979)
Amanda M. Jaeger Esq., (SBN: #338177)
**Mova Law Group, APLC**
3262 Rosecrans St,
San Diego, CA 92110

Telephone: (858) 333-4999
Facsimile: (858) 333-4055
e-mail: chris@movalegal.com; atty@movalegal.com; admin@movalegal.com

Attorneys for EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased, Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

EVA ALCALA, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHRISTOPHER LEONG, DECEASED. PLAINTIFF,

vs.

STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); and DOES 1–50, inclusive,

Defendant(s).

**Case No.: 25CV010069**

**COMPLAINT:**
1. **Battery (Wrongful Death and Survival)**
2. **Negligence (Wrongful Death and Survival)**
3. **Failure to Summon Medical Care (Gov. Code § 845.6)**
4. **Violation of Cal. Civil Code § 52.1 (Bane Act)**
5. **Violation of 42 U.S.C. § 1983 (Excessive Force)**
6. **Violation of 42 U.S.C. § 1983 (Deliberate Indifference to Serious Medical Needs)**
7. **Declaratory Relief (CCP § 1060)**
8. **Wrongful Death (CCP § 377.60)**
9. **Survival Action (CCP § 377.30)**

**[DAMAGES SOUGHT EXCEED $35,000]**

**JURY TRIAL DEMANDED**

**COMES NOW** EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, deceased, Plaintiff by and through her attorney of record complains and alleges as follows:

## I. INTRODUCTION

1. This is a civil rights and state tort action arising from the in-custody death of CHRISTOPHER LEONG, a 34-year-old, 5'5", 140-pound unarmed man who died on April 12, 2024, while in the custody of the CALIFORNIA DEPARTMENT OF CORRECTIONS AND

REHABILITATION at California State Prison, Sacramento ("CSP-SAC"). Mr. Leong had served approximately 15 years of a 30-year-to-life sentence at the time of his death.

2. The Sacramento County Coroner's Office has classified Mr. Leong's death as a homicide. The autopsy report confirms the cause of death as sudden cardiac arrest while restrained and subdued in prone position. This official finding establishes that Mr. Leong's death was the direct result of the restraint techniques employed by Defendants' officers.

3. Plaintiff is informed and believes, and on that basis alleges, that Mr. Leong exhibited visible signs of medical distress prior to his death. These signs were known or should have been known to Defendants, who failed to take reasonable steps to provide emergency care or protect his safety.

4. According to CDCR’s own public statement, Mr. Leong was involved in a use-of-force incident during which he was pinned to the ground by multiple officers and became unresponsive. Ten officers alleged suffered only “minor injuries,” yet Mr. Leong – unarmed and significantly smaller than his restrainers – died on scene shortly after being restrained.

5. Plaintiff is informed and believes, and on that basis alleges, that when CDCR called for paramedic assistance after Mr. Leong became unresponsive, correctional staff falsely reported the emergency as an “overdose” and failed to disclose that Mr. Leong had been physically restrained in a prone position by multiple officers. This deliberate mischaracterization of Mr. Leong’s condition deprived responding paramedics of critical information necessary to administer appropriate life-saving treatment and likely resulted in a fatal delay of appropriate medical intervention.

6. Defendants’ own reports contain material inconsistencies regarding the location of Mr. Leong’s death, with some reports indicating he died in his cell and others indicating he died on the yard, which was subsequently closed off for investigation. These inconsistencies raise serious questions about the accuracy and integrity of Defendants’ internal investigation and reporting.

7. Mr. Leong’s death was preventable. The force used was excessive and disproportionate to any threat posed by a 5’5”, 140-pound individual against ten or more correctional officers. The failure to promptly summon medical attention with accurate information violated clearly established duties owed to those in custody.

8. Despite requests from Plaintiff, Defendants have refused to release the full investigative findings, body-worn camera footage (if any exists), or disclose basic facts regarding Mr. Leong's final moments. This refusal obstructs justice and deprives Plaintiff of the opportunity to fully investigate and redress Mr. Leong's death.

9. The Sacramento County District Attorney's Office has not yet released its report regarding the investigation into the use of force, despite the incident occurring in April 2024 – nearly two years ago.

10. Through this action, Plaintiff seeks to vindicate Mr. Leong's constitutional and statutory rights, to obtain declaratory relief compelling the release of the details of the investigation, and to hold accountable those responsible for Christopher Leong's death.

## II. JURISDICTION AND VENUE

11. Jurisdiction is proper in this Court pursuant to Article VI, Section 10 of the California Constitution. This Court has concurrent jurisdiction over the federal claims alleged herein pursuant to 42 U.S.C. § 1983.

12. The amount in controversy exceeds the jurisdictional minimum of this Court.

13. Venue is proper in the County of Sacramento under Code of Civil Procedure § 395(a) because all acts, omissions, injuries, and damages giving rise to this Complaint occurred within Sacramento County.

## III. PARTIES

14. Plaintiff EVA ALCALA is, and at all relevant times was, an individual residing in the State of California. She is the natural mother of decedent CHRISTOPHER LEONG, and brings this action individually and as successor-in-interest pursuant to California Code of Civil Procedure §§ 377.30 and 377.60. Plaintiff Alcala has executed and filed the declaration required by Code of Civil Procedure § 377.32 establishing her standing as successor-in-interest.

15. Decedent CHRISTOPHER LEONG was, at all relevant times, an individual incarcerated in the custody of the California Department of Corrections and Rehabilitation at California State Prison, Sacramento (CSP-SAC). Mr. Leong was 34 years old at the time of his death and had served approximately 15 years of a 30-year-to-life sentence with the possibility of parole.

16. Defendant STATE OF CALIFORNIA is a public entity existing under the laws of the State of California, and is legally responsible for the policies, practices, supervision, training, acts, omissions, and liabilities of its employees, including those employed by CDCR. The State of California is a "person" subject to suit under 42 U.S.C. § 1983 to the extent it acted under color of state law to deprive Mr. Leong of his constitutional rights.

17. Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR) is a department of the State of California, responsible for the custody and care of incarcerated individuals, including decedent Christopher Leong, and for hiring, supervising, training, and disciplining correctional officers and staff. CDCR maintained and enforced policies, customs, and practices that were the moving force behind the constitutional violations alleged herein.

18. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the DOE Defendants was an employee, agent, representative, or contractor of CDCR and/or the State of California, and at all relevant times was acting within the course and scope of such agency or employment.

## IV. GOVERNMENT CLAIM COMPLIANCE

19. On or about September 26, 2024, Plaintiff EVA ALCALA, acting in good faith and without legal assistance, submitted a handwritten government claim form to the Government Claims Program, Office of Risk and Insurance Management for the County of Sacramento, regarding the in-custody death of her son, CHRISTOPHER LEONG. Although the submission was informal and substantively incomplete, it described the death and expressed Plaintiff's intent to pursue justice. This claim was submitted within six months of the incident date of April 12, 2024, as required under Government Code §§ 911.2 and 945.4.

20. Plaintiff did not receive a response from the County of Sacramento.

21. Plaintiff retained her attorneys Mova Law Group on or about January 19, 2025. Plaintiff provided her attorneys a copy of the already-submitted claim form on or about February 10, 2025.

22. On or about February 12, 2025, Plaintiffs, through their attorneys at Mova Law Group, APLC, submitted a formal Government Claim to the State of California, properly identifying the incident date, location, legal claims, and potential damages. The formal claim alleged excessive force, failure to summon medical care, battery, negligence, survival damages, and violations of the Bane Act pursuant to California Civil Code § 52.1. This claim also included an explanation as to why it was late.

23. Plaintiff and her counsel received no response.

24. On April 24, 2025, Plaintiff filed a Petition for Order Relieving Plaintiff from the Requirements of Government Code § 945.4 (Government Claims Requirement) in this action. On February 23, 2026, after hearing oral arguments, the Court granted the Petition, thereby relieving Plaintiffs from any further government claims requirements and permitting this action to proceed.

25. Plaintiff has fully complied with all applicable government claims requirements, including Government Code §§ 910 et seq., 911.2, 945.4, and 946.6, and/or have been relieved of such requirements by order of this Court.

## V. FACTUAL ALLEGATIONS

**Background**

26. On or about April 12, 2024, CHRISTOPHER LEONG was an incarcerated individual at California State Prison, Sacramento (CSP-SAC), in the custody of the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR). He had been serving a sentence of 30 years to life with the possibility of parole and had served approximately 15 years of that sentence at the time of his death.

27. At all relevant times, Mr. Leong was unarmed, stood approximately 5’5” tall, and weighed approximately 140 pounds. He was 34 years old. He was classified as a general population inmate and was not under a mental health crisis watch or heightened security protocol at the time of the incident.

**Events Preceding the Use of Force**

28. Plaintiff is informed and believes, and on that basis alleges, that prior to the use-of-force incident, Mr. Leong exhibited visible signs of medical and/or psychological distress. These signs were

witnessed by other incarcerated individuals and were known or should have been known to correctional staff.

29. The failure to assess or respond to Mr. Leong's condition prior to the use of force reflects a breach of CDCR's statutory and constitutional obligations to provide reasonable medical care to individuals in its custody, including the duty imposed by California Government Code § 845.6 and the Eighth Amendment to the United States Constitution.

**The Use of Force and Death of Christopher Leong**

30. At or around 6:55 p.m., on April 12, 2024, correctional staff engaged with Mr. Leong in response to what CDCR described as a disturbance. CDCR claims Mr. Leong "charged at and struck" staff members.

31. However, Plaintiff is informed and believes, and on that basis alleges, that Mr. Leong posed no immediate threat of serious bodily injury or death to any staff member at the time the use of force was initiated. To the extent Mr. Leong made contact with any officer, the response was grossly disproportionate to any threat posed.

32. Correctional staff proceeded to forcibly restrain Mr. Leong by pinning him to the ground in a prone (face-down) position, using body weight pressure, physical compression, and mechanical restraints. Multiple officers participated in restraining this single, 5'5", 140-pound individual. These restraint tactics are well-documented within law enforcement and corrections as carrying a substantial and foreseeable risk of positional asphyxia and sudden cardiac arrest, especially when applied to individuals in a state of medical distress or physical exertion.

33. Based on CDCR's own reports, ten or more officers were involved in restraining Mr. Leong. The deployment of this many officers against a single, unarmed, 140-pound individual constitutes excessive force as a matter of law and demonstrates a reckless disregard for Mr. Leong's life and safety.

34. Mr. Leong became unresponsive while restrained in the prone position. Plaintiff is informed and believes that correctional staff failed to monitor his breathing, pulse, or responsiveness during the restraint, failed to reposition him from the prone position despite the known risks of positional asphyxia, and delayed initiating medical aid for several minutes after he became unresponsive.

35. When correctional staff finally called for emergency medical assistance, they reported the emergency to responding paramedics as an "overdose." They did not disclose that Mr. Leong had been physical restrained in a prone position by multiple officers or that he had become unresponsive during that restraint. This critical omission deprived paramedics of the information necessary to provide appropriate treatment for restraint-related cardiac arrest and asphyxia, and likely contributed to the fatal outcome.

36. Mr. Leong was pronounced dead at approximately 7:50 p.m. by Folsom Fire Department paramedics, roughly one hour after the incident began.

**Autopsy Findings and Manner of Death**

37. The Sacramento County Coroner's Office conducted an autopsy on Mr. Leong and classified his manner of death as homicide.

38. The autopsy report confirms the cause of death as sudden cardiac arrest while restrained and subdued in prone position. This finding directly establishes that Mr. Leong's death was caused by restraint techniques employed by Defendants' officers, not by any independent medical condition, overdose, or other intervening cause.

39. The homicide classification and the autopsy findings are consistent with Plaintiffs' allegations that Defendants used excessive force and failed to provide timely, appropriate medical care, directly causing Mr. Leong's death.

**Inconsistencies in Defendants' Reporting**

40. CDCR publicly reported that ten officers sustained only "minor injuries" during the incident. This significant disparity between the officers' minor injuries and Mr. Leong's death demonstrates that the force applied was excessive, unnecessary, and not proportional to any actual threat.

41. Defendants' own reports contain material inconsistencies regarding the location of Mr. Leong's death. Some reports indicate Mr. Leong died in his cell, while others indicate he died in the prison yard, which was subsequently closed off for investigation. These contradictory accounts undermine the credibility and reliability of Defendants' internal investigation and suggest an effort to obscure the true circumstances of Mr. Leong's death.

42. Plaintiffs are informed and believe that had appropriate restraint techniques been used, had Mr. Leong been repositioned from the prone position in a timely manner, and had medical care been promptly summoned with accurate information regarding his condition, Mr. Leong would not have died.

**Obstruction and Withholding of Evidence**

43. Mr. Leong's death occurred while in CDCR's exclusive custody and control, during a use-of-force incident initiated and executed by its officers. The method and manner of force, as well as the failure to summon emergency medical care with accurate information, directly and foreseeably caused Mr. Leong's death.

44. Since the incident, Defendants have refused to release full investigative findings, body-worn camera footage (if any exists), or provide a complete and accurate amount of the events leading to Mr. Leong's death, despite formal requests from Plaintiff.

45. The Sacramento County District Attorney's Office has not yet released its report regarding the investigation into the use of force, despite the incident occurring nearly two years ago.

46. These acts and omissions were done under color of law, in the course and scope of employment, and in violation of clearly established duties owed under the Eighth and Fourteenth Amendments to the United States Constitution, as well as California state law.

## VI. FIRST CAUSE OF ACTION

**Battery (Wrongful Death and Survival)**

**(Against ALL DEFENDANTS and DOES 1 through 50)**

47. Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

48. At all relevant times, Defendants owed a duty to refrain from using unreasonable, unnecessary, and excessive force upon individuals in their custody and control, including decedent CHRISTOPHER LEONG.

49. On or about April 12, 2024, correctional officers employed by CDCR, including but not limited to DOES 1–25, used unreasonable and excessive force against Mr. Leong, including but not limited to: pinning him in a prone (face-down) position; applying sustained body weight and compressive force by multiple officers; failing to de-escalate or adjust their actions despite his

unresponsiveness and visible medical distress; and continuing to restrain him in a position known to cause position asphyxia and cardiac arrest.

50. Plaintiff is informed and believes, and thereon alleges, that Mr. Leong posed no immediate threat of death or great bodily injury to anyone at the time of the use of force. He was unarmed, stood 5’5” tall, weighed 140 pounds, and was restrained by ten or more officers during the incident.

51. Defendants' actions constituted an offensive and harmful touching of Mr. Leong, without lawful justification or necessity. The force used was not privileged, was unreasonable under the circumstances, and was applied with conscious disregard for Mr. Leong’s safety, health, and well-being. The autopsy finding of sudden cardiac arrest while restrained and subdued in prone position confirms that this harmful touching directly caused Mr. Leong’s death.

52. As a direct and proximate result of the force used by Defendants, Mr. Leong sustained serious bodily harm, suffered conscious pain and emotional distress prior to his death, and ultimately died as a result of his injuries. Plaintiff, as successor-in-interest, seeks survival damages on his behalf pursuant to California Code of Civil Procedure § 377.30.

53. Additionally, Plaintiff EVA ALCALA, as Mr. Leong’s mother and lawful heir, has suffered damages including loss of the love, companionship, support, comfort, society, and affection of their son and brother, and seek recovery under California Code of Civil Procedure § 377.60.

54. The conduct of DOES 1–25 was undertaken with reckless disregard for Mr. Leong’s rights and safety and constitutes oppression, fraud, or malice under Civil Code § 3294, entitling Plaintiff to an award of punitive damages against those individual Defendants, subject to proof at trial.

55. Defendants STATE OF CALIFORNIA and CDCR are liable for the acts of their employees pursuant to Government Code § 815.2, as the actions of DOES 1–25 were undertaken within the course and scope of their employment

56. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## VII. SECOND CAUSE OF ACTION

**Negligence (Wrongful Death and Survival)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

57. Plaintiff realleges and incorporates by reference every allegation contained in this Complaint as though set forth herein in full.

58. At all relevant times, Defendants, and each of them, including DOES 1–50, owed a duty of reasonable care to CHRISTOPHER LEONG, an individual in their custody, to ensure his safety, avoid the use of excessive or unreasonable force, provide adequate medical attention, and act in a manner that would not endanger his life or health. This duty arises from the special custodial relationship between Defendants and Mr. Leong, California Government Code §§ 844.6 and 845.6, and the Eighth and Fourteenth Amendments to the United States Constitution.

59. Defendants breached this duty in numerous respects, including but not limited to:

a. Failing to timely evaluate and respond to Mr. Leong's observable signs of medical or psychological distress prior to the incident;

b. Employing prone restraint techniques known to pose a substantial and foreseeable risk of positional asphyxia and sudden cardiac arrest;

c. Applying physical force grossly disproportionate to any legitimate threat posed by Mr. Leong, a 5'5", 140-pound unarmed individual restrained by ten or more officers;

d. Failing to reposition Mr. Leong from the prone position despite the well-documented dangers of sustained prone restraint;

e. Failing to monitor Mr. Leong's breathing, pulse, and responsiveness during and after restraint;

f. Delaying the summoning of emergency medical care after Mr. Leong became unresponsive;

g. Providing materially false information to responding paramedics by reporting the emergency as an "overdose" rather than disclosing that Mr. Leong had been retrained in a prone position and became unresponsive during that restraint;

h. Negligent hiring, training, supervision, and retention of personnel by CDCR and the State of California, which allowed these actions to occur and created a foreseeable risk of harm to incarcerated individuals.

60. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants acted with reckless disregard for Mr. Leong's safety and violated well-established correctional and medical standards for responding to medical crises and using restraint, including standards governing prone restraint, positional asphyxia prevention, and post-use-of-force medical assessment.

