**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne, Esq. (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

EVA ALCALA, individually and as Successor-in-Interest to Christopher Leong, deceased,

Plaintiff,

vs.

STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), et al.

Defendants.

Case No. 2:26-cv-01211-WBS-SCR

Hon. William B. Shubb, Sr. Dist. Judge;

**NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULE 25 TO SUBSTITUTE MICHAEL ALCALA AND G.M. AS SUCCESSORS IN INTEREST TO PLAINTIFF EVA ALCALA, DECEASED**

[Declaration of Cooper Alison-Mayne; § 377.32 Declarations of Michael Alcala and Raymond Mata; and [Proposed] Order filed concurrently herewith]

**TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, at a date and time to be assigned, in Courtroom 5 of the United States District Court for the Eastern District of California, located at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, before the Honorable William B. Shubb, proposed plaintiffs Michael Alcala and G.M., a minor, by and through his guardian ad litem Raymond Mata, will and hereby do move the Court for an order substituting them as successors in interest to deceased Plaintiff Eva Alcala for Plaintiff Eva Alcala, pursuant to Federal Rule of Civil Procedure 25 and California Code of Civil Procedure section 377.32.

This motion is made on the grounds of Federal Rule of Civil Procedure 25 and California Code of Civil Procedure section 377.32, this notice and the accompanying memorandum, the concurrently filed Declaration of Cooper Alison-Mayne, the section 377.32 declarations of Michael Alcala and Raymond Mata, the death certificate of Eva Alcala, the pleadings and other papers on file in this action.

This motion is timely. On June 4, 2026, Defendants filed a Notice of Death of Plaintiff Eva Alcala (Dkt. No. 10), and on June 5, 2026 filed a notice of service of that Notice of Death upon non-party Michael Alcala (Dkt. No. 11). This motion is brought within ninety (90) days of the service of the statement noting Eva Alcala's death.

Plaintiffs' counsel met and conferred with defense counsel, Christian Georgely and Kori Salas on June 26, 2026, via telephone, requesting a stipulation or an agreement to file this motion unopposed. Unfortunately, an agreement was not reached.

Dated: September 2, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Cooper Alison-Mayne*

Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a civil rights action arising from the in-custody death of Christopher Leong. Plaintiff Eva Alcala brought this action individually and as successor in interest to her son, decedent Christopher Leong.

Plaintiff Eva Alcala has now passed away while this litigation was pending. This motion seeks to make the necessary adjustments to the pleadings in light of her death by substituting her successors in interest—her sons, Michael Alcala and G.M.—to continue this action in her stead. Because G.M. is a minor, he appears by and through his father and guardian ad litem, Raymond Mata, whose application for appointment as guardian ad litem is filed concurrently herewith.

Eva Alcala's claims are not extinguished by her death. By operation of California's survival statute, her claims and any damages she would have recovered pass to her successors in interest. This motion seeks an order substituting Michael Alcala and G.M., in a representative capacity under Federal Rule of Civil Procedure 25 and California Code of Civil Procedure section 377.32, for Eva Alcala—i.e., to "continue a pending action or proceeding as the decedent's successor in interest." Michael Alcala and Raymond Mata (on behalf of minor G.M.) have signed the declarations required by section 377.32. The Court is requested to enter the proposed order submitted herewith.

## II. DISCUSSION

A motion to substitute pursuant to Rule 25 is the proper procedural method for addressing a situation where a party dies and that party's rights pass to his or her heirs. *See* Schwarzer, Tashima & Wagstaffe, Fed. Civ. Pro. Before Trial § 8:1385 (Rutter Group) ("A change in the status of the parties to the lawsuit occasioned by death … is addressed by a motion to substitute parties under Rule 25 … rather than by amendment under Rule 15."); *see also Akhtar v. Mesa*, No. 2:09-cv-2733 MCE

AC, 2013 WL 3199074, at *3 (E.D. Cal. June 21, 2013) (applying Rule 25 in the "context of a party's death and consequent substitution of a successor-in-interest"). Federal Rule of Civil Procedure 25 provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." A party substituted under Rule 25 "steps into the same position as the original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). That position is not changed in any way by the substitution. See id.

Section 1983 does not address the survivability of federal civil rights claims. Pursuant to section 1988, where the civil rights statutes "are deficient in the provisions necessary to furnish suitable remedies," the Court looks to state law. Robertson v. Wegmann, 436 U.S. 584, 590 (1978) (quoting 42 U.S.C. § 1988). Here, California law provides for the survival of a decedent's causes of action, see generally Cal. Code Civ. Proc. § 377.30 et seq., and further provides that the "person who seeks … to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration" containing certain required information. Cal. Code Civ. Proc. § 377.32.

