ROB BONTA, State Bar No. 202668
Attorney General of California
ALICIA A. BOWER, State Bar No. 287799
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY, State Bar No. 322952
KORI V. SALAS, State Bar No. 281545
Deputy Attorneys General
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7321
Fax: (916) 324-5205
E-mail: Kori.Salas@doj.ca.gov
*Attorneys for Defendants State of California and California Department of Corrections and Rehabilitation*

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
CMayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118
*Attorneys for Plaintiffs Michael Alcala and G.M.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **EVA ALCALA,**<br>Plaintiff,<br>**v.**<br>**STATE OF CALIFORNIA, et al.,**<br>Defendants. | Case No. 2:26-cv-01211-WBS-SCR<br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER TO FACILITATE EXCHANGE OF INFORMATION FOR PURPOSES OF SETTLEMENT CONFERENCE**<br>Judge: Hon. Sean C. Riordan<br>Trial Date: Not Set<br>Action Filed: April 24, 2025 |

**1. PURPOSES AND LIMITATIONS**

At the request of Plaintiffs Michael Alcala and Raymond Mata, as Guardian Ad Litem for GM, and Defendants State of California and California Department of Corrections and Rehabilitation (the Parties), this matter was referred to an early settlement conference scheduled to take place on February 17, 2027, before Magistrate Judge Jeremy D. Peterson. (Settlement Conference Order, ECF No. 23.) Accordingly, the Parties agree to enter into this Stipulated Protective Order to facilitate the exchange of information for the purposes of preparing for early Alternative Dispute Resolution (ADR) in this matter.

The material anticipated to be exchanged under this protective order includes confidential information or materials related to Plaintiff's allegations and claims in this matter, including videos depicting the inside of a correctional facility and the in-custody death at issue in this case and related incident materials. In addition, redaction of non-party names and matters pertaining to nonparties is necessary to protect their privacy and prevent embarrassment due to the sensitive nature of the investigation. The disclosure of portions of the above-mentioned information to current or former prisoners or the public could adversely affect the safety of staff and prisoners within the California Department of Corrections and Rehabilitation (CDCR) and the security of CDCR's institutions. In addition, materials anticipated to be exchanged, if revealed publicly, could compromise future investigations or violate prisoner or staff privacy rights. Accordingly, a protective order is necessary for the following reasons: (1) to protect the privacy of Plaintiffs, decedent, non-party prisoners, and CDCR employees; and (2) to protect the safety and security interests of CDCR, its employees, and prisoners in not having the materials disseminated to or misused, misinterpreted, or manipulated by prisoners or the general public. Accordingly, the Parties hereby stipulate and request that the Court enter the following Stipulated Protective Order.

The Parties agree this protective order is without prejudice to other protective orders the Court or Parties deem necessary, should this case proceed to formal discovery.

The Parties further agree that by entering into this protective order, neither the Parties nor CDCR waive any objections to discovery requests that may be later propounded.

Accordingly, the Parties hereby stipulate to and request that the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal and that the local rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2. DEFINITIONS**

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection.

2.3 Counsel: attorneys who are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, as well as their support staff. No current prisoner or relative of a Party who is not an employee of Counsel's firm shall qualify as support staff in this case.

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' POSSESSION ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, made available for inspection, or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been or may be retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, or who may testify as a non-retained expert.

2.7 "<u>HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 "HIGHLY CONFIDENTIAL—ATTORNEYS' POSSESSION ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to a Non-Party or possession by the non-disclosing Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, that may be disclosed to the Plaintiff/client by Counsel, but only while Counsel is present. These items may not be in the Plaintiff's/client's possession or the possession of anyone other than the Designating Party or the Counsel for the Receiving Party.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Party</u>: any party to this action, including its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors. Professional Vendors who visit any prison must comply with the institution's rules and entry procedures, as well as any applicable portions of the Department Operations Manual and the California Code of Regulations.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' POSSESSION ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveals Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Protected material includes documents identified as “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL—ATTORNEYS’ POSSESSION ONLY,” or “HIGHLY CONFIDENTIAL—ATTORNEYS’ EYES ONLY” prior to the date of executing this protective order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time under applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' POSSESSION ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains protected material provided that such marking does not obscure the content of any record. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend (“CONFIDENTIAL,” “HIGHLY CONFIDENTIAL—ATTORNEYS’ POSSESSION ONLY,” or “HIGHLY CONFIDENTIAL—ATTORNEYS’ EYES ONLY”) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial proceedings</u> the Designating party must identify specific portions of the testimony as to which protection is sought within 21 days of a hearing where no court reporter was present, or, in the case of a proceeding where a court reporter is present, within 21 days of receipt of the transcript. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Nothing shall prevent the Designating Party from identifying the specific portions of the testimony as to which protection is sought from making the identification at the time the testimony is given.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the item, container, or containers in which the information or item is stored the legend “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL—ATTORNEYS’ POSSESSION ONLY,” or “HIGHLY CONFIDENTIAL—ATTORNEYS’ EYES ONLY.” If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). Electronic files, such as video or audio recordings, may be designated in such a way as to clearly indicate to the Receiving Party that they are “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL—ATTORNEYS’ POSSESSION ONLY,” or “HIGHLY CONFIDENTIAL—ATTORNEYS’ EYES ONLY.”