61. As a direct and proximate result of the aforementioned acts, omissions, and breaches of duty, Mr. Leong suffered sudden cardiac arrest while restrained in the prone position, conscious pain and suffering prior to death, and ultimately died. The autopsy confirms that Mr. Leong's death was a homicide caused by the restraint. Plaintiff Eva Alcala, as successor-in-interest under Code of Civil Procedure § 377.30, seeks survival damages for Mr. Leong's pre-death pain and suffering.

62. Additionally, Plaintiff EVA ALCALA, as the legal heir and mother of Mr. Leong, has suffered the wrongful death of her son, resulting in damages for the loss of his companionship, support, society, and affection, recoverable under Code of Civil Procedure § 377.60.

63. Defendants STATE OF CALIFORNIA and CDCR are vicariously liable under Government Code § 815.2 for the negligent acts and omissions of their employees, including DOES 1–50, who were acting within the course and scope of their employment at all relevant times.

64. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## VIII. <u>THIRD CAUSE OF ACTION</u>

**Failure to Summon Medical Care (Gov. Code § 845.6)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

65. Plaintiff realleges and incorporates by reference every allegation contained in this Complaint as though set forth herein in full.

66. Pursuant to California Government Code § 845.6, a public employee who knows or has reason to know that a prisoner is in need of immediate medical care has a mandatory, non-discretionary duty to summon such medical care. This duty is not subject to discretionary immunity under Government Code § 820.2.

67. At all relevant times, Defendants, and each of them, including DOES 1–50, were employees and agents of the STATE OF CALIFORNIA and CDCR, and were acting within the course and scope of their duties at California State Prison, Sacramento.

68. On or about April 12, 2024, CHRISTOPHER LEONG was in the custody and care of Defendants when he exhibited visible signs of medical and/or psychological distress, which were known or reasonably should have been known to Defendants prior to and during the incident in question.

69. During and after the use-of-force incident involving ten or more officers, Mr. Leong became unresponsive and showed obvious signs of medical emergency, including loss of consciousness, cessation of breathing, and loss of responsiveness – all while restrained in the prone position.

70. Despite these clear symptoms, Defendants failed to summon, provide, or permit timely emergency medical care for Mr. Leong. Defendants further failed to provide accurate information to emergency medical responders when care was eventually summoned, instead falsely reporting the emergency as an "overdose" and concealing the fact that Mr. Leong had been restrained in a prone position by multiple officers.

71. The failure to provide accurate medical information to responding paramedics constitutes a failure to effectively summon medical care within the meaning of Government Code § 845.6, as the misinformation deprived paramedics of the ability to administer treatment appropriate to Mr. Leong's actual condition – restraint-related sudden cardiac arrest.

72. Correctional personnel delayed activating a medical response or taking life-saving action until it was too late, and Mr. Leong was pronounced dead at the scene by Folsom Fire Department paramedics at approximately 7:50 p.m.

73. The failure to timely and accurately summon medical attention constituted a breach of the mandatory statutory duty imposed by Government Code § 845.6. This failure was not a discretionary act, and no immunity applies.

74. As a direct and proximate result of Defendants' violation of their statutory duty, Mr. Leong suffered severe physical harm, loss of consciousness, pain, and ultimately death by sudden

cardiac arrest while restrained and subdued in prone position, entitling Plaintiff to survival damages pursuant to Code of Civil Procedure § 377.30.

75. In addition, Plaintiff EVA ALCALA, as Mr. Leong's mother and lawful heir, has suffered the wrongful death of her son and seeks damages under Code of Civil Procedure § 377.60.

76. Defendants STATE OF CALIFORNIA and CDCR are liable for the acts and omissions of its employees under Government Code § 815.2. No statutory immunity shields the State or its agents from liability under Government Code § 845.6.

77. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## IX. FOURTH CAUSE OF ACTION

**Violation of the Bane Act (Cal. Civ. Code § 52.1)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

78. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

79. California Civil Code § 52.1 (the "Bane Act") prohibits any person, whether or not acting under color of law, from interfering by threats, intimidation, or coercion, or attempting to interfere by such means, with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States or the State of California.

80. At all relevant times, CHRISTOPHER LEONG had a clearly established right to be free from the use of excessive force and to receive necessary medical care while in custody under both the Eighth and Fourteenth Amendments to the United States Constitution and Article I of the California Constitution.

81. Plaintiff is informed and believes, and thereon alleges, that on or about April 12, 2024, Defendants, and each of them, intentionally and violently interfered with Mr. Leong's civil rights by:

a. Applying excessive and unreasonable force, including prone restraint and sustained body weight compression by ten or more officers against a single unarmed individual;

b. Failing to reposition Mr. Leong from the prone position despite the known risk of position asphyxia and sudden cardiac arrest;

c. Failing to summon or permit access to timely and accurate medical care when Mr. Leong was visibly in distress and became unresponsive;

d. Deliberately misrepresenting Mr. Leong's condition to responding paramedics as an "overdose," thereby depriving him of appropriate emergency medical treatment;

e. Continuing to restrain Mr. Leong despite obvious signs of medical crisis, resulting in his death by sudden cardiac arrest.

82. The force used against Mr. Leong was inherently coercive and constituted threats, intimidation, and coercion within the meaning of Civil Code § 52.1. Defendants' actions were not merely negligent but were deliberate, willful, and carried out with the specific intent to restrain and subdue Mr. Leong through means that violated his constitutional rights, or with reckless disregard for those rights.

83. As a direct and proximate result of Defendants' conduct, Mr. Leong suffered unjustified pain, suffering, and death, and Plaintiff, as successor-in-interest, seeks survival damages pursuant to Code of Civil Procedure § 377.30.

84. Plaintiff EVA ALCALA has also suffered emotional and familial losses due to the wrongful death of her son and seeks damages pursuant to Code of Civil Procedure § 377.60.

85. Defendants' conduct was malicious, oppressive, and carried out with conscious disregard for the rights and safety of Mr. Leong, justifying an award of punitive damages against individual Defendants pursuant to Civil Code § 3294, subject to Government Code § 818.

86. Pursuant to Civil Code § 52.1(b) and § 52(a), Plaintiff is entitled to recover compensatory damages, punitive damages, and attorneys' fees and costs, including under Code of Civil Procedure § 1021.5.

87. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## X. FIFTH CAUSE OF ACTION

**Violation of 42 U.S.C. § 1983 (Excessive Force – Eighth Amendment)**

**(Against Does 1 through 50)**

88. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

89. At all relevant times, DOES 1 through 50 were acting under color of state law within the meaning of 42 U.S.C. § 1983.

90. The Eighth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, prohibits the use of excessive force against incarcerated individuals. The use of force against a prisoner constitutes cruel and unusual punishment when it is applied maliciously and sadistically for the purpose of causing harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian* (1992) 503 U.S. 1, 6-7.

91. On or about April 12, 2024, DOES 1 through 25, correctional officers employed by CDCR at CSP-SAC, used excessive, unreasonable, and deadly force against CHRISTOPHER LEONG by, among other things:

a. Pining Mr. Leong in a prone (face-down) position on the ground;
b. Applying sustained body weight and compressive force by multiple officers simultaneously;
c. Employing mechanical restraints while Mr. Leong was already physically subdued;
d. Continuing to apply force after Mr. Leong became unresponsive and showed signs of medical emergency;
e. Failing to reposition Mr. Leong from the prone position despite the well-known risk of positional asphyxia and sudden cardiac arrest.

92. The force used by DOES 1 through 25 was applied maliciously and sadistically, not in a good-faith effort to maintain or restore discipline, as evidenced by: the gross disparity between Mr. Leong's size (5'5", 140 pounds) and the number of officers involved (ten or more); the continuation of force after Mr. Leong became unresponsive; the failure to reposition Mr. Leong despite known

risks; and the fact that ten officers sustained only "minor injuries" while Mr. Leong died of sudden cardiac arrest while restrained.

93. DOES 26 through 40, supervisory personnel, are liable under § 1983 for their personal involvement in, direction of, or deliberate indifference to the use of excessive force, including their failure to intervene to stop the use of excessive force despite having the opportunity and duty to do so.

94. As a direct and proximate result of Defendants' violation of Mr. Leong's Eighth Amendment rights, Mr. Leong suffered serious physical injuries, conscious pain and suffering, and death. Plaintiff, as successor-in-interest, seeks survival damages on his behalf.

95. Plaintiff further seeks wrongful death damages for the loss of her son.

96. The conduct of DOES 1 through 40 was willful, malicious, and in reckless disregard of Mr. Leong's constitutional rights, entitling Plaintiff to punitive damages pursuant to 42 U.S.C. § 1983.

97. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

98. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## XI. FIFTH CAUSE OF ACTION

**Violation of 42 U.S.C. § 1983 (Deliberate Indifference to Serious Medical Needs – Eighth Amendment)**

**(Against DOES 1 through 50)**

99. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

100. The Eighth Amendment to the United States Constitution prohibits deliberate indifference to serious medical needs of incarcerated individuals. *Estelle v. Gamble* (1976) 429 U.S. 97, 104. A prison official violates the Eighth Amendment when the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan* (1994) 511 U.S. 825, 837.

101. Mr. Leong had a serious medical need arising from his physical restraint in the prone position, his exhibition of signs of medical distress, his loss of consciousness, and his cessation of breathing. These conditions presented an objectively serious risk of death requiring immediate medical attention.

102. DOES 1 through 25 were deliberately indifferent to Mr. Leong's serious medical needs in that they:

a. Failed to monitor Mr. Leong's breathing, pulse, and responsiveness during the prone restraint;

b. Failed to reposition Mr. Leong from the prone position despite known medical risks of that position;

c. Delayed summoning emergency medical care after Mr. Leong became unresponsive;

d. Provided materially false information to responding paramedics by characterizing the emergency as an "overdose" rather than disclosing that Mr. Leong had been physically restrained in a prone position and became unresponsive during that restraint;

e. Deprived responding paramedics of critical information necessary to administer appropriate life-saving treatment for restraint-related cardiac arrest.

103. DOES 26 through 40, supervisory personnel, are liable for their deliberate indifference to Mr. Leong's serious medical needs, including their failure to ensure that officers under their supervision summoned timely and accurate medical care and their failure to implement or enforce policies requiring immediate medical assessment following use-of-force incidents.

104. DOES 41 through 50, medical personnel and policymakers, are liable for their deliberate indifference to Mr. Leong's serious medical needs, including their failure to respond to the medical emergency in a timely manner and their failure to implement or enforce policies ensuring adequate medical response to use-of-force incidents.

105. Each Defendant knew of and consciously disregarded the substantial risk to Mr. Leong's health and safety posed by prone restraint, yet failed to take reasonable measures to abate the risk. The autopsy finding of sudden cardiac arrest while restrained and subdued in prone position confirms that this risk materialized and caused Mr. Leong's death.

106. As a direct and proximate result of Defendants' deliberate indifference, Mr. Leong suffered serious physical harm, conscious pain and suffering, and death. Plaintiff, as successor-in-interest, seeks survival damages on his behalf.

107. Plaintiff further seeks wrongful death damages for the loss of her son.

108. The conduct of DOES 1 through 50 was willful, malicious, and in reckless disregard of Mr. Leong's constitutional rights, entitling Plaintiff to punitive damages pursuant to 42 U.S.C. § 1983.

109. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

110. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## XII. SEVENTH CAUSE OF ACTION

**Declaratory Relief (Code of Civ. Pro. § 1060)**

**(Against ALL DEFENDANTS and DOES 1 through 50)**

111. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

112. A real and immediate justiciable controversy exists between Plaintiff and Defendants concerning Plaintiffs' right to obtain the investigative records, use-of-force reports, body-worn camera footage (if any exists), and all related documents regarding the death of CHRISTOPHER LEONG while in the custody of the California Department of Corrections and Rehabilitation.

113. Plaintiff made written requests for the investigative records and related documents to CDCR. Despite these requests, Defendants have refused or failed to produce the requested records.

114. Plaintiff, as the natural mother and successor-in-interest to the decedent, has a right to access these records under applicable California law, due process principles, and open government standards.

115. Plaintiff requires access to the complete investigative records and associated materials to:

a. Fully evaluate the basis for Plaintiffs' legal claims;

b. Identify the individual officers responsible for the use of force;

c. Assess the accuracy and completeness of Defendants' internal investigation;

d. Prepare this action with factual clarity and fairness;

e. Hold accountable those who caused or contributed to Mr. Leong's death.

116. Plaintiff is entitled to a judicial declaration pursuant to Code of Civil Procedure § 1060 that:

a. Plaintiff has a legal right to obtain the complete investigative findings, use-of-force reports, body-worn camera footage, and all related records concerning Mr. Leong's death;

b. Defendants must promptly produce those records; and

c. Defendants are not entitled to withhold such documents based on any valid privilege or exemption at this stage of proceedings.

117. A declaration of rights is necessary at this time to avoid further delay, prejudice, and injustice, and to resolve the controversy between the parties.

118. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## XIII. EIGHTH CAUSE OF ACTION

**Wrongful Death (Code of Civ. Proc. § 377.60)**

**(Against ALL DEFENDANTS and DOES 1 through 50)**

119. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

120. Pursuant to California Code of Civil Procedure § 377.60, Plaintiff, as the natural mother and legal heir of decedent CHRISTOPHER LEONG, brings this action for wrongful death of her son caused by the negligent, reckless, and wrongful acts and omissions of Defendants.

121. On or about April 12, 2024, Defendants, and each of them, breached their duties of care to Mr. Leong by:

a. Using excessive and dangerous physical force against him, causing sudden cardiac arrest while restrained in the prone position;

b. Failing to reposition Mr. Leong from the prone position despite the foreseeable risk of positional asphyxia and cardiac arrest;

c. Failing to summon emergency medical assistance in a timely manner despite obvious medical distress;

d. Providing false information to responding paramedics regarding the cause of Mr. Leong's medical emergency;

e. Employing restraint methods known to carry a substantial risk of asphyxiation and death; and

f. Failing to take reasonable steps to preserve his life while he was in their custody and control.

122. As a direct and proximate result of the acts and omissions of Defendants, Mr. Leong suffered sudden cardiac arrest while restrained and subdued in prone position, resulting in his death.

123. Plaintiff has suffered, and continues to suffer, loss of her son's love, companionship, comfort, society, support, and affection, and is entitled to damages for the wrongful death of Mr. Leong pursuant to Code of Civil Procedure § 377.60.

124. Plaintiff also seeks recovery for funeral and burial expenses incurred as a result of Mr. Leong's death.

125. Defendants STATE OF CALIFORNIA and CDCR are vicariously liable for the actions of DOES 1 – 50 under Government Code § 815.2, as the wrongful acts were committed within the course and scope of employment.

126. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## XIV. <u>NINTH CAUSE OF ACTION</u>

**Survival Action (Code of Civ. Pro. § 377.30)**

**(Against ALL DEFENDANTS and Does 1 through 50)**

127. Plaintiff realleges and incorporates herein by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

128. Pursuant to California Code of Civil Procedure § 377.30, Plaintiff EVA ALCALA brings this action as successor-in-interest to decedent CHRISTOPHER LEONG, seeking to recover the damages that Mr. Leong himself could have recovered had he survived the incident.

129. Before his death, Mr. Leong endured significant conscious pain, terror, fear, suffering, emotional distress, and physical trauma as a result of the excessive force used by Defendants and their failure to timely summon or render accurate medical aid. Mr. Leong was aware that multiple officers were restraining him in a prone position and was conscious during at least a portion of the restraint before he became unresponsive and died of sudden cardiac arrest.

130. The injuries suffered by Mr. Leong were caused directly and proximately by the negligent, reckless, and unlawful acts and omissions of Defendants, including but not limited to:

a. Use of excessive, coercive, and unconstitutional force in violation of the Eighth and Fourteenth Amendments;

b. Prone restraint with sustained body weight compression by ten or more officers despite visible signs of distress;

c. Failure to reposition Mr. Leong from the prone position despite the known risk of positional asphyxia and sudden cardiac arrest;

d. Delay or failure to summon immediate medical aid;

e. Deliberate misrepresentation of Mr. Leong's condition to responding paramedics as an "overdose;"

f. Disregard for Mr. Leong's known and observable medical condition.

131. As a direct result of these acts and omissions, Mr. Leong experienced suffering and death by sudden cardiac arrest while restrained and subdued in prone position. Plaintiff, as his successor-in-interest, is entitled to survival damages, including:

a. Compensation for pre-death pain and suffering, including physical pain, emotional distress, and terror (pursuant to Code of Civil Procedure § 377.34, as amended by SB 447);

b. Economic damages suffered prior to death; and

c. Punitive damages against individual Defendants whose conduct was malicious, oppressive, or in conscious disregard of decedent's rights, pursuant to Civil Code § 3294, subject to Government Code § 818.

132. Plaintiff EVA ALCALA has executed and filed the necessary declaration establishing her standing as Mr. Leong's successor-in-interest as required by Code of Civil Procedure § 377.32.

133. Defendants STATE OF CALIFORNIA and CDCR are vicariously liable for the acts and omissions of DOES 1–50 under Government Code § 815.2

134. WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## XV. DEMAND FOR JURY TRIAL

135. Pursuant to California Code of Civil Procedure § 631, Plaintiff hereby demands a trial by jury on all issues so triable.

## XVI. PRAYER FOR RELIEF

136. WHEREFORE, Plaintiff EVA ALCALA, individually and as successor-in-interest to CHRISTOPHER LEONG, respectfully prays for judgment against all Defendants, and each of them, as follows:

a. For general and special damages according to proof at trial;

b. For survival damages under Code of Civil Procedure § 377.30; including compensation for pre-death pain, suffering, and emotional distress pursuant to § 377.34 as amended by SB 447;

c. For wrongful death damages under Code of Civil Procedure § 377.60, including loss of love, companionship, comfort, society, support, and affection;

d. For funeral and burial expenses;

e. For punitive and exemplary damages against individual Defendants whose conduct was malicious, oppressive, or in reckless disregard for the rights and safety of the decedent, pursuant to Civil Code § 3294, subject to Government Code § 818;

f. For compensatory damages, statutory damages, and penalties pursuant to Civil Code §§ 52 and 52.1 (Bane Act);

g. For damages pursuant to 42 U.S.C. § 1983 for violations of Mr. Leong's constitutional rights under the Eighth and Fourteenth Amendments;

h. For declaratory relief declaring that Plaintiffs have a right to the complete investigative materials, use-of-force reports, body-worn camera footage, and all related records pertaining to Mr. Leong's death;

i. For attorneys' fees and costs of suit where authorized by law, including under Civil Code §§ 52, 52.1, Code of Civil Procedure § 1021.5, and 42 U.S.C. § 1988;

j. For prejudgment interest as permitted by law;

k. For such other and further relief as the Court deems just and proper.

Dated: March 3, 2026

**Mova Law Group, APLC**

By: Christopher N. Movafagh
Christopher N. Movafagh, Esq.
Amanda M. Jaeger, Esq.
Attorneys for Plaintiff

***Alcala v. State of California, et al.***
**Sacramento Superior Court Case Number: 25CV010069**

## PROOF OF SERVICE

I, Kathleen Cosio, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 3262 Rosecrans Street, San Diego, CA 92110.

On March 3, 2026**,** I served the foregoing documents described as:

**COMPLAINT**

on the party or parties in this action by placing the original or a true and correct copy thereof in a sealed envelope addressed as follows:

R. Lawrence Bragg, Esq.
California Department of Justice
Offices of the Attorney General-Correctional Law Section
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 445-9555
E-Mail: Lawrence.Bragg@doj.ca.gov; Alicia.Bower@doj.ca.gov; Christian.Georgely@doj.ca.gov; Rori.Hill@doj.ca.gov
Representing: Defendant State of California; California Department of Corrections and Rehabilitation (CDCR)

**[ ] BY MAIL: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure § 1013(a).**

**[ ] BY PERSONAL SERVICE:** I hand-delivered said document(s) to the addressee pursuant to Code of Civil Procedure § 1011.

**[X] BY E-MAIL OR ELECTRONIC TRANSMISSION:** Pursuant to Code of Civil Procedure § 1010.6(e), Icaused the document(s) to be sent from admin@movalegal.com *(sender's email address)* to the person(s) at the e-mail address(es) listed above.

EXECUTED on March 3, 2026, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Kathleen Cosio*

Kathleen Cosio

# EXHIBIT 38

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
03/05/2026
By: R. San Miguel, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

State of California; California Department of Corrections and Rehabilitation (CDCR); and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Eva Alcala, Individually and as Successor-in-Interest to Christopher Leong, Deceased

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento Superior Court

Superior Court of the State of California, County of San Diego, 720 9TH STREET, ROOM 102, SACRAMENTO, CA 95814

CASE NUMBER:
*(Número del Caso):*
25CV010069

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher N. Movafagh, Esq. (SBN- 303979) 3262 Rosecrans St San Diego, CA 92110 858-333-4999

DATE: *(Fecha)* 03/05/2026 Clerk, by *(Secretario)* /s/ R. San Miguel , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

# EXHIBIT 39

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 Ninth Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Eva Alcala et al | |
| DEFENDANT/RESPONDENT:<br>State of California et al | |
| **NOTICE OF CIVIL HOME COURT ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE)** | CASE NUMBER:<br>25CV010069 |

**THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES SUMMONS IN THIS ACTION UPON A NEW PARTY SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

## NOTICE OF CIVIL HOME COURT ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court and Standing Order SSC-25-7, this action is hereby assigned for limited purposes to the Civil Home Court department indicated below:

| PURPOSE | DEPARTMENT | COURT LOCATION |
|---|---|---|
| **CASE MANAGEMENT PROGRAM and LAW & MOTION** | 25 | Gordon D. Schaber Superior Court |
| **Please refer to the Civil Home Court page at www.saccourt.ca.gov for additional filing instructions and information about hearing reservations, tentative rulings, and requesting oral argument.** | | |

## NOTICE OF CASE MANAGEMENT CONFERENCE

### Hearing Date

The above entitled action has been set for a case management conference at **9:00 AM** on **July 17, 2026** in **Department 25** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Tentative Ruling / Confirming Appearance at the Hearing

The Court will issue a tentative ruling not later than 2:00 p.m. of the court day before the hearing date which may be viewed by logging into the court's online public portal and accessing your case.

Unless an appearance is ordered in the tentative ruling, parties do not need to appear. A party requesting appearance to contest a tentative ruling must call the oral argument request line and notify the opposing party no later than 4:00 p.m. on the court day before the hearing.

| SHORT TITLE: ALCALA vs STATE OF CALIFORNIA, et al. | CASE NUMBER: 25CV010069 |
|---|---|

| | |
|---|---|
| **Remote Appearances** | Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings. |
| **Minimum Requirements** | Prior to the filing of the case management statement, the parties should have done the following:<br>• Served all parties named in the complaint within 60 days after the summons has been issued<br>• Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered |
| **Certification Filed in Lieu of Case Management Statement** | If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement. |
| **Case Management Orders** | At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date. |
| **Compliance** | Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money). |
| **Continuances** | Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference. |

Dated: 03/05/2026 By: /s/ B. Prasad
B. Prasad, Deputy Clerk

# EXHIBIT 40

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 Ninth Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Eva Alcala et al | |
| DEFENDANT/RESPONDENT:<br>State of California et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV010069 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Assignment and Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Chris Movafagh
Mova Law Group
3262 Rosecrans St
San Diego, CA 92110

Christian Michael Georgely
California Department of Justice
1300 I St
Ste 125
Sacramento, CA 95814

Dated: 03/05/2026

By: /s/ B. Prasad
B. Prasad, Deputy Clerk

# EXHIBIT 41

Case 2:26-cv-01211-WBS-SCR Document 1-1 Filed 03/30/26 Page 54 of 60

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| CHRISTOPHER N. MOVAFAGH, ESQ. \| SBN: SBN 303979<br>MOVA LAW GROUP, APLC<br>3262 ROSECRANS ST SAN DIEGO, CA 92110<br>TELEPHONE NO.: (858) 333-4999 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF: | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sacramento<br>03/16/2026<br>By: M. Pipe Deputy |
| **SACRAMENTO SUPERIOR COURT**<br>STREET ADDRESS: 301 BICENTENNIAL CIRCLE<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SACRAMENTO, CA 95826<br>BRANCH NAME: | |
| PLAINTIFF: EVA ALCALA<br>DEFENDANT: STATE OF CALIFORNIA, ET AL | CASE NUMBER:<br>25CV010069 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **NOTICE OF CIVIL HOME COURT ASSIGNMENT AND CASE MANAGEMENT CONFERENCE**
3. a. Party served *(specify name of party as shown on documents served)*:
   **STATE OF CALIFORNIA**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **DEPUTY HOOPER, CHECK IN DEPUTY - AUTHORIZED TO ACCEPT**
   **Age: 40's Race: BLACK Sex: Male Height: 6' Weight: 190 LBS Hair: BALD**
4. Address where the party was served: **1300 I STREET SACRAMENTO, CA 95814**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **3/16/2026** (2) at *(time)*: **1:44 PM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.



Doc ID: 7c5b4985e76f1d5b07fadab279720801b4f362e3

| PETITIONER: EVA ALCALA<br>RESPONDENT: STATE OF CALIFORNIA, ET AL | CASE NUMBER:<br>25CV010069 |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) *from (city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **STATE OF CALIFORNIA**
under the following Code of Civil Procedure section:

☐ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☑ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: **CHASTITY V. MEYERS - Click Legal Service**
b. Address: **2011 Silverado Street San Marcos, CA 92078**
c. Telephone number: **(760) 652-9851**
d. **The fee** for service was: **$ 99.00**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner ☐ employee ☑ independent contractor.
(ii) Registration No.: **2012-45**
(iii) County: **SACRAMENTO**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **3/16/2026**

★ **Click Legal Service**
**2011 Silverado Street**
**San Marcos, CA 92078**
**(760) 652-9851**
**www.clicklegalservice.com**

**CHASTITY V. MEYERS** ▶ *Chastity Meyers*

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) (SIGNATURE)



Doc ID: 7c5b4985e76f1d5b07fadab279720801b4f362e3

# EXHIBIT 42

Case 2:26-cv-01211-WBS-SCR Document 1-1 Filed 03/30/26 Page 57 of 60

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
CHRISTOPHER N. MOVAFAGH, ESQ. | SBN: SBN 303979
MOVA LAW GROUP, APLC
3262 ROSECRANS ST SAN DIEGO, CA 92110

TELEPHONE NO.: (858) 333-4999 | FAX NO. | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: PLAINTIFF:

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
03/16/2026
By: M. Pipe Deputy

**SACRAMENTO SUPERIOR COURT**
STREET ADDRESS: 301 BICENTENNIAL CIRCLE
MAILING ADDRESS:
CITY AND ZIP CODE: SACRAMENTO, CA 95826
BRANCH NAME:

PLAINTIFF: EVA ALCALA
DEFENDANT: STATE OF CALIFORNIA, ET AL

CASE NUMBER: 25CV010069

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **NOTICE OF CIVIL HOME COURT ASSIGNMENT AND CASE MANAGEMENT CONFERENCE**
3. a. Party served *(specify name of party as shown on documents served)*:
   **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR)**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **MORGAN LEES, LEGAL SECRETARY - AUTHORIZED TO ACCEPT**
4. Address where the party was served: **10111 OLD PLACERVILLE ROAD SUITE 100 SACRAMENTO, CA 95827**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **3/13/2026** (2) at *(time)*: **3:20 PM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.





Doc ID: 89004cab4428435db00d535d1fcce4fbbc725642

| PETITIONER: EVA ALCALA<br>RESPONDENT: STATE OF CALIFORNIA, ET AL | CASE NUMBER:<br>25CV010065 |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR)**
under the following Code of Civil Procedure section:

☐ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☑ other: **STATE GOVERNMENT AGENCY**

7. **Person who served papers**
a. Name: **CHASTITY V. MEYERS - Click Legal Service**
b. Address: **2011 Silverado Street San Marcos, CA 92078**
c. Telephone number: **(760) 652-9851**
d. **The fee** for service was: **$ 94.00**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner ☐ employee ☑ independent contractor.
(ii) Registration No.: **2012-45**
(iii) County: **SACRAMENTO**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **3/16/2026**

★ **Click Legal Service**
**2011 Silverado Street**
**San Marcos, CA 92078**
**(760) 652-9851**
**www.clicklegalservice.com**

**CHASTITY V. MEYERS**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ Chastity Meyers
(SIGNATURE)



Doc ID: 89004cab4428435db00d535d1fcce4fbbc725642

# CERTIFICATE OF SERVICE

Case Name: **Alcala, Eva v. State of California, et al.** No. ______________________

I hereby certify that on March 30, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(a)AND 1331 (FEDERAL QUESTION); AND DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 30, 2026, at Sacramento, California.

| | |
|---|---|
| J. Lemus-Arreola | ***/s/ J. Lemus-Arreola*** |
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On March 30, 2026, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Christopher N. Movafagh, Esq.
Vincent E. Chiaverini, Esq.
Mova Law Group
3262 Rosecrans St.
San Diego, CA 92110
*Counsel for Plaintiffs Eva Alcala and Christopher Leong*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 30, 2026, at Sacramento, California.

| | |
|---|---|
| I. Martinez | ***/s/ I. Martinez*** |
| Declarant for Service by U.S. Mail | Signature |

SA2025605490
39747176.docx