Michael Alcala and Raymond Mata (on behalf of minor G.M.) submit the required declarations. Eva Alcala, their mother, is a plaintiff in this action. Eva Alcala died on April 7, 2026, in Sacramento County, California, while this lawsuit was pending. M. Alcala Decl. ¶¶ 2–3; Mata Decl. ¶¶ 2–3; Alison-Mayne Decl. ¶ 4, Ex. A. No proceeding is now pending in California for administration of Eva Alcala's estate. M. Alcala Decl. ¶ 4; Mata Decl. ¶ 4. Michael Alcala and G.M. are Eva Alcala's successors in interest (as defined in section 377.11 of the California Code of Civil Procedure), and they succeed to her interest in this action or

proceeding. M. Alcala Decl. ¶ 5; Mata Decl. ¶ 5. No other person has a superior right to commence the action or proceeding or to be substituted for Eva Alcala in this pending action or proceeding. M. Alcala Decl. ¶ 6; Mata Decl. ¶ 6. A certified copy of Eva Alcala's death certificate is attached as Exhibit A to the concurrently filed Declaration of Cooper Alison-Mayne. Alison-Mayne Decl. ¶ 4, Ex. A.

Eva Alcala prosecuted this action in two capacities. She sued individually, and she sued as successor in interest to her son, decedent Christopher Leong. Michael Alcala and G.M. succeed to both.

The claims Eva Alcala held as Christopher Leong's successor in interest did not abate on her death; they passed to her, and then through her. A cause of action "is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20(a). A surviving cause of action "passes to the decedent's successor in interest, subject to Chapter 1 (commencing with Section 7000) of Part 1 of Division 7 of the Probate Code." *Id.* § 377.30. Christopher Leong's surviving claims accordingly passed to Eva Alcala, who commenced and prosecuted them in this action in that capacity.

Once those claims passed to her, they were Eva Alcala's own. The Legislature defined a "decedent's successor in interest" as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11. What Eva Alcala took under section 377.30 was therefore an item of property, which she held until her death and which, on her death, formed part of her estate alongside the claims she prosecuted in her individual capacity.

The same statutes then operate a second time, as to Eva Alcala. Title to a decedent's property, a surviving cause of action included, passes at death to the person to whom it is devised by will or, absent a devise, to the decedent's heirs under the laws of intestate succession. Cal. Prob. Code § 7000; *see* Cal. Code Civ.

Proc. § 377.30 (subjecting the passage of a surviving cause of action to Probate Code section 7000 *et seq.*). Eva Alcala died intestate. She was divorced and left no surviving spouse. Alison-Mayne Decl. ¶ 4, Ex. A. Where a decedent leaves no surviving spouse, the intestate estate passes to the decedent's issue, taking equally if they are all of the same degree of kinship. Cal. Prob. Code § 6402(a). Eva Alcala's surviving issue are her sons, Michael Alcala and G.M. M. Alcala Decl. ¶ 5; Mata Decl. ¶ 5.

Michael Alcala and G.M. therefore succeed to Eva Alcala's entire interest in this action, in each of the capacities in which she prosecuted it. They are her successors in interest as section 377.11 defines that term, and the declarations section 377.32 requires are the declarations of Eva Alcala's successors in interest, which they have submitted. On substitution they take the position Eva Alcala occupied, and that position is not changed in any other respect. *Hilao*, 103 F.3d at 766.

Because the requirements of Rule 25 and the California survival statute have been satisfied—this motion is brought within ninety days of the service of the statement noting Eva Alcala's death, and Michael Alcala and G.M. have established by declaration that they are the proper parties to be substituted for Eva Alcala—the motion should be granted and the proposed order should be entered.

## III. CONCLUSION

For the reasons above, this motion should be granted and the proposed order should be entered. The proposed order would take note of Eva Alcala's death and substitute Michael Alcala and G.M., a minor by and through his guardian ad litem Raymond Mata, as successors in interest to Eva Alcala, pursuant to Federal Rule of Civil Procedure 25 and California Code of Civil Procedure section 377.32.

Respectfully submitted,

/ / /

Dated: September 2, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: /s/ *Cooper Alison-Mayne*

Dale K. Galipo
Cooper Alison-Mayne

*Attorneys for Plaintiffs*