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party’s right to

secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. To initiate a challenge, the Challenging Party must serve written notice on the Designating Party. The notice must cite to this section of the Stipulated Protective Order and clearly identify each designation that is being challenged. Unless the Parties agree to extend the time to begin meeting and conferring, the Parties must begin meeting and conferring via video or telephone in a good faith effort to resolve a challenge within 21 days from service of the notice. In conferring, the Parties shall discuss the Designating Party's basis for the chosen designation and the Challenging Party's basis for its belief that the designation was improper, and the Challenging Party shall give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and to potentially offer any change to the designation. Unless the Parties agree to extend the time to meet and confer, the Parties shall attempt to complete their efforts to resolve each challenge within 21 days from the date of the Challenging Party's service of the notice. A Challenging Party may proceed to the next stage of the process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rule 230 (and in compliance with Local Rule 141, if applicable) within 21 days from service of the notice. The Parties may agree to extend the time to file a motion. Each such motion

must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days shall automatically waive the confidentiality designation for each challenged designation; however, the Designating Party can be relieved of any such waiver by the Court for good cause shown. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

Designating Party, information or items designated “HIGHLY CONFIDENTIAL—ATTORNEY’S EYES ONLY” may only be disclosed to:

(a) Counsel in this action, as well as staff and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation. Staff employed by Counsel will not disclose any item or information designated “HIGHLY CONFIDENTIAL—ATTORNEYS’ EYES ONLY,” or make copies of any item or information so designated, except as necessary for this litigation. Counsel is responsible for ensuring that their staff complies with this Order;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the “Acknowledgment and Agreement to be Bound” (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, and Professional Vendors and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the “Acknowledgment and Agreement to be Bound” (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the “Acknowledgment to be Bound” (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court, and provided that the witness does not leave any deposition with copies of any Protected Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h) the author or recipient of the document in question or a custodian or other person who otherwise possessed or knew the information contained in it; and

(i) mediators, settlement officers, and their supporting personnel.

7.3 Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' POSSESSION ONLY" information or items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "HIGHLY CONFIDENTIAL—ATTORNEY'S POSSESSION ONLY" may only be disclosed to:

(a) Counsel in this action, as well as staff and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation. Staff employed by Counsel will not disclose any item or information designated "HIGHLY CONFIDENTIAL—ATTORNEYS' POSSESSION ONLY," or make copies of any item or information so designated, except as necessary for this litigation. Counsel is responsible for ensuring that their staff complies with this Order;

(b) Plaintiffs/clients in this action, but Plaintiff's attorney must maintain possession of any such documents or items, as this attorney's-possession-only provision precludes Plaintiff's counsel from transferring protected documents to the client/Plaintiff's custody, possession, or control.

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, and Professional Vendors and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court, and provided that the witness does not leave any deposition with copies of any Protected Material. Pages of transcribed

deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i) the author or recipient of the document in question or a custodian or other person who otherwise possessed or knew the information contained in it; and

(j) mediators, settlement officers, and their supporting personnel.

7.4 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, information or items designated "CONFIDENTIAL" may only be disclosed to:

(a) Counsel in this action as well as staff and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff,

(f) professional jury or trial consultants, and Professional Vendors and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court, and provided that the witness does not leave any deposition with copies of any Protected Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h) the author or recipient of the document in question or a custodian or other person who otherwise possessed or knew the information contained in it;

(i) mediators, settlement officers, and their supporting personnel; and

(j) the Parties in this action.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL – ATTORNEYS’ POSSESSION ONLY,” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL – ATTORNEYS’ POSSESSION ONLY,” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party’s permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information or subject to regulations or states prohibiting the production of the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material labeled "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, including identifying the person or persons to whom unauthorized disclosures were made; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Rule 141 unless otherwise instructed by the court.

**13. FINAL DISPOSITION**

13.1 Return or Destruction of Protected Material. Within 60 days after the final disposition of this action, as defined in Section 4, and a written request by the Designating Party to Receiving Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned, or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) following the written request by the Designating Party, that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, other than the exceptions set forth in Section 13.2.

13.2 Right to Retain Certain Categories of Material. Notwithstanding this section, Counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED.**

Dated: November 20, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General
CHRISTIAN M. GEORGELY
Deputy Attorney General

***/s/ Kori V. Salas***
KORI V. SALAS
Deputy Attorney General
*Attorneys for Defendants State of California and California Department of Corrections and Rehabilitation*

Dated: November 20, 2026

Respectfully submitted,

THE LAW OFFICERS OF DALE K. GALIPO

***/s/ Cooper Allison-Mayne***
COOPER ALISON-MAYNE
(AS AUTHORIZED ON 11/20/2026)
*Attorneys for Plaintiffs Michael Alcala and G.M.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 24, 2026



SